**E-filing**

1  JOHN M. SKONBERG, Bar No. 069409
   TYLER M. PAETKAU, Bar No. 146305
2  MICHAEL G. PEDHIRNEY, Bar No. 233164
   LITTLER MENDELSON
3  A Professional Corporation
   650 California Street
4  20th Floor
   San Francisco, CA 94108.2693
5  Telephone:    415.433.1940

6  Attorneys for Defendant
   APPLERA CORPORATION

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10 MEGAN KELLY,                        Case No.  **C07-03002**

11             Plaintiff,             **NOTICE OF REMOVAL OF CIVIL
                                      ACTION TO FEDERAL COURT UNDER**
12     v.                             **28 U.S.C. §§ 1332, 1441(b) AND 1446
                                      (DIVERSITY)**
13 APPLERA CORPORATION  and DOES
   1-20, inclusive,                   Complaint Filed: April 23, 2007
14
               Defendants.
15

16

17 TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT IN AND FOR

18 THE NORTHERN DISTRICT OF CALIFORNIA:

19             PLEASE  TAKE  NOTICE  that  Defendant  APPLERA  CORPORATION

20 ("Defendant"), through its counsel, hereby notices the removal of the above-captioned suit from the

21 Superior Court of the State of California, County of Alameda, to the United States District Court for

22 the Northern District of California, pursuant to 28 U.S.C. §1332, 1441(b) and 1446.

23             This removal is based on diversity of citizenship.  As required by 28 U.S.C. §

24 1446(d), Defendant is filing in the Superior Court of the State of California, County of Alameda,

25 Notice to Plaintiffs, Plaintiffs' Counsel and State Court of Removal of Civil Action to Federal Court

26 (with its attachments).  A true and correct copy of said Notice without attachments is attached as

27 Exhibit A.

28             In support of this Notice of Removal, Defendant states the following:

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

**NOTICE OF REMOVAL FROM STATE COURT**

1.    On or about April 23, 2007, Plaintiff MEGAN KELLY ("Plaintiff") filed a Complaint ("Complaint") in the Superior Court of California, County of Alameda, which is captioned as follows: *Megan Kelly v. Applera Corporation and Does 1-20, inclusive,* designated case number RG07-322056 ("State Court Action"). A true and correct copy of the Complaint is attached as Exhibit B and incorporated herein by reference.

2.    Plaintiff's Complaint alleges claims for: 1) Failure to Engage in the Interactive Process in Good Faith; 2) Failure to Accommodate; and 3) Employment Discrimination – Disability. Plaintiff's Complaint seeks, *inter alia*, the following remedial relief: general and compensatory damages for Plaintiff according to proof; punitive damages; and attorneys' fees and costs. (Exhibit B, p. 1-7).

3.    Attached as Exhibit C is a true and correct copy of the Answer to the Complaint and Proof of Service filed by Defendant in the Superior Court of the State of California for the County of Alameda on June 7, 2007.

4.    Defendant was served with the Summons and Complaint in this matter on or after May 11, 2007. Thus, this Notice of Removal is timely filed within thirty (30) days after the receipt of the Summons and Complaint by Defendant, as required by 29 U.S.C. § 1446(b).

5.    No further pleadings have been filed in the State Court Action.

6.    A copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California for the County of Alameda and served upon all parties, as required by 28 U.S.C. § 1446(d).

7.    On the basis of diversity jurisdiction, this Court has subject matter jurisdiction under 28 U.S.C. § 1332 and removal is authorized under 28 U.S.C. § 1441(b). This action is between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. See 28 U.S.C. § 1332(a).

## JURISDICTION

8.    This is a suit of a wholly civil nature brought in a California court. The action is now pending in Alameda County, California. Venue properly lies in the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 84(a), 1391(a), and 1441(a).

2.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

NOTICE OF REMOVAL FROM STATE COURT

1    This case may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. §

2    1441(b) because complete diversity exists between Plaintiffs and Defendants, and the amount in

3    controversy exceeds the jurisdictional minimum of this Court.

4                      **INTRADISTRICT ASSIGNMENT**

5           9.    All civil actions that arise in the county of Contra Costa shall be assigned to

6    the San Francisco Division or the Oakland Division.  Northern District Civil Local Rule 3-2(c),(d);

7    3-5(b).  Therefore, assignment in either the San Francisco or Oakland Division is proper.

8                     **DIVERSITY OF CITIZENSHIP**

9           10.    Complete diversity exists between the parties because:

10           (a)    Defendant is informed and believes, and on that basis alleges, that

11    Plaintiff was at the time the State Court Action was filed, and still is, a citizen of the state of

12    California.  (Exhibit B, ¶1.)

13           (b)    A corporation is a citizen of the state of incorporation and where it has

14    its principal place of business.  28 U.S.C. § 1332(c)(1).  Defendant is presently, and was at the time

15    of the commencement of this suit, a citizen of the states of Connecticut and Delaware as provided in

16    28 U.S.C. § 1332(c), because Defendant was and is a corporation duly organized and validly existing

17    under and pursuant to the laws of the state of Delaware and has its principal place of business in

18    Connecticut.  As such, Applera is not a citizen of California and complete diversity exists between

19    the parties. 28 U.S.C. §§ 1332, 1441(b).

20           (c)    Although the Complaint includes Defendants Does 1 through 20,

21    Defendant is informed and believes, and on that basis alleges, that none of these fictitiously named

22    Defendants have been served with a copy of the Summons and Complaint and that they are not,

23    therefore, parties to the above-captioned action.  Moreover, pursuant to the express terms of 28

24    U.S.C. § 1441(a), the citizenship of the defendants sued under fictitious names in this case shall be

25    disregarded for purposes of removal.  28 U.S.C. § 1441(a); *Fristos v. Reynolds Metal Co.*, 615 F.2d.

26    1209, 1213 (9th Cir. 1980).

27                       **AMOUNT IN CONTROVERSY**

28           11.    The amount in controversy exceeds the minimum required to invoke diversity

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA  94108-2693
415.433.1940

3.

NOTICE OF REMOVAL FROM STATE COURT

1    jurisdiction ($75,000), and all of the other requirements for diversity jurisdiction are met. 28 U.S.C.

2    § 1332.

3        (a)    Although Plaintiff's Complaint is silent as to the amount of damages

4    claimed, Defendant need only establish by a preponderance of evidence (*i.e.*, that it is "more likely

5    than not") that Plaintiff's claims exceed the jurisdictional minimum. *Valdez v. Allstate Ins. Co.*, 372

6    F. 3d 1115, 1117 (9th Cir. 2004).  The "amount in controversy" may be established by aggregating

7    special damages (such as lost income), general damages (pain and suffering), punitive damages, and

8    attorneys' fees. *Federal Civil Procedure Before Trial, Schwarzer, et al.*, § 2:440-444, and cases

9    collected therein.

10        (b)    Plaintiff alleges that because of Defendant's conduct, she "has suffered

11    actual, consequential and incidental financial losses, including, without limitation, loss of earnings

12    and other employment benefits and the intangible loss of employment-related opportunities for

13    growth in her field and damage to her professional reputation, all in an amount subject to proof at

14    trial." (Exhibit B, ¶ 31.)    Plaintiff also claims that "[a]s a direct and proximate result of the

15    wrongful acts of defendants, and each of them, plaintiff has suffered and continues to suffer physical

16    pain, severe emotional distress, including without limitation, depression, hopelessness,

17    embarrassment, humiliation, degradation, loss of self-esteem, and mental anguish." (Exhibit B, ¶¶

18    19, 25, 32).    Plaintiff's Complaint also seeks from Defendant, *inter alia*, punitive damages and

19    statutory attorneys' fees and costs. (Exhibit B, ¶¶ 20-21, 26-27 and 33-34).

20        (c)    The undersigned has obtained pay information as to Plaintiff's

21    employment history.  At the time Plaintiff went on leave of absence from her employment, her

22    annual gross earnings totaled approximately $37,900.  In addition, Plaintiff received company-

23    provided medical insurance, retirement benefits, and other valuable benefits.  Plaintiff alleges that

24    since January 2006, she has continued to seek accommodations from Defendant that would allow her

25    to return to work, and that Defendant has made no effort to return her to work. (Exhibit B, ¶¶12-15).

26    On that basis, she seeks general and special damages, including lost salary and benefits. (Exhibit B, ¶

27    31.) Based on Plaintiff Kathleen Craig's previous year of earnings, her alleged damages to date are

28    at least $53,691.67 and counting.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108-2693
415.433.1940

**NOTICE OF REMOVAL FROM STATE COURT**

1         (d)     Plaintiff also claims she is entitled to emotional distress damages as

2  she claims he has suffered and continues to suffer physical pain, severe emotional distress, including

3  without limitation, depression, hopelessness, embarrassment, humiliation, degradation, loss of self-

4  esteem, and mental anguish." (Exhibit B, ¶¶ 19, 25, 32). Such damages may prove substantial, and

5  whether in combination with other damages or by themselves clearly will exceed the jurisdictional

6  minimums of the removal statute. *See Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1034

7  (N.D. Cal. 2002) (noting that emotional distress damages in employment discrimination cases may

8  prove substantial and recognizing case in which employment discrimination plaintiff was awarded

9  $3.5 million dollars for pain and suffering).

10        (e)     In addition, Plaintiff seeks punitive damages. (Exhibit B, ¶¶ 21, 27,

11  32). The amount in controversy may include punitive damages when they are recoverable as a

12  matter of law. *Simmons*, 209 F. Supp. 2d at 1033. Plaintiff's causes of action are based on

13  California's Fair Employment and Housing Act (Exhibit B, ¶¶ 2, 10, 16-18, 23-24, 30), under which

14  punitive damages are available. Cal. Govt. Code § 12904; *Simmons*, 209 F. Supp. 2d at 1033.

15  Punitive damage awards in employment discrimination cases may be substantial. *See Simmons*, 209

16  F. Supp. 2d at 1033 (recognizing punitive damages awards in employment discrimination cases

17  ranging from $60,000 to $121,000,000), and cases cited therein. Such damages may prove

18  substantial, and whether in combination with other damages or by themselves clearly will exceed the

19  jurisdictional minimums of the removal statute. *Id.*

20        (f)     Additionally, Plaintiff seeks attorneys' fees. In determining whether

21  the amount in controversy exceeds $75,000, the Court may also estimate the amount of reasonable

22  attorneys' fees likely to be recovered by a plaintiff if she were to prevail on her claims. *See Brady v.*

23  *Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002). In doing so, the Court

24  consider the amount of attorneys' fees that will accrue until the entire matter is resolved. *Simmons*,

25  209 F. Supp. 2d at 1034-35. Such fees may prove substantial, and whether in combination with

26  Plaintiff's damages or by themselves clearly will exceed the jurisdictional minimums of the removal

27  statute. *Id.* Therefore Defendant has established by a preponderance of the evidence that the amount

28  in controversy exceeds the jurisdictional amount required for removal.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

5.

NOTICE OF REMOVAL FROM STATE COURT

12.    Therefore, the requirements of 28 U.S.C. § 1332(a) have been met in that the amount in controversy exceeds $75,000, exclusive of interests and costs, and because this is a civil action between citizens of different states. Hence, the United States District Court for the Northern District of California has original jurisdiction over this matter and removal is authorized under 28 U.S.C. §1441(b).

WHEREFORE, pursuant to 28 U.S.C. §§ 1332 and 1441, Defendant removes this case from the Alameda County Superior Court to this Court.


Dated: June 8, 2007



JOHN M. SKONBERG
TYLER M. PAETKAU
MICHAEL G. PEDHIRNEY
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
APPLERA CORPORATION

Firmwide:82561497.1 008292.1051

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

6.

NOTICE OF REMOVAL FROM STATE COURT

# EXHIBIT A

1  JOHN M. SKONBERG, Bar No. 069409
   TYLER M. PAETKAU, Bar No. 146305
2  MICHAEL G. PEDHIRNEY, Bar No. 233164
   LITTLER MENDELSON
3  A Professional Corporation
   650 California Street
4  20th Floor
   San Francisco, CA  94108.2693
5  Telephone:    415.433.1940

6  Attorneys for Defendant
   APPLERA CORPORATION

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF ALAMEDA

10 MEGAN KELLY,                     Case No.  RG07-322056

11          Plaintiff,              **NOTICE TO PLAINTIFF, PLAINTIFF'S**
                                    **COUNSEL AND STATE COURT OF**
12      v.                          **REMOVAL OF CIVIL ACTION TO**
                                    **FEDERAL COURT UNDER 28 U.S.C. §§**
13 APPLERA CORPORATION  and DOES    **1332, 1441(b) AND 1446 (DIVERSITY)**
   1-20, inclusive,
14                                  Alameda County Superior Court
                                    Case No. RG07-322056
15          Defendants.            Complaint Filed:  April 23, 2007

16

17 TO THE SUPERIOR COURT OF CALIFORNIA FOR THE COUNTY OF ALAMEDA,

18 PLAINTIFF MEGAN KELLY, and PLAINTIFF'S ATTORNEY OF RECORD:

19          PLEASE TAKE NOTICE that Defendant APPLERA CORPORATION, through its

20 counsel, have on June 8, 2007, filed a Notice of Removal in the office of the Clerk of the United

21 States District Court in and for the Northern District of California pursuant to 28 U.S.C. §§1332,

22 1441(b) and 1446.  A true and correct copy of said Notice of Removal and accompanying exhibits

23 are attached hereto and incorporated herein by reference as Exhibit A.

24          PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. § 1446, the filing of

25 said Notice of Removal of Civil Action with the United States District Court, together with the filing

26 of said Notice of Removal of a Civil Action with this Court, effects the removal of this action and

27 this Court may proceed no further unless and until the case is remanded.

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

NOTICE TO PLAINTIFF AND STATE COURT OF REMOVAL          Case No. RG07-322056

1  JOHN M. SKONBERG, Bar No. 069409
   TYLER M. PAETKAU, Bar No. 146305
2  MICHAEL G. PEDHIRNEY, Bar No. 233164
   LITTLER MENDELSON
3  A Professional Corporation
   650 California Street
4  20th Floor
   San Francisco, CA  94108.2693
5  Telephone:    415.433.1940

6  Attorneys for Defendant
   APPLERA CORPORATION

7

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                              COUNTY OF ALAMEDA

10 | MEGAN KELLY,                          | Case No.  RG07-322056
11 |             Plaintiff,                |
12 |    v.                                 | **PROOF OF SERVICE**
13 | APPLERA CORPORATION and DOES 1-       |
   | 20, inclusive,                        |
14 |                                       | Complaint Filed: April 23, 2007
   |             Defendants.               |
15

16                          <u>**PROOF OF SERVICE**</u>

17         I am a resident of the State of California, over the age of eighteen years, and not a

18 party to the within action. My business address is 650 California Street, 20th Floor, San Francisco,

19 California 94108.2693. On June 8, 2007, I served the within document(s):

20
              ❖  **NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL**
21               **COURT UNDER 28 U.S.C. §§ 1332, 1441(B) AND 1446**
                 **(DIVERSITY)**
22
              ❖  **NOTICE TO PLAINTIFF, PLAINTIFF'S COUNSEL AND**
23               **STATE COURT OF REMOVAL OF CIVIL ACTION TO**
                 **FEDERAL COURT UNDER 28 U.S.C. §§ 1332, 1441(B) AND**
24               **1446 (DIVERSITY)**

25        ☐    by facsimile transmission on that date.  This document was transmitted by using a
26             facsimile machine that complies with California Rules of Court Rule 2003(3),
               telephone number 415.399.8490. The transmission was reported as complete and
27             without error.  The names and facsimile numbers of the person(s) served are as set
               forth below.
28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

PROOF OF SERVICE  CASE RG07322056

# EXHIBIT B

Maureen E. McFadden, SBN 203781
LAW OFFICES OF MAUREEN E. MCFADDEN
819 Bancroft Way
Berkeley, CA 94710
Ph (510) 845-5203
Fax (510) 868-0976

Attorney for Plaintiff
MEGAN KELLY

**ENDORSED
FILED
ALAMEDA COUNTY**

**APR 23 2007**

CLERK OF THE SUPERIOR COURT
By Esther Coleman, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ALAMEDA

UNLIMITED JURISDICTION

| | |
|---|---|
| MEGAN KELLY,<br><br>        Plaintiff,<br><br>   vs.<br><br>APPLERA CORPORATION and DOES 1-20,<br>inclusive,<br><br>        Defendants. | Case No.: RG 07 322056<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **Failure to Engage in the Interactive<br>Process In Good Faith**<br>2. **Failure to Accommodate**<br>3. **Employment Discrimination – Disability** |

**BY FAX**

Plaintiff Megan Kelly alleges as follows:

## GENERAL ALLEGATIONS

1.     Plaintiff Megan Kelly is an individual who resides in Alameda County.

2.     From on or about February 2002 and continuing to the present, plaintiff has been employed as an Associate Production Chemist at Applied Biosystems, which is part of Applera Corporation. At all times relevant hereto, plaintiff worked at Applera Corporation's Pleasanton location, which is in Alameda County.  Plaintiff was at all times relevant to this action an "employee" of defendant Applera Corporation as that term is defined in California Govt. Code § 12926(c), part of the California Fair Employment and Housing Act ("FEHA," Govt. Code § § 12900 et seq.)

3.     Defendant Applera Corporation was a corporation doing business in Alameda County, California at all times relevant hereto.  Applera Corporation is and all times relevant

COMPLAINT FOR DAMAGES - 1

1    hereto has been plaintiff's "employer" as that term is defined in California Govt. Code § §

2    12926(d), 12940(a), and 12940(j)(4)(a).

3       4.     The acts and omissions described herein all occurred in Alameda County.

4       5.     The true names and capacities, whether individual, corporate, associate, or

5    otherwise of the defendants named herein as DOES 1-20, inclusive, are unknown to plaintiff at

6    this time and therefore said defendants are sued by such fictitious names. Plaintiff will seek

7    leave to amend this complaint to insert the true names and capacities of said defendants when the

8    same becomes known to her. Plaintiff is informed and believes and based thereon alleges that

9    each of the fictitiously named defendants is responsible for the wrongful acts alleged herein, and

10    are therefore liable to her as alleged hereinafter.

11       6.     Each of the defendants was the agent of the remaining defendants, and in doing

12    the acts alleged, was acting both individually and within the course and scope of such

13    agency/employment, with the knowledge/consent of the remaining defendants.

### FIRST CAUSE OF ACTION

### Failure to Engage in the Interactive Process in Good Faith

### (Against all Defendants)

17       7.     Plaintiff incorporates by reference paragraphs 1-6 above, as though fully set forth

18    herein.

19       8.     On or about July 6, 2004, plaintiff tripped and sprained her ankle. In September

20    2004, after a short medical leave and physical therapy, plaintiff was released to return to work.

21    As part of her return to work, plaintiff was supposed to be able to sit down whenever she needed

22    to. However, defendants were extraordinarily busy during this timeframe, and short-handed.

23    Plaintiff was pressured to get orders done quickly, and was seldom able to sit down.

24       9.     On or about September 21, 2004, while moving about extensively and attending

25    to multiple tasks at the same time, plaintiff re-injured her right ankle. Emergency room

26    physicians diagnosed plaintiff with another ankle sprain, and she was again taken off of work.

27    The re-injury was quite serious, in that plaintiff's ankle did not heal well, and she continued

28    experiencing serious instability in her right ankle. Tests performed by plaintiff's disability

1   insurer in or about January 2005 to evaluate plaintiff's readiness to return to work seriously

2   injured plaintiff's left wrist, requiring a visit to the emergency room. Several subsequent falls

3   further aggravated the ankle injury, and plaintiff also sustained wrist injuries in some of those

4   falls.

5         10.    Plaintiff's ankle condition is a physical impairment that limited her ability to

6   perform the major life activity of work. Plaintiff's ankle condition constituted a physical

7   disability within the meaning of Govt. Code § 12926(k).

8         11.    The severity of plaintiff's disability required her to remain off of work for a

9   period of time. Plaintiff presented defendants with physicians' notes in support of her requests

10  for time off of work. Plaintiff also regularly left telephone messages with her immediate

11  supervisor, Jonathon Laosiri, regarding her status and the progress of her recovery.

12        12.    In January 2006, plaintiff's physicians determined that she was well enough to

13  return to work, with restrictions on the number of hours she could work, a restriction on lifting

14  any more than 20 lbs, and a requirement that she sit down every hour for at least 10 minutes.

15  Plaintiff provided defendants with a physician's note authorizing her to return to work, and

16  specifying these restrictions.

17        13.    Plaintiff's immediate supervisor failed to return plaintiff's calls with regard to

18  getting back to work. She then approached defendant's HR department directly, and again

19  explained that she was authorized to return to work, and the nature of her work restrictions.

20        14.    Defendant made no effort to get plaintiff back to work. Instead, the company

21  summarily informed plaintiff that she could not return to work unless she either had no

22  restrictions at all and/or could work at least 20 hours per week.

23        15.    From January 2006 to the present, plaintiff has continued to seek accommodations

24  that would allow her to return to work. Defendants have continued to refuse to offer plaintiff

25  reasonable accommodations that would allow her to return to work, all without having first

26  engaged in the interactive process in good faith with plaintiff.

27        16.    Govt. Code § 12940(n) makes it illegal "for an employer. . . to fail to engage in a

28  timely, good faith interactive process with the employee or applicant to determine effective

COMPLAINT FOR DAMAGES - 3

1  reasonable accommodation by an employee or applicant with a known physical or mental

2  disability or known medical condition."

3     17.     By refusing to given any consideration whatsoever to plaintiff's request for

4  accommodation, defendants violated their obligation to engage in the interactive process,

5  contrary to Govt. Code § 12940(n).

6     18.     Plaintiff filed a timely charge of disability discrimination with the California

7  Department of Fair Employment and Housing (DFEH), naming Applied Biosystems as a

8  respondent in the body of said complaint. Plaintiff has received a right to sue notice for this

9  charge pursuant to Govt. Code § 12965(b). Plaintiff filed this action within one year from the

10  date she received her "right to sue" letter from the DFEH, and has therefore properly exhausted

11  her administrative remedies.

12     19.     As a direct and proximate result of the wrongful acts of defendants, and each of

13  them, plaintiff has suffered and continues to suffer physical pain, severe emotional distress,

14  including without limitation, depression, hopelessness, embarrassment, humiliation, degradation,

15  loss of self-esteem, and mental anguish. As a result, plaintiff is entitled to general and

16  compensatory damages according to proof.

17     20.     As a further direct and proximate result of the wrongful acts of defendants

18  described herein, plaintiff has been forced to hire an attorney to prosecute her claims, and has

19  incurred and will continue to incur attorneys' fees and costs. Plaintiff is entitled to recover such

20  attorneys' fees and costs under Govt. Code § 12965(b).

21     21.     The outrageous conduct of defendants described herein was done with malice,

22  fraud, and oppression, with conscious disregard for plaintiff's rights, and with the intent, design

23  and purpose of injuring her. Defendants, through their officers, managing agents and/or

24  supervisors, authorized, condoned, and/or ratified the unlawful conduct alleged herein. By reason

25  thereof, plaintiff is entitled to punitive or exemplary damages from all defendants in a sum

26  according to proof at trial.

27

28

## SECOND CAUSE OF ACTION

### Failure to Accommodate

### (Against all Defendants)

22.     Plaintiff incorporates by reference paragraphs 1-21 above, as though fully set forth herein.

23.     Pursuant to Govt. Code § 12940(m), defendants had a duty to accommodate Plaintiff's ankle condition.  Despite actual knowledge of plaintiff's disability, and multiple requests for accommodation, defendants refused to offer any reasonable accommodations to allow plaintiff to return to work.   In doing the foregoing acts, defendants failed to accommodate plaintiff's disability, in violation of Govt. Code § 12940(m).

24.     Plaintiff filed a timely charge of disability discrimination with the California Department of Fair Employment and Housing (DFEH), naming Applied Biosystems as a respondent in the body of said complaint.  Plaintiff has received a right to sue notice for this charge pursuant to Govt. Code § 12965(b).  Plaintiff filed this action within one year from the date she received her "right to sue" letter from the DFEH, and has therefore properly exhausted her administrative remedies.

25.     As a direct and proximate result of the wrongful acts of defendants, and each of them, plaintiff has suffered and continues to suffer physical pain, severe emotional distress, including without limitation, depression, hopelessness, embarrassment, humiliation, degradation, loss of self-esteem, and mental anguish.  As a result, plaintiff is entitled to general and compensatory damages according to proof.

26.     As a further direct and proximate result of the wrongful acts of defendants described herein, plaintiff has been forced to hire an attorney to prosecute her claims, and has incurred and will continue to incur attorneys' fees and costs. Plaintiff is entitled to recover such attorneys' fees and costs under Govt. Code § 12965(b).

27.     The outrageous conduct of defendants described herein was done with malice, fraud, and oppression, with conscious disregard for plaintiff's rights, and with the intent, design and purpose of injuring her.  Defendants, through their officers, managing agents and/or

1  supervisors, authorized, condoned, and/or ratified the unlawful conduct alleged herein. By reason

2  thereof, plaintiff is entitled to punitive or exemplary damages from all defendants in a sum

3  according to proof at trial.

### THIRD CAUSE OF ACTION

### Employment Discrimination – Disability

### (Against all Defendants)

28.    Plaintiff incorporates by reference paragraphs 1-27 above, as though fully set forth herein.

29.    The above-described conduct, including but not limited to defendant's refusal to allow plaintiff to return to work, were adverse and discriminatory actions taken based on plaintiff's physical disabilities.

30.    Plaintiff filed a timely charge of disability discrimination with the California Department of Fair Employment and Housing (DFEH), naming Applied Biosytems as a respondent in the body of said complaint. Plaintiff has received a right to sue notice for this charge pursuant to Govt. Code § 12965(b). Plaintiff filed this action within one year from the date she received her "right to sue" letter from the DFEH, and has therefore properly exhausted her administrative remedies.

31.    As a direct and proximate result of the wrongful actions of defendants, plaintiff has been harmed in that she has suffered actual, consequential and incidental financial losses, including without limitation, loss of earnings and other employment benefits and the intangible loss of employment-related opportunities for growth in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages together with prejudgment interest pursuant to Civil Code § 3287 and or Civil Code § 3288 and/or any other provision of law providing for prejudgment interest.

32.    As a direct and proximate result of the wrongful acts of defendants, and each of them, plaintiff has suffered and continues to suffer physical pain, severe emotional distress, including without limitation, depression, hopelessness, embarrassment, humiliation, degradation,

1  loss of self-esteem, and mental anguish. As a result, plaintiff is entitled to general and
2  compensatory damages according to proof.

3        33.    As a further direct and proximate result of the wrongful acts of defendants
4  described herein, plaintiff has been forced to hire an attorney to prosecute her claims, and has
5  incurred and will continue to incur attorneys' fees and costs. Plaintiff is entitled to recover such
6  attorneys' fees and costs under Govt. Code § 12965(b).

7        34.    The outrageous conduct of defendants described herein was done with malice,
8  fraud, and oppression, with conscious disregard for plaintiff's rights, and with the intent, design
9  and purpose of injuring her. Defendants, through their officers, managing agents and/or
10  supervisors, authorized, condoned, and/or ratified the unlawful conduct alleged herein. By reason
11  thereof, plaintiff is entitled to punitive or exemplary damages from all defendants in a sum
12  according to proof at trial.

13        WHEREFORE, Plaintiff requests the following judgment and relief:

14        1.    For compensatory and general damages in an amount according to proof;

15        2.    For punitive damages;

16        3.    For statutory attorneys' fees and costs;

17        4.    For pre-judgment and post-judgment interest according to any applicable
18  provision of law, according to proof;

19        5.    For costs of suit; and

20        6.    For such other and further relief as the court deems proper.

21
22
23  DATED: April 23, 2007              LAW OFFICES OF MAUREEN E. MCFADDEN
24                                     By: _____
25                                          Maureen E. McFadden
26                                     Attorney for Plaintiff
27                                     MEGAN KELLY
28

COMPLAINT FOR DAMAGES - 7

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Maureen E. McFadden, SBN 203781<br>LAW OFFICES OF MAUREEN E. MCFADDEN<br>819 Bancroft Way<br>Berkeley, CA 94710<br>TELEPHONE NO: (510) 845-5203    FAX NO: (510) 868-0976<br>ATTORNEY FOR *(Name):* Plaintiff Megan Kelly | **ENDORSED**<br>**FILED**<br>**ALAMEDA COUNTY**<br><br>**APR 2 3 2007**<br><br>CLERK OF THE SUPERIOR COURT<br>By Esther Coleman, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: Rene C. Davidson Courthouse

CASE NAME:
Megan Kelly v. Applera Corporation et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | RG07322056<br>JUDGE:<br>DEPT: |

*Items 1–5 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision
3. Type of remedies sought *(check all that apply):*
   a. [✓] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action *(specify):* 3
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 23, 2007
Maureen E. McFadden
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 3.220, 3.400-3.403;
Standards of Judicial Administration, § 19
www.courtinfo.ca.gov

*BY FAX*

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO)*:
Applera Corporation and DOES 1-20, inclusive

ENDORSED
FILED
ALAMEDA COUNTY

APR 2 3 2007

CLERK OF THE SUPERIOR COURT
By Esther Coleman, Deputy

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE)*:
Megan Kelly

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es)*:
Alameda County Superior Court, 1225 Fallon Street, Oakland, CA
Rene C. Davidson Courthouse

CASE NUMBER:
*(Número del Caso)*: R G 0 7 3 2 2 0 5 6

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es)*:
Maureen E. McFadden, Law Offices of Maureen E. McFadden, Ph (510) 845-5203, Fax (510) 868-0976, 819
Bancroft Way, Berkeley, CA 94710

DATE: APR 2 0 2007      PAT S. SWEETEN      Clerk, by     Esther Coleman      , Deputy
*(Fecha)*                                   *(Secretario)*                      *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify)*:

3. [ ] on behalf of *(specify)*:

   under: [ ] CCP 416.10 (corporation)      [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership)   [ ] CCP 416.90 (authorized person)
          [ ] other *(specify)*:
4. [ ] by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc.
www.USCourtForms.com

# EXHIBIT C

1   JOHN M. SKONBERG, Bar No. 069409
    TYLER M. PAETKAU, Bar No. 146305
2   MICHAEL G. PEDHIRNEY, Bar No. 233164
    LITTLER MENDELSON
3   A Professional Corporation
    650 California Street
4   20th Floor
    San Francisco, CA  94108.2693
5   Telephone:    415.433.1940

6   Attorneys for Defendant
    APPLERA CORPORATION

7

ENDORSED
FILED
ALAMEDA COUNTY

JUN 0 7 2007

CLERK OF THE SUPERIOR COURT
By Esther Coleman, Deputy

8                   SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                            COUNTY OF ALAMEDA

**BY FAX**

10  MEGAN KELLY,                          Case No.  RG07-322056

11              Plaintiff,            **ANSWER BY DEFENDANT APPLERA
                                      CORPORATION TO PLAINTIFF'S**
12      v.                            **UNVERIFIED COMPLAINT**

13  APPLERA CORPORATION and DOES 1-      Complaint Filed: April 23, 2007
    20, inclusive,
14
                Defendants.
15

16

17          Defendant  APPLERA  CORPORATION  ("Applera"),  answers  the  unverified

18  Complaint ("Complaint") filed by Plaintiff MEGAN KELLY ("Plaintiff") as follows:

19                              **GENERAL DENIAL**

20          Pursuant to Section 431.30(d) of the California Code of Civil Procedure, Applera

21  answers the Complaint filed by Plaintiff by generally denying each and every allegation contained

22  therein, by denying that Plaintiff has been damaged in any amount, or at all, or has sustained any

23  damages as a result of the conduct alleged therein.

24                            **AFFIRMATIVE DEFENSES**

25          Additionally, without assuming the burden of proof on any matters that would

26  otherwise rest with Plaintiff, and expressly denying any and all wrongdoing, Applera asserts the

27  following separate and distinct affirmative defenses to Plaintiff's unverified Complaint.

28

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA  94108 2693
415.433 1940

1

## FIRST AFFIRMATIVE DEFENSE

2

(Failure to State a Claim)

3    Neither the Complaint, nor any cause of action set forth therein, states facts sufficient

4    to constitute a cause of action against Applera.

5

## SECOND AFFIRMATIVE DEFENSE

6

(Failure to State a Claim Against Doe Defendants)

7    The Complaint, and each and every cause of action thereof, whether considered

8    singly or in combination, fails to state facts sufficient to constitute a cause of action against Doe

9    Defendants.

10

## THIRD AFFIRMATIVE DEFENSE

11

(Statute of Limitations)

12    Plaintiff's claims are barred by the applicable statute of limitations, including but not

13    limited to California Government Code sections 12960 and 12965(b).

14

## FOURTH AFFIRMATIVE DEFENSE

15

(Failure to Exhaust Administrative Remedies)

16    Plaintiff failed to comply with applicable procedural and administrative prerequisites

17    including timely charge filing requirements and the exhaustion of all administrative remedies.

18

## FIFTH AFFIRMATIVE DEFENSE

19

(Legitimate, Non-Discriminatory Personnel Actions)

20    The employment actions complained of by Plaintiff were based on legitimate,

21    nondiscriminatory reasons.

22

## SIXTH AFFIRMATIVE DEFENSE

23

(No Knowledge Of Unlawful Conduct)

24    Applera had no knowledge of any discriminatory or otherwise unlawful behavior by

25    any of its employees, if any, agents, or representatives.

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

2.

1  ### SEVENTH AFFIRMATIVE DEFENSE

2  (Exercise of Reasonable Care to Prevent Discrimination)

3  Applera exercised reasonable care to prevent and promptly correct any discriminatory

4  or other unlawful behavior.

5  ### EIGHTH AFFIRMATIVE DEFENSE

6  (Conduct Outside the Course and Scope of Employment)

7  To the extent employees engaged in any discriminatory or otherwise unlawful

8  behavior, the alleged acts were committed outside the course and scope of employment.

9  ### NINTH AFFIRMATIVE DEFENSE

10  (Avoidable Consequences Doctrine)

11  Plaintiff's claims, in whole or in part, are barred, or any recovery should be reduced,

12  pursuant to the avoidable consequences doctrine, because Applera took reasonable steps to prevent

13  and correct workplace discrimination, Plaintiff unreasonably failed to use the preventative and

14  corrective opportunities provided to employees by Applera, and reasonable use of the Applera's

15  procedures would have prevented at least some of the harm that the Plaintiff allegedly suffered.

16  ### TENTH AFFIRMATIVE DEFENSE

17  (No Protected Disability)

18  Plaintiff was not a qualified individual with a disability in that Plaintiff could not

19  perform the essential functions of the position with or without reasonable accommodation.

20  ### ELEVENTH AFFIRMATIVE DEFENSE

21  (No Reasonable Accommodation)

22  Assuming that Plaintiff made a request for reasonable accommodation, Applera

23  alleges that Plaintiff's requested accommodation is unreasonable.

24  ### TWELFTH AFFIRMATIVE DEFENSE

25  (Undue Hardship)

26  Assuming that Plaintiff made a request for reasonable accommodation, Applera

27  alleges that Plaintiff's requested accommodation imposes an undue hardship.

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108-2693
415.433.1940

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT                    Case No.  RG07-322056

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Direct Threat)

Employment of Plaintiff in the position in question would have posed a direct threat to the health or safety of Plaintiff.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Failure to Cooperate in Interactive Process)

Plaintiff's Complaint, and each and every cause of action contained therein, are barred in whole or in part because of her failure to cooperative in good faith in the interactive process.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Disruption of Interactive Process)

Plaintiff's Complaint, and each and every cause of action contained therein, are barred in whole or in part because of Plaintiff's direct or indirect responsibility for any alleged breakdown in, or disruption of, the interactive process.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (No Harm Caused by Alleged Failure to Engage in Interactive Process)

Plaintiff suffered no harm or other prejudice as a result of Applera's alleged failure to initiate or properly conduct the interactive process because, at all material times, a reasonable accommodation of Plaintiff's alleged disability was not possible; thus, Plaintiff's Complaint, and each and every cause of action contained therein, are barred in whole or in part, or fail as a matter of law.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

To the extent during the course of this litigation it acquires any evidence of Plaintiff's wrongdoing, such after-acquired evidence bars Plaintiff's claims of liability or damages or reduces such claims as provided by law.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

4.

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT          Case No. RG07-322056

### EIGHTEENTH AFFIRMATIVE DEFENSE

(Workers' Compensation Preemption)

Insofar as Plaintiff alleges she suffered from any physical or emotional injury as a result of Applera's conduct, her claim is preempted by the California Workers' Compensation statutes, including California Labor Code section 3601, *et seq.*, inasmuch as any compensable alleged injury to Plaintiff occurred at a time when she was subject to California Workers' Compensation provisions; at the time of such alleged injury Plaintiff was performing services growing out of and incidental to her employment and was acting within the course and scope of her employment; the alleged injury was proximately caused by her employment; and Applera was providing workers compensation coverage without any charge to the employee.

### NINETEENTH AFFIRMATIVE DEFENSE

(Plaintiff's Conduct)

The injuries and damages alleged in the Complaint were caused by and/or were contributed to by Plaintiff's own acts or failure to act and that Plaintiff's recovery, if any, should be reduced by an amount proportionate to the amount by which said acts caused or contributed to said alleged injuries or damages.

### TWENTIETH AFFIRMATIVE DEFENSE

(Set-Offs)

If Plaintiff is judged to be entitled to any recovery based on her Complaint, Applera is entitled to a set-off for each of the following, respectively and separately: damages paid to Plaintiff by order of the California Workers' Compensation Appeals Board, on related claims, if any; state disability payments to Plaintiff for related claims, if any; federal Social Security benefits paid to Plaintiff for related reasons, if any; and state unemployment compensation paid to Plaintiff for related reasons, if any.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

(Failure to Mitigate)

Any award to Plaintiff must be reduced on the basis that Plaintiff failed and refused to make reasonable efforts to mitigate, minimize or avoid any alleged losses or damages.

5.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT            Case No. RG07-322056

### TWENTY-SECOND AFFIRMATIVE DEFENSE

(Estoppel, Waiver, Unclean Hands and/or Laches)

Plaintiff's claims are barred by the equitable doctrines of estoppel, waiver, unclean hands and/or laches.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

(Failure to State Grounds for Punitive Damages)

Plaintiff has failed to state facts sufficient to constitute a claim for punitive damages.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Alternative Concurrent Sources of Emotional Distress)

To the extent Plaintiff suffered any symptoms of mental or emotional distress or injury, it was the result of a pre-existing psychological disorder or alternative concurrent cause(s), and not the result of any act or omission by Applera.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Failure to State Grounds for Attorneys' Fees and Costs)

Plaintiff has failed to state facts sufficient to constitute a claim for which attorneys' fees and costs may be granted.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

(Unconstitutionality of Punitive Damages)

The United States and California Constitutions bar any claim by Plaintiffs for punitive damages.

///
///
///
///
///
///
///
///

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT                    Case No. RG07-322056

1    WHEREFORE, Applera prays:

2         1.    That Plaintiff takes nothing by her Complaint and that the Complaint be

3    dismissed in its entirety, with prejudice;

4         2.    That Applera be awarded full judgment in this action;

5         3.    That Applera be awarded costs of suit and attorneys' fees incurred herein; and

6         4.    That Applera be awarded such other and further relief as the Court deems just

7    and proper.

8

Dated: June 7, 2007

9

10

_____

11   JOHN M. SKONBERG
     TYLER M. PAETKAU
12   MICHAEL G. PEDHIRNEY
     LITTLER MENDELSON
13   A Professional Corporation
     Attorneys for Defendant
14   APPLERA CORPORATION

15

16   Firmwide:82561145.1 008292.1051

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
850 California Street
20th Floor
San Francisco, CA 84108.2693
415.433.1940

7.

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**     Case No. RG07-322056

ENDORSED
FILED
ALAMEDA COUNTY

JUN 0 7 2007

CLERK OF THE SUPERIOR COURT
By Esther Coleman, Deputy

1  JOHN M. SKONBERG, Bar No. 069409
   TYLER M. PAETKAU, Bar No. 146305
2  MICHAEL G. PEDHIRNEY, Bar No. 233164
   LITTLER MENDELSON
3  A Professional Corporation
   650 California Street
4  20th Floor
   San Francisco, CA 94108.2693
5  Telephone:    415.433.1940

6  Attorneys for Defendant
   APPLERA CORPORATION

7

8          SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  COUNTY OF ALAMEDA

10  MEGAN KELLY,                         Case No. RG07-322056

11              Plaintiff,

12         v.                            PROOF OF SERVICE    BY FAX

13  APPLERA CORPORATION and DOES 1-
    20, inclusive,
14                                       Complaint Filed: April 23, 2007
                Defendants.
15

16

17                    **PROOF OF SERVICE**

18        I am a resident of the State of California, over the age of eighteen years, and not a

19  party to the within action. My business address is 650 California Street, 20th Floor, San Francisco,

    California 94108.2693. On June 7, 2007, I served the within document(s):
20

21        ➢  **ANSWER BY DEFENDANT APPLERA CORPORATION
              TO PLAINTIFF'S UNVERIFIED COMPLAINT**
22

23    ☐    by facsimile transmission on that date.  This document was transmitted by using a
          facsimile machine that complies with California Rules of Court Rule 2003(3),
24        telephone number 415.399.8490. The transmission was reported as complete and
          without error.  The names and facsimile numbers of the person(s) served are as set
25        forth below.

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

                        PROOF OF SERVICE  CASE RG07322056

10565084.tif - 6/7/2007 12:08:00 PM

☒    by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at San Francisco, California addressed as set forth below.

☐    by depositing a true copy of the same enclosed in a sealed envelope, with delivery fees provided for, in an overnight delivery service pick up box or office designated for overnight delivery, and addressed as set forth below.

☐    by personally delivering a copy of the document(s) listed above to the person(s) at the address(es) set forth below.

Maureen E. McFadden, Esq.
Law Offices of Maureen E. McFadden
819 Bancroft Way
Berkeley, CA 94710
Fax: (510) 868-0976

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service. Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on June 7, 2007, at San Francisco, California.

_____
Nora L. Torres

Firmwide:82421970.1 008292.1051

PROOF OF SERVICE  CASE RG07322056

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940