1  JOHN M. SKONBERG, Bar No. 069409
   TYLER M. PAETKAU, Bar No. 146305
2  MICHAEL G. PEDHIRNEY, Bar No. 233164
   LITTLER MENDELSON
3  A Professional Corporation
   650 California Street
4  20th Floor
   San Francisco, CA  94108.2693
5  Telephone:    415.433.1940
   Facsimile:    415.399.8490
6  E-mail: jskonberg@littler.com

7  Attorneys for Defendant
   APPLERA CORPORATION
8

9              UNITED STATES DISTRICT COURT

10             NORTHERN DISTRICT OF CALIFORNIA

11                 SAN FRANCISCO DIVISION

12 MEGAN KELLY,                    | Case No.  C-07-3002 MMC
13           Plaintiff,            | **DEFENDANT APPLERA CORPORATION'S CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED] ORDER**
14     v.                          |
15 APPLERA CORPORATION,            | Date:      September 14, 2007
16           Defendant.            | Time:      10:30 a.m.
                                   | Courtroom: 7, 19th Floor
17
18                                   Judge:     The Honorable Maxine M. Chesney

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEF'S CASE MANAGEMENT
CONFERENCE STATEMENT

Case No. C-07-3002 MMC

Defendant submits this Case Management Statement and [Proposed] Order and requests the Court to adopt it as its Case Management Order in this case. Pursuant to the Court's Case Management Conference Order, this Statement is accompanied by the signed declaration of Michael G. Pedhirney setting forth the grounds for Defendant's separate Statement.

### 1. Jurisdiction and Service

Defendant contends that this Court has subject matter jurisdiction pursuant to the provisions of 28 U.S.C. § 1441(b) because complete diversity exists between Plaintiff and Defendant and the amount in controversy exceeds the jurisdictional minimum of this Court.

Plaintiff has served Defendant with the Summons and Complaint.

### 2. Factual Issues

Plaintiff is currently employed and has been employed by Defendant as an Associate Production Chemist since February 11, 2002. According to Plaintiff's Complaint, on July 6, 2004, Plaintiff tripped and sprained her ankle. Plaintiff went on an extended medical leave until September 2004. (Complaint, ¶¶ 8-9.)

Plaintiff alleges that "[a]s part of her return to work, [she] was supposed to be able to sit down whenever she needed to," and that Defendant "pressured [her] to get orders done quickly, and [she] was seldom able to sit down." (*Id.*, ¶ 8.) Plaintiff also alleges in her Complaint that "[o]n or about September 21, 2004, while moving about extensively and attending to multiple tasks at the same time, [she] re-injured her right ankle." (*Id.*, ¶ 9.) Plaintiff alleges that "[t]he re-injury was quite serious, in that [her] ankle did not heal well, and she continued experiencing serious instability in her right ankle." (*Id.*) Plaintiff also alleges that "[t]ests performed by [her] disability insurer in or about January 2005 to evaluate [her] readiness to return to work seriously injured [her] left wrist, requiring a visit to the emergency room." (*Id.*)

Plaintiff contends that her "ankle condition is a physical impairment that limited her ability to perform the major life activity of work." (*Id.*, ¶ 10.) She further alleges that "[t]he severity of [her alleged] disability required her to remain off of work for a period of time." (*Id.*, ¶ 11.)

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEF'S CASE MANAGEMENT
CONFERENCE STATEMENT                1.                Case No. C-07-3002 MMC

Plaintiff went on leave, during which time, she contends that she presented Defendant with physicians' notes in support of her requests for time off of work and regularly left telephone messages with her immediate supervisor regarding her status and the progress of her recovery. (*Id.*)

According to Plaintiff, in January 2006, her "physicians determined that she was well enough to return to work, with restrictions on the number of hours she could work, a restriction on lifting any more than 20 lbs, and a requirement that she sit down every hour for at least 10 minutes." (*Id.*, ¶ 12.) Plaintiff also alleges that she "provided defendants [sic] with a physician's note authorizing her return to work, and specifying these restrictions." (*Id.*)

Plaintiff alleges that she telephoned her supervisor, Jonathon Laosiri, to discuss her return to work, but that he did not return her calls. Plaintiff also contends that she approached Defendant's Human Resources Department directly to "explain[] that she was authorized to return to work, and specifying [her] restrictions." (*Id.*, ¶ 13.)

Plaintiff contends that Defendant made no effort to return Plaintiff to work until in or around May 2007 and that Defendant "summarily informed Plaintiff that she could not return to work unless she either had no restrictions at all and/or could work twenty hours per week." (*Id.*, ¶ 14.) Plaintiff also alleges that she sought accommodations from Defendant beginning in January 2006, but Defendant refused to offer her "reasonable accommodations that that would allow her to return to work."

After Plaintiff provided additional information from her health care providers regarding her restrictions, Defendant allowed Plaintiff to return to work on June 18, 2007.

Defendant denies Plaintiff's material allegations. In addition, Defendant contends that Plaintiff and her counsel failed to engage in the interactive process in good faith and that Plaintiff and her counsel interfered with and obstructed the interactive process. Furthermore, Defendant contends that Plaintiff did not suffer any damages as a result of Defendant's alleged conduct.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEF'S CASE MANAGEMENT
CONFERENCE STATEMENT

2.

Case No. C-07-3002 MMC

In summarizing the above, the principal facts in dispute are:

Whether Plaintiff was or is disabled, had a record of being disabled, or was regarded/perceived as disabled, within the meaning of the Fair Employment and Housing Act ("FEHA");

Whether Plaintiff made a request for accommodation in January 2006;

Whether Defendant engaged in the interactive process at all in response to Plaintiff's January 2006 request for accommodation;

Whether Defendant responded to any of Plaintiff's communications to it between September 2004 and January 2006;

Whether Defendant engaged in the interactive process in good faith;

Whether Plaintiff engaged in the interactive process in good faith;

Whether Plaintiff interfered with and/or obstructed the interactive process;

Whether Plaintiff made a request for a reasonable accommodation;

Whether Plaintiff's alleged request for an accommodation was reasonable.;

Whether Plaintiff's alleged request for an accommodation constituted an undue hardship under the FEHA;

Whether Plaintiff requested to return to work prior to December 2006;

Whether Defendant denied Plaintiff a reasonable accommodation;

Whether Defendant's conduct was malicious and oppressive thereby qualifying Plaintiff for punitive damages.

Whether and to what extent Plaintiff suffered economic damages as a result of Defendant's alleged conduct.

Whether Plaintiff suffered emotional injuries, and if so, whether they were because of Defendant's alleged conduct, or rather, due to preexisting or concurrent causes.

### 3. Legal Issues

Whether Plaintiff was a qualified individual with a disability. *Green v. State of Cal.*, __ Cal. 4th __, S137770 (August 23, 2007);

Whether Plaintiff could perform the essential functions of her job, with or without reasonable accommodation. *Id.*;

Whether Defendant refused to offer Plaintiff a reasonable accommodation in violation of the FEHA. California Gov't Code § 12940(m);

Whether Defendant reasonably accommodated Plaintiff's alleged disability by granting her extended leaves of absence to recuperate instead of terminating her employment. *Id.*;

Whether Defendant or Plaintiff engaged in good faith in the interactive process. California Gov't Code § 12940(n);

Whether Plaintiff or Defendant interfered with and/or obstructed the interactive process. *Id.*;

Whether Plaintiff or Defendant's alleged interference in the interactive process legally excused or prevented the other party from engaging in the interactive process;

Whether Plaintiff's alleged proposed reasonable accommodation available constituted an undue hardship under the FEHA;

Whether Plaintiff mitigated her alleged damages;

Whether Plaintiff is entitled to recover punitive damages against Defendant. California Civil Code § 3294;

Whether Plaintiff is entitled to recover prejudgment interest against Defendant. California Civil Code §§ 3287, 3288;

Whether Plaintiff or Defendant is entitled to recover attorneys' fees. California Gov't Code § 12965(b).

**4.    Motions**

There are no pending motions before this Court. Defendant intends to file a motion for summary judgment with regard to Plaintiff's claims.

**5.    Amendment of Pleadings**

Defendant does not intend to amend any of its pleadings.

**6.    Evidence Preservation**

Defendant has suspended all document-destruction policies that could have

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEF'S CASE MANAGEMENT
CONFERENCE STATEMENT

4.

Case No. C-07-3002 MMC

potentially resulted in the destruction of any discoverable information pertinent to this dispute.

**7.  Disclosures**

Defendant proposes exchanging initial disclosures at a mutually agreed upon date and time prior to close of business on September 14, 2007.

**8.  Discovery**

The parties have not participated in any discovery at this time.

Defendant proposes to the Court the following discovery plan:

a.  *Discovery will be needed on subjects, including but not limited to*:

The factual and legal issues identified above.

b.  *Discovery Limits*:

Maximum of 25 interrogatories by each party to any other party without stipulation or court order.  FRCP 33(a).

Maximum of 25 FRCP 34 requests for documents and things.

Maximum of 35 requests for admission by each party to any other party without stipulation or court order.

Maximum of 10 depositions by each party without stipulation or court order.

c.  *Discovery Modifications*

Defendant requests that it be permitted two days to depose Plaintiff.

**9.  Class Actions**

Not applicable.

**10.  Related Cases**

Defendant is not aware of any other pending related cases.

**11.  Relief**

According to Plaintiff's Complaint, Plaintiff seeks compensatory and general damages in an amount according to proof; punitive damages; attorneys' fees and costs; pre-judgment and post-judgment interest; and costs of suit.

Defendant seeks costs of suit and attorneys' fees.

**12.  Settlement and ADR**

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEF'S CASE MANAGEMENT
CONFERENCE STATEMENT

5.

Case No. C-07-3002 MMC

1   The parties mediated this case on September 4, 2007, but were unable to reach a resolution of the dispute.

**13.   Consent to Magistrate**

Defendant does not consent to assignment of this case to a Magistrate Judge for trial.

**14.   Other references**

Defendant believes that this case is not suitable for reference to binding arbitration, a special master or the Judicial Panel on Multidistrict Litigation.

**15.   Narrowing of Issues**

Defendant requests that the trial be bifurcated with respect to the issue of punitive damages.

**16.   Expedited Schedule**

This case cannot be handled on an expedited basis with streamlined procedures.

**17.   Scheduling**

a.   *Fact and Expert Discovery Cutoff*:

Fact discovery cutoff: Defendant proposes that the last day to complete fact discovery be January 25, 2008.

Expert discovery cutoff: Defendant proposes that expert disclosures be due by January 25, 2008 and that the last day to complete expert discovery be February 29, 2008.

c.   *Dispositive Motions*.

Defendant proposes that dispositive motions be heard no later than March 14, 2008.

d.   *Pretrial Conference*

The case should be ready for pre-trial conference by May 2008.

e.   *Trial*

The case should be ready for trial by June 2008.

**18.   Trial**

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEF'S CASE MANAGEMENT
CONFERENCE STATEMENT

6.

Case No. C-07-3002 MMC

1  Defendant contests that Plaintiff has waived her right to a jury trial.

2  Based on the information presently available to counsel for Defendant, Defendant
3  estimates that the trial will take approximately 2-4 days.

4  **19.   Disclosure of Non-Party Interested Entities or Persons.**

5  Defendant filed its Disclosure of Non-Party Interested Entities or Persons on
6  September 7, 2007.

7  **20.   Other Matters**

8  Defendant is not aware of any other matter as may facilitate the just, speedy and
9  inexpensive disposition of this matter.

10  Dated: September 7, 2007

12  JOHN M. SKONBERG
    TYLER M. PAETKAU
13  MICHAEL G. PEDHIRNEY
    LITTLER MENDELSON
14  A Professional Corporation
    Attorneys for Defendant
15  APPLERA CORPORATION

Firmwide:83063624.1 008292.1051

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

DEF'S CASE MANAGEMENT
CONFERENCE STATEMENT            7.            Case No. C-07-3002 MMC