Maureen E. McFadden, SBN 203781
LAW OFFICES OF MAUREEN E. MCFADDEN
819 Bancroft Way
Berkeley, CA 94710
Ph (510) 845-5203
Fax (510) 868-0976

Attorney for Plaintiff
MEGAN KELLY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MEGAN KELLY, <br><br> Plaintiff, <br><br> vs. <br><br> APPLERA CORPORATION and DOES 1-20, inclusive, <br><br> Defendants. | Case No.: C-07-3002 MMC <br><br> **CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED] ORDER** <br><br> Date: September 14, 2007 <br> Time: 10:30 a.m. <br> Courtroom 7, 19th Floor <br><br> Judge: The Honorable Maxine M. Chesney |

Plaintiff submits this Case Management Statement and [Proposed] Order and requests the Court to adopt it as its Case Management Order in this case

### 1. Jurisdiction and Service

Defendant contends that this Court has subject matter jurisdiction pursuant to the provisions of 28 U.S.C. § 1441(b), that complete diversity exists between Plaintiff and Defendant, and that and the amount in controversy exceeds the jurisdictional minimum of this Court. Plaintiff has served Defendant with the Summons and Complaint.

### 2. Factual Issues

Whether Plaintiff was or is disabled, had a record of being disabled, or was regarded/perceived as disabled, within the meaning of the Fair Employment and Housing Act ("FEHA");

Whether Plaintiff made a request for accommodation in January 2006;

Whether Defendant engaged in the interactive process at all in response to Plaintiff's January 2006 request for accommodation;

Whether Defendant responded to any of Plaintiff's communications to it between September 2004 and January 2006;

Whether Defendant engaged in the interactive process in good faith;

Whether Plaintiff engaged in the interactive process in good faith;

Whether Defendant's conduct was malicious and oppressive thereby qualifying Plaintiff for punitive damages.

Whether and to what extent Plaintiff suffered economic damages as a result of Defendant's alleged conduct.

Whether Plaintiff suffered emotional injuries, and if so, whether they were because of Defendant's alleged conduct, or rather, due to preexisting or concurrent causes.

### 3. Legal Issues

Whether Plaintiff was a qualified individual with a disability. *Green v. State of Cal.*, __ Cal. 4th __, S137770 (August 23, 2007);

Whether Defendant offered Plaintiff a reasonable accommodation in violation of the FEHA. California Gov't Code § 12940(m);

Whether Defendant of Plaintiff engaged in good faith in the interactive process. California Gov't Code § 12940(n);

Whether Plaintiff or Defendant interfered with and/or obstructed the interactive process;

Whether Plaintiff or Defendant's alleged interference in the interactive process legally excused or prevented the other party from engaging in the interactive process;

Whether the only reasonable accommodation available constituted an undue hardship under the FEHA;

Whether Plaintiff mitigated her alleged damages;

Whether Plaintiff is entitled to recover punitive damages against Defendant.

California Civil Code § 3294;

Whether Plaintiff is entitled to recover prejudgment interest against Defendant. California Civil Code §§ 3287, 3288;

Whether Plaintiff or Defendant is entitled to recover attorneys' fees. California Gov't Code § 12965(b).

**4.    Motions**

There are no pending motions before this Court. Plaintiff may file a motion for summary adjudication on some claims.

**5.    Amendment of Pleadings**

Plaintiff intends to amend the pleadings.

**6.    Evidence Preservation**

Plaintiff understands that Defendant has suspended all document-destruction policies that could have potentially resulted in the destruction of any discoverable information pertinent to this dispute.

**7.    Disclosures**

Plaintiff proposes that the parties exchange initial disclosures on September 28, 2007.

**8.    Discovery**

The parties have not participated in any discovery at this time.

The parties jointly propose to the Court the following discovery plan:

a.    *Discovery will be needed on subjects, including but not limited to*:

The factual and legal issues identified above.

b.    *Discovery Limits*:

Maximum of 25 interrogatories by each party to any other party without stipulation or court order. FRCP 33(a).

Maximum of 25 FRCP 34 requests for documents and things.

Maximum of 35 requests for admission by each party to any other party without stipulation or court order.

Maximum of 10 depositions by each party without stipulation or court order.

c. *Discovery Modifications*

Defendant has requested that it be permitted two days to depose Plaintiff. **Plaintiff opposes this request.**

### 9. Class Actions

Not applicable.

### 10. Related Cases

The parties are not aware of any other pending related cases.

### 11. Relief

Plaintiff seeks compensatory and general damages in an amount according to proof; punitive damages; attorneys' fees and costs; pre-judgment and post-judgment interest; and costs of suit.

### 12. Settlement and ADR

The parties mediated this case on September 4, 2007, but were unable to reach a resolution of the dispute. Plaintiff contends that Defendant did not mediate in good faith.

### 13. Consent to Magistrate

Defendant objected to assignment of the case to a Magistrate Judge for trial.

### 14. Other references

The parties believe that this case is not suitable for reference to binding arbitration, a special master or the Judicial Panel on Multidistrict Litigation.

### 15. Narrowing of Issues

Plaintiff understands that Defendant has requested that the trial be bifurcated with respect to the issue of punitive damages.

### 16. Expedited Schedule

This case cannot be handled on an expedited basis with streamlined procedures.

### 17. Scheduling

a. *Fact and Expert Discovery Cutoff:*

Fact discovery cutoff: The parties propose that the last day to complete fact discovery be April 25, 2008.

Expert discovery cutoff: The parties propose that expert disclosures be due by April 25, 2008 and that the last day to complete expert discovery be May 29, 2008.

c. *Dispositive Motions.*

The parties propose that dispositive motions be heard no later than June 14, 2008.

d. *Pretrial Conference*

The case should be ready for pre-trial conference by August 2008.

e. *Trial*

The case should be ready for trial by September 2008.

### 18. Trial

The case has been designated for jury trial. Based on the information presently available to counsel for the parties, the trial is expected to take approximately 7-10 days.

### 19. Disclosure of Non-Party Interested Entities or Persons.

Defendant filed its Disclosure of Non-Party Interested Entities or Persons on September 6, 2007.

### 20. Other Matters

Plaintiff is not aware of any other matter as may facilitate the just, speedy and inexpensive disposition of this matter.

DATED: September 7, 2007

LAW OFFICES OF MAUREEN E. MCFADDEN

By: *[signature]*
Maureen E. McFadden

Attorney for Plaintiff
MEGAN KELLY