TYLER M. PAETKAU, Bar No. 146305
MICHAEL G. PEDHIRNEY, Bar No. 233164
MOLLY AGARWAL, Bar No. 247545
LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
Telephone: 415.433.1940
tpaetkau@littler.com, mpedhirney@littler.com,
magarwal@littler.com

Attorneys for Defendant
APPLERA CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MEGAN KELLY,<br>Plaintiff,<br>v.<br>APPLERA CORPORATION,<br>Defendant. | Case No. C-07-3002 MMC (EMC)<br>**DECLARATION OF TYLER PAETKAU IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL DEPOSITION TESTIMONY OF MAUREEN MCFADDEN**<br>Date: April 8, 2008<br>Time: TBD<br>Courtroom: TBD<br>Judge: Hon. Maxine Chesney |

I, Tyler M. Paetkau, declare:

1. I am an attorney with the law firm of Littler Mendelson, P.C., counsel of record for Defendant Applera Corporation ("Applera") in this action. I have personal knowledge of the matters stated in this declaration by virtue of my representation of Applera in this action. I could and would competently testify to the following facts if called as a witness. I make this declaration in support of Applera's motion to compel the deposition of Plaintiff Megan Kelly's counsel, Maureen McFadden.

///

2. Attached as Exhibit 1 is a true and correct copy of Plaintiff's Complaint in this action. At Paragraphs 15 and 17, Plaintiff alleges that "Defendants [sic] have continued to refuse to offer plaintiff reasonable accommodations that would allow her to return to work, all without having first engaged in the interactive process in good faith with plaintiff," and "By refusing to given [sic] any consideration whatsoever to plaintiff's request for accommodation, defendants violated their obligation to engage in the interactive process."

3. Attached as Exhibit 2 is a true and correct copy of Applera's Answer in this action. Among other Affirmative Defenses (*see* 9th, 14th, 15th, 21st and 22nd Affirmative Defenses), Applera plead the avoidable consequences doctrine, failure to cooperate in the interactive process, and disruption of the interactive process *(see Claudio v. Regents of Univ. of Cal.*, 134 Cal. App. 4th 224, 247 (2005)). Based on the evidence, including the documents attached as Exhibits 3-27 of this declaration, Applera alleges that Plaintiff and her counsel, Ms. McFadden, obstructed and interfered with the interactive process.

4. Attached as Exhibits 3-20 are true and correct copies of documents produced by Plaintiff in response to Applera's First Request for Production of Documents in this action:

- Exhibit 3: Stefan Lazar's letter to Ms. Kelly dated October 30, 2006;
- Exhibit 4: Ms. McFadden's letter to Applera dated December 22, 2006;
- Exhibit 5: Veronica Jones' letter to Ms. McFadden dated January 3, 2007; and Ms. Jones' letter to Ms. McFadden dated January 10, 2007;
- Exhibit 6: Charles Heinzer's letter to Ms. McFadden dated March 6, 2007;
- Exhibit 7: Charles Heinzer's letter to Ms. McFadden dated March 28, 2007;
- Exhibit 8: Ms. McFadden's e-mail to Mr. Heinzer dated March 29, 2007;
- Exhibits 9-13: Copies of Plaintiff's alleged doctors' notes, with alleged cover fax sheets and notes from Ms. McFadden;
- Exhibits 14-19: Copies of Ms. McFadden's direct communications to and from UnumProvident, Applera's disability insurance carrier;
- Exhibit 20: Ms. Jones' follow up letter to Ms. McFadden (excluding enclosure).

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

5. Attached as Exhibit 21 is a true and correct copy of Ms. McFadden's letter to Ms. Jones dated February 23, 2007.

6. Attached as Exhibit 22 are true and correct copies of relevant excerpts from Plaintiff's certified deposition transcript in this action.

7. Prior to making this motion to compel, I and my Associate, Michael G. Pedhirney, made reasonable and good faith attempts to resolve the issues presented with Plaintiff's counsel, Ms. McFadden. On January 23, 2008, Mr. Pedhirney wrote Ms. McFadden an email notifying her of Applera's request and need to take her deposition as a fact witness. Mr. Pedhirney wrote, in relevant part:

> Applera intends to notice your deposition for sometime in mid-to-late February. Please be assured that Applera will not be exploring discovery that is attorney-client privileged, including attorney-client-privileged communications between you and your client. Rather, Applera is interested in obtaining information regarding your role as Ms. Kelly's representative in the interactive process, and your client's claim that our client failed to engage in the interactive process in good faith. *See Claudio v. Regents of the University of California*, 134 Cal. App. 4th 224, 247 (2005); *Montebello Rose Comp., Inc. v. Agricultural Labor Relations Board*, 119 Cal. App. 3d 1, 32-33 (1981). At your earliest convenience, please let us know when you are available for deposition in mid-to-late February. If you have any questions, please feel free to contact Tyler or me.

That same day, Ms. McFadden sent an email in response to Mr. Pedhirney's email, in which she stated: "You are going to have to make a motion to get my depo – as you know, I have no information." On January 29, 2008, I wrote to Ms. McFadden as follows:

> I am writing to "meet and confer" further regarding our client's request for your deposition as a necessary percipient witness. We respectfully disagree with your assertion below that you "have no information" relevant to your client's claims and our client's defenses. See, e.g., Paragraphs 15-17 of your client's Complaint; your letter to our client dated 12/22/06; your letter to our client, Veronica Jones, dated 2/23/07; our client Charles Heinzer's letter to you dated 3/28/07; our client's Answer and its 9th, 14th, 15th, 21st and 22nd Affirmative Defenses (among other affirmative defenses, including avoidable consequences doctrine, failure to cooperate in interactive process, and disruption of interactive process); *see also Claudio v. Regents of Univ. of Cal.*, 134 Cal. App. 4th 224, 247 (2005). You have not cited any authority or evidence to support your assertion that you "have no information" relevant to the disputed issues. If you have such authority or evidence, please provide it as soon as possible.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

Ms. McFadden never provided any response to my January 29, 2008 email. Attached as Exhibit 23 are true and correct copies of the "meet and confer" emails referenced above.

8. Attached as Exhibit 24 is a true and correct copy of Defendant Applera corporation's Notice of Deposition of Party-Affiliated Witness Maureen McFadden.

9. Attached as Exhibit 25 is a true and correct copy of a statement under penalty of perjury by Dr. Raad Al-Shaikh as the Custodian of Records in response to Applera's subpoena *duces tecum* for all relevant medical records in Dr. Al-Shaikh's possession, custody or control. Dr. Al-Shaikh responded to Applera's subpoena with sworn statements that he has no responsive documents and that Plaintiff was "not a patient of Dr. Al-Shaikh's."

10. Attached as Exhibit 26 is a true and correct copy of Notice of Motion and Motion for Leave to File a First Amended Complaint; Memorandum of Points and Authorities and Declaration of Maureen E. McFadden in Support Thereof, which Plaintiff e-filed with the Court on Friday, February 29, 2008.

11. Attached as Exhibit 27 is a true and correct copy of the Complaint that Plaintiff filed with the California Department of Fair Employment and Housing ("DFEH") on or about January 9, 2007.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct and that I executed this declaration on this 4th day of March 2008 at San Francisco, California.

Tyler M. Paetkau

Firmwide:84427783.1 008292.1051

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940