EXHIBIT 1

1 | Maureen E. McFadden, SBN 203781
2 | LAW OFFICES OF MAUREEN E. McFADDEN
  | 819 Bancroft Way
  | Berkeley, CA 94710
3 | Ph (510) 845-5203
  | Fax (510) 868-0976
4 | Attorney for Plaintiff
5 | MEGAN KELLY
6
7
8
9

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF ALAMEDA**

**UNLIMITED JURISDICTION**

10 | MEGAN KELLY,                          Case No.: **RG07322056**
11 |                    Plaintiff,          **COMPLAINT FOR DAMAGES**
12 | vs.                                    1. Failure to Engage in the Interactive
13 | APPLERA CORPORATION and DOES 1-20,         Process in Good Faith
14 | inclusive,                             2. Failure to Accommodate
   |                                        3. Employment Discrimination – Disability
15 |                    Defendants.

16
17 | Plaintiff Megan Kelly alleges as follows:
18 | **GENERAL ALLEGATIONS**
19 | 1.    Plaintiff Megan Kelly is an individual who resides in Alameda County.
20 | 2.    From on or about February 2002 and continuing to the present, plaintiff has been
21 | employed as an Associate Production Chemist at Applied Biosystems, which is part of Applera
22 | Corporation. At all times relevant hereto, plaintiff worked at Applera Corporation's Pleasanton
23 | location, which is in Alameda County. Plaintiff was at all times relevant to this action an
24 | "employee" of defendant Applera Corporation as that term is defined in California Govt. Code §
25 | 12926(c), part of the California Fair Employment and Housing Act ("FEHA," Govt. Code §§
26 | 12900 et seq.).
27 | 3.    Defendant Applera Corporation was a corporation doing business in Alameda
28 | County, California at all times relevant hereto. Applera Corporation is and at all times relevant

COMPLAINT FOR DAMAGES - 1

BY FAX

ENDORSED
FILED
ALAMEDA COUNTY

APR 23 2007

CLERK OF THE SUPERIOR COURT
By Esther Coleman, Deputy

Exhibit 1-2

1 hereto has been plaintiff's "employer," as that term is defined in California Govt. Code § §

2 12926(d), 12940(a), and 12940(j)(4)(a).

3     4.     The acts and omissions described herein all occurred in Alameda County.

4     5.     The true names and capacities, whether individual, corporate, associate, or

5 otherwise of the defendants named herein as DOES 1-20, inclusive, are unknown to plaintiff at

6 this time and therefore said defendants are sued by such fictitious names. Plaintiff will seek

7 leave to amend this complaint to insert the true names and capacities of said defendants when the

8 same becomes known to her. Plaintiff is informed and believes and based thereon alleges that

9 each of the fictitiously named defendants is responsible for the wrongful acts alleged herein, and

10 are therefore liable to her as alleged hereinafter.

11     6.     Each of the defendants was the agent of the remaining defendants, and in doing

12 the acts alleged, was acting both individually and within the course and scope of such

13 agency/employment, with the knowledge/consent of the remaining defendants.

14 **FIRST CAUSE OF ACTION**

15 **Failure to Engage in the Interactive Process in Good Faith**

16 (Against all Defendants)

17     7.     Plaintiff incorporates by reference paragraphs 1-6 above, as though fully set forth

18 herein.

19     8.     On or about July 6, 2004, plaintiff tripped and sprained her ankle. In September

20 2004, after a short medical leave and physical therapy, plaintiff was released to return to work.

21 As part of her return to work, plaintiff was supposed to be able to sit down whenever she needed

22 to. However, defendants were extraordinarily busy during this timeframe, and short-handed.

23 Plaintiff was pressured to get orders done quickly, and was seldom able to sit down.

24     9.     On or about September 21, 2004, while moving about extensively and attending

25 to multiple tasks at the same time, plaintiff re-injured her right ankle. Emergency room

26 physicians diagnosed plaintiff with another ankle sprain, and she was again taken off of work.

27 The re-injury was quite serious, in that plaintiff's ankle did not heal well, and she continued

28 experiencing serious instability in her right ankle. Tests performed by plaintiff's disability

Exhibit 1-3

1    insurer in or about January 2005 to evaluate plaintiff's readiness to return to work seriously

2    injured plaintiff's left wrist, requiring a visit to the emergency room. Several subsequent falls

3    further aggravated the ankle injury, and plaintiff also sustained wrist injuries in some of those

4    falls.

5    10.    Plaintiff's ankle condition is a physical impairment that limited her ability to

6    perform the major life activity of work. Plaintiff's ankle condition constituted a physical

7    disability within the meaning of Govt. Code § 12926(k).

8    11.    The severity of plaintiff's disability required her to remain off of work for a

9    period of time. Plaintiff presented defendants with physicians' notes in support of her requests

10    for time off of work. Plaintiff also regularly left telephone messages with her immediate

11    supervisor, Jonathan Lacsoit, regarding her status and the progress of her recovery.

12    12.    In January 2006, plaintiff's physicians determined that she was well enough to

13    return to work, with restrictions on the number of hours she could work, a restriction on lifting

14    any more than 20 lbs, and a requirement that she sit down every hour for at least 10 minutes.

15    Plaintiff provided defendants with a physician's note authorizing her to return to work, and

16    specifying these restrictions.

17    13.    Plaintiff's immediate supervisor failed to return plaintiff's calls with regard to

18    getting back to work. She then approached defendant's HR department directly, and against

19    explained that she was authorized to return to work, and the nature of her work restrictions.

20    14.    Defendant made no effort to get plaintiff back to work. Instead, the company

21    summarily informed plaintiff that she could not return to work unless she either had no

22    restrictions at all and/or could work at least 20 hours per week.

23    15.    From January 2006 to the present, plaintiff has continued to seek accommodations

24    that would allow her to return to work. Defendants have continued to refuse to offer plaintiff

25    reasonable accommodations that would allow her to return to work, all without having first

26    engaged in the interactive process in good faith with plaintiff.

27    16.    Govt. Code § 12940(n) makes it illegal "for an employer. . . to fail to engage in a

28    timely, good faith interactive process with the employee or applicant to determine effective

Exhibit 1-4

1   reasonable accommodation by an employee or applicant with a known physical or mental

2   disability or known medical condition."

3   17.   By refusing to given any consideration whatsoever to plaintiff's request for

4   accommodation, defendants violated their obligation to engage in the interactive process,

5   contrary to Govt. Code § 12940(n).

6   18.   Plaintiff filed a timely charge of disability discrimination with the California

7   Department of Fair Employment and Housing (DFEH), naming Applied Biosystems as a

8   respondent in the body of said complaint. Plaintiff has received a right to sue notice for this

9   charge pursuant to Govt. Code § 12965(b). Plaintiff filed this action within one year from the

10  date she received her "right to sue" letter from the DFEH, and has therefore properly exhausted

11  her administrative remedies.

12  19.   As a direct and proximate result of the wrongful acts of defendants, and each of

13  them, plaintiff has suffered and continues to suffer physical pain, severe emotional distress,

14  including without limitation, depression, hopelessness, embarrassment, humiliation, degradation,

15  loss of self-esteem, and mental anguish. As a result, plaintiff is entitled to general and

16  compensatory damages according to proof.

17  20.   As a further direct and proximate result of the wrongful acts of defendants

18  described herein, plaintiff has been forced to hire an attorney to prosecute her claims, and has

19  incurred and will continue to incur attorneys' fees and costs. Plaintiff is entitled to recover such

20  attorneys' fees and costs under Govt. Code § 12965(b).

21  21.   The outrageous conduct of defendants described herein was done with malice,

22  fraud, and oppression, with conscious disregard for plaintiff's rights, and with the intent, design

23  and purpose of injuring her. Defendants, through their officers, managing agents and/or

24  supervisors, authorized, condoned, and/or ratified the unlawful conduct alleged herein. By reason

25  thereof, plaintiff is entitled to punitive or exemplary damages from all defendants in a sum

26  according to proof at trial.

27

28

COMPLAINT FOR DAMAGES - 4

Exhibit 1-5

| | |
|---|---|
| 1 | **SECOND CAUSE OF ACTION** |
| 2 | **Failure to Accommodate** |
| 3 | **(Against all Defendants)** |
| 4 | 22.    Plaintiff incorporates by reference paragraphs 1-21 above, as though fully set |
| 5 | forth herein. |
| 6 | 23.    Pursuant to Govt. Code § 12940(m), defendants had a duty to accommodate |
| 7 | Plaintiff's ankle condition.  Despite actual knowledge of plaintiff's disability, and multiple |
| 8 | requests for accommodation, defendants refused to offer any reasonable accommodations to |
| 9 | allow plaintiff to return to work.  In doing the foregoing acts, defendants failed to accommodate |
| 10 | plaintiff's disability, in violation of Govt. Code § 12940(m). |
| 11 | 24.    Plaintiff filed a timely charge of disability discrimination with the California |
| 12 | Department of Fair Employment and Housing (DFEH), naming Applied Biosystems as a |
| 13 | respondent in the body of said complaint.  Plaintiff has received a right to sue notice for this |
| 14 | charge pursuant to Govt. Code § 12965(b).  Plaintiff filed this action within one year from the |
| 15 | date she received her "right to sue" letter from the DFEH, and has therefore properly exhausted |
| 16 | her administrative remedies. |
| 17 | 25.    As a direct and proximate result of the wrongful acts of defendants, and each of |
| 18 | them, plaintiff has suffered and continues to suffer physical pain, severe emotional distress, |
| 19 | including without limitation, depression, hopelessness, embarrassment, humiliation, degradation, |
| 20 | loss of self-esteem, and mental anguish.  As a result, plaintiff is entitled to general and |
| 21 | compensatory damages according to proof. |
| 22 | 26.    As a further direct and proximate result of the wrongful acts of defendants |
| 23 | described herein, plaintiff has been forced to hire an attorney to prosecute her claims, and has |
| 24 | incurred and will continue to incur attorneys' fees and costs.  Plaintiff is entitled to recover such |
| 25 | attorneys' fees and costs under Govt. Code § 12965(b). |
| 26 | 27.    The outrageous conduct of defendants described herein was done with malice, |
| 27 | fraud, and oppression, with conscious disregard for plaintiff's rights, and with the intent, design |
| 28 | and purpose of injuring her.  Defendants, through their officers, managing agents and/or |

COMPLAINT FOR DAMAGES - 5

Exhibit 1-6

1   supervisors, authorized, condoned, and/or ratified the unlawful conduct alleged herein. By reason

2   thereof, plaintiff is entitled to punitive or exemplary damages from all defendants in a sum

3   according to proof at trial.

4   **THIRD CAUSE OF ACTION**

5   **Employment Discrimination – Disability**

6   **(Against all Defendants)**

7       28.    Plaintiff incorporates by reference paragraphs 1-27 above, as though fully set

8   forth herein.

9       29.    The above-described conduct, including but not limited to defendant's refusal to

10  allow plaintiff to return to work, were adverse and discriminatory actions taken based on

11  plaintiff's physical disabilities.

12      30.    Plaintiff filed a timely charge of disability discrimination with the California

13  Department of Fair Employment and Housing (DFEH), naming Applied Biosystems as a

14  respondent in the body of said complaint. Plaintiff has received a right to sue notice for this

15  charge pursuant to Govt. Code § 12965(b). Plaintiff filed this action within one year from the

16  date she received her "right to sue" letter from the DFEH, and has therefore properly exhausted

17  her administrative remedies.

18      31.    As a direct and proximate result of the wrongful actions of defendants, plaintiff

19  has been harmed in that she has suffered actual, consequential and incidental financial losses,

20  including without limitation, loss of earnings and other employment benefits and the intangible

21  loss of employment-related opportunities for growth in her field and damage to her professional

22  reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as

23  damages together with prejudgment interest pursuant to Civil Code § 3287 and or Civil Code §

24  3288 and/or any other provision of law providing for prejudgment interest.

25      32.    As a direct and proximate result of the wrongful acts of defendants, and each of

26  them, plaintiff has suffered and continues to suffer physical pain, severe emotional distress,

27  including without limitation, depression, hopelessness, embarrassment, humiliation, degradation,

1   loss of self-esteem, and mental anguish. As a result, plaintiff is entitled to general and

2   compensatory damages according to proof.

3   33.    As a further direct and proximate result of the wrongful acts of defendants

4   described herein, plaintiff has been forced to hire an attorney to prosecute her claims, and has

5   incurred and will continue to incur attorneys' fees and costs. Plaintiff is entitled to recover such

6   attorneys' fees and costs under Govt. Code § 12965(b).

7   34.    The outrageous conduct of defendants described herein was done with malice,

8   fraud, and oppression, with conscious disregard for plaintiff's rights, and with the intent, design

9   and purpose of injuring her. Defendants, through their officers, managing agents and/or

10   supervisors, authorized, condoned, and/or ratified the unlawful conduct alleged herein. By reason

11   thereof, plaintiff is entitled to punitive or exemplary damages from all defendants in a sum

12   according to proof at trial.

13           WHEREFORE, Plaintiff requests the following judgment and relief:

14   1.    For compensatory and general damages in an amount according to proof;

15   2.    For punitive damages;

16   3.    For statutory attorneys' fees and costs;

17   4.    For pre-judgment and post-judgment interest according to any applicable

18   provision of law, according to proof.

19   5.    For costs of suit; and

20   6.    For such other and further relief as the court deems proper.

21

22   DATED: April 23, 2007                        LAW OFFICES OF MAUREEN E. MCFADDEN

23

24                                                By:

25                                                   Maureen E. McFadden

26                                                   Attorney for Plaintiff
                                                     MEGAN KELLY
27

28

COMPLAINT FOR DAMAGES - 7

Exhibit 1-7

Exhibit 1-8

**BY FAX**

---

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
| Maureen E. McFadden, SBN 203781 | |
| LAW OFFICES OF MAUREEN E. MCFADDEN | **ENDORSED** |
| 819 Bancroft Way | **FILED** |
| Berkeley, CA 94710 | **ALAMEDA COUNTY** |
| TELEPHONE NO.: (510) 845-5203    FAX NO.: (510) 868-0976 | |
| ATTORNEY FOR (Name): Plaintiff Megan Kelly | **APR 23 2007** |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda | CLERK OF THE SUPERIOR COURT |
| STREET ADDRESS: 1225 Fallon Street | By Esther Colmard, Deputy |
| MAILING ADDRESS: | |
| CITY AND ZIP CODE: Oakland, CA 94612 | |
| BRANCH NAME: Rene C. Davidson Courthouse | |

| CASE NAME: | |
| Megan Kelly v. Applera Corporation et al. | |

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited  [ ] Limited (Amount demanded exceeds $25,000)  (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder    Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | RG07352056 |
| | | JUDGE: |
| | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

**1.** Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| [ ] Uninsured motorist (46) | [ ] Collections (09) | [ ] Antitrust/Trade regulation (03) |
| Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort | [ ] Insurance coverage (18) | [ ] Construction defect (10) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Mass tort (40) |
| [ ] Product liability (24) | Real Property | [ ] Securities litigation (28) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse condemnation (14) | [ ] Environmental/Toxic tort (30) |
| [ ] Other PI/PD/WD (23) | [ ] Wrongful eviction (33) | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| Non-PI/PD/WD (Other) Tort | [ ] Other real property (26) | Enforcement of Judgment |
| [ ] Business tort/unfair business practice (07) | Unlawful Detainer | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | [ ] Commercial (31) | Miscellaneous Civil Complaint |
| [ ] Defamation (13) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Drugs (38) | [ ] Other complaint (not specified above) (42) |
| [ ] Intellectual property (19) | Judicial Review | Miscellaneous Civil Petition |
| [ ] Professional negligence (25) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Petition re: arbitration award (11) | [ ] Other petition (not specified above) (43) |
| Employment | [ ] Writ of mandate (02) | |
| [✓] Wrongful termination (36) | [ ] Other judicial review (39) | |
| [ ] Other employment (15) | | |

**2.** This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:

  a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses

  b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court

  c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

**3.** Type of remedies sought (check all that apply): a. [✓] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [✓] punitive

**4.** Number of causes of action (specify): 3

**5.** This case [ ] is [✓] is not a class action suit.

**6.** If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: April 23, 2007

Maureen E. McFadden
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**

• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.

• File this cover sheet in addition to any cover sheet required by local court rule.

• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.

• Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 3.220, 3.400–3.403;
Standards of Judicial Administration, § 19
www.courtinfo.ca.gov

Exhibit 1 - 9

**SUMMONS**
(CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
(AVISO AL DEMANDADO):
Applera Corporation and DOES 1-20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
(LO ESTA DEMANDANDO EL DEMANDANTE):
Megan Kelly

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.

| | |
|---|---|
| The name and address of the court is: | CASE NUMBER: (Número del Caso): |
| (El nombre y dirección de la corte es): | RG07382205 6 |
| Alameda County Superior Court, 1225 Fallon Street, Oakland, CA | |
| Rene C. Davidson Courthouse | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Maureen E. McFadden, Law Offices of Maureen E. McFadden, Ph (510) 845-5203, Fax (510) 868-0976, 819
Bancroft Way, Berkeley, CA 94710

| | | |
|---|---|---|
| DATE: **APR 20 2007** | Clerk, by **Esther Coleman** | , Deputy |
| (Fecha) | (Secretario) | (Adjunto) |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED: You are served**
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):
   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
         ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
         ☐ CCP 416.40 (association or partnership)      ☐ CCP 416.90 (authorized person)
         ☐ other (specify):
4. ☐ by personal delivery on (date):

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. January 1, 2004)

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

Page 1 of 1

---

**ENDORSED**
**FILED**
**ALAMEDA COUNTY**

APR 23 2007

CLERK OF THE SUPERIOR COURT
By Esther Coleman, Deputy

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

SUM-100

# EXHIBIT 2

Exhibit 2-1

```
1   JOHN M. SKONBERG, Bar No. 069409
2   TYLER M. PAETKAU, Bar No. 146305
    MICHAEL G. PEDHIRNEY, Bar No. 233164
3   LITTLER MENDELSON
    A Professional Corporation
4   650 California Street
    20th Floor
5   San Francisco, CA 94108.2693
    Telephone:   415.433.1940
6
    Attorneys for Defendant
7   APPLERA CORPORATION
8              SUPERIOR COURT OF THE STATE OF CALIFORNIA
9                         COUNTY OF ALAMEDA
10  MEGAN KELLY,                          Case No. RG07-322056
11              Plaintiff,                ANSWER BY DEFENDANT APPLERA
                                          CORPORATION TO PLAINTIFF'S
12       v.                               UNVERIFIED COMPLAINT
13  APPLERA CORPORATION and DOES 1-       Complaint Filed: April 23, 2007
    20, inclusive,
14
15              Defendants.
16
17            Defendant APPLERA CORPORATION ("Applera"), answers the unverified
18  Complaint ("Complaint") filed by Plaintiff MEGAN KELLY ("Plaintiff") as follows:
19                              GENERAL DENIAL
20            Pursuant to Section 431.30(d) of the California Code of Civil Procedure, Applera
21  answers the Complaint filed by Plaintiff by generally denying each and every allegation contained
22  therein, by denying that Plaintiff has been damaged in any amount, or at all, or has sustained any
23  damages as a result of the conduct alleged therein.
24                           AFFIRMATIVE DEFENSES
25            Additionally, without assuming the burden of proof on any matters that would
26  otherwise rest with Plaintiff, and expressly denying any and all wrongdoing, Applera asserts the
27  following separate and distinct affirmative defenses to Plaintiff's unverified Complaint.
28
```

BY FAX

ENDORSED
FILED
ALAMEDA COUNTY
JUN 0 7 2007
CLERK OF THE SUPERIOR COURT
By Esther Goleman, Deputy

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT          Case No. RG07-322056

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

*Exhibit 2-2*

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

1    **FIRST AFFIRMATIVE DEFENSE**

2    (Failure to State a Claim)

3    Neither the Complaint, nor any cause of action set forth therein, states facts sufficient

4    to constitute a cause of action against Applera.

5    **SECOND AFFIRMATIVE DEFENSE**

6    (Failure to State a Claim Against Doe Defendants)

7    The Complaint, and each and every cause of action thereof, whether considered

8    singly or in combination, fails to state facts sufficient to constitute a cause of action against Doe

9    Defendants.

10   **THIRD AFFIRMATIVE DEFENSE**

11   (Statute of Limitations)

12   Plaintiff's claims are barred by the applicable statute of limitations, including but not

13   limited to California Government Code sections 12960 and 12965(b).

14   **FOURTH AFFIRMATIVE DEFENSE**

15   (Failure to Exhaust Administrative Remedies)

16   Plaintiff failed to comply with applicable procedural and administrative prerequisites

17   including timely charge filing requirements and the exhaustion of all administrative remedies.

18   **FIFTH AFFIRMATIVE DEFENSE**

19   (Legitimate, Non-Discriminatory Personnel Actions)

20   The employment actions complained of by Plaintiff were based on legitimate,

21   nondiscriminatory reasons.

22   **SIXTH AFFIRMATIVE DEFENSE**

23   (No Knowledge Of Unlawful Conduct)

24   Applera had no knowledge of any discriminatory or otherwise unlawful behavior by

25   any of its employees, if any, agents, or representatives.

26

27

28

2.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

## SEVENTH AFFIRMATIVE DEFENSE

(Exercise of Reasonable Care to Prevent Discrimination)

Applera exercised reasonable care to prevent and promptly correct any discriminatory or other unlawful behavior.

## EIGHTH AFFIRMATIVE DEFENSE

(Conduct Outside the Course and Scope of Employment)

To the extent employees engaged in any discriminatory or otherwise unlawful behavior, the alleged acts were committed outside the course and scope of employment.

## NINTH AFFIRMATIVE DEFENSE

(Avoidable Consequences Doctrine)

Plaintiff's claims, in whole or in part, are barred, or any recovery should be reduced, pursuant to the avoidable consequences doctrine, because Applera took reasonable steps to prevent and correct workplace discrimination, Plaintiff unreasonably failed to use the preventative and corrective opportunities provided to employees by Applera, and reasonable use of the Applera's procedures would have prevented at least some of the harm that the Plaintiff allegedly suffered.

## TENTH AFFIRMATIVE DEFENSE

(No Protected Disability)

Plaintiff was not a qualified individual with a disability in that Plaintiff could not perform the essential functions of the position with or without reasonable accommodation.

## ELEVENTH AFFIRMATIVE DEFENSE

(No Reasonable Accommodation)

Assuming that Plaintiff made a request for reasonable accommodation, Applera alleges that Plaintiff's requested accommodation is unreasonable.

## TWELFTH AFFIRMATIVE DEFENSE

(Undue Hardship)

Assuming that Plaintiff made a request for reasonable accommodation, Applera alleges that Plaintiff's requested accommodation imposes an undue hardship.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 Calfornia Street
20th Floor
San Francisco, CA 94108-2693
415.433.1940

# THIRTEENTH AFFIRMATIVE DEFENSE

(Direct Threat)

Employment of Plaintiff in the position in question would have posed a direct threat to the health or safety of Plaintiff.

# FOURTEENTH AFFIRMATIVE DEFENSE

(Failure to Cooperate in Interactive Process)

Plaintiff's Complaint, and each and every cause of action contained therein, are barred in whole or in part because of her failure to cooperative in good faith in the interactive process.

# FIFTEENTH AFFIRMATIVE DEFENSE

(Disruption of Interactive Process)

Plaintiff's Complaint, and each and every cause of action contained therein, are barred in whole or in part because of Plaintiff's direct or indirect responsibility for any alleged breakdown in, or disruption of, the interactive process.

# SIXTEENTH AFFIRMATIVE DEFENSE

(No Harm Caused by Alleged Failure to Engage in Interactive Process)

Plaintiff suffered no harm or other prejudice as a result of Applera's alleged failure to initiate or properly conduct the interactive process because, at all material times, a reasonable accommodation of Plaintiff's alleged disability was not possible; thus, Plaintiff's Complaint, and each and every cause of action contained therein, are barred in whole or in part, or fail as a matter of law.

# SEVENTEENTH AFFIRMATIVE DEFENSE

(After-Acquired Evidence)

To the extent during the course of this litigation it acquires any evidence of Plaintiff's wrongdoing, such after-acquired evidence bars Plaintiff's claims of liability or damages or reduces such claims as provided by law.

4.

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Case No. RG07-322056

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

Exhibit 2-5

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Workers' Compensation Preemption)

Insofar as Plaintiff alleges she suffered from any physical or emotional injury as a result of Applera's conduct, her claim is preempted by the California Workers' Compensation statutes, including California Labor Code section 3601, *et seq.*, inasmuch as any compensable alleged injury to Plaintiff occurred at a time when she was subject to California Workers' Compensation provisions; at the time of such alleged injury Plaintiff was performing services growing out of and incidental to her employment and was acting within the course and scope of her employment; the alleged injury was proximately caused by her employment; and Applera was providing workers compensation coverage without any charge to the employee.

## NINETEENTH AFFIRMATIVE DEFENSE

(Plaintiff's Conduct)

The injuries and damages alleged in the Complaint were caused by and/or were contributed to by Plaintiff's own acts or failure to act, and that Plaintiff's recovery, if any, should be reduced by an amount proportionate to the amount by which said acts caused or contributed to said alleged injuries or damages.

## TWENTIETH AFFIRMATIVE DEFENSE

(Set-Offs)

If Plaintiff is judged to be entitled to any recovery based on her Complaint, Applera is entitled to a set-off for each of the following, respectively and separately: damages paid to Plaintiff by order of the California Workers' Compensation Appeals Board, on related claims, if any; state disability payments to Plaintiff for related claims, if any; federal Social Security benefits paid to Plaintiff for related reasons, if any; and state unemployment compensation paid to Plaintiff for related reasons, if any.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

(Failure to Mitigate)

Any award to Plaintiff must be reduced on the basis that Plaintiff failed and refused to make reasonable efforts to mitigate, minimize or avoid any alleged losses or damages.

5.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

Exhibit 2-C

6.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108-2693
415.433.1940

1    **TWENTY-SECOND AFFIRMATIVE DEFENSE**

2    (Estoppel, Waiver, Unclean Hands and/or Laches)

3    Plaintiff's claims are barred by the equitable doctrines of estoppel, waiver, unclean

4    hands and/or laches.

5    **TWENTY-THIRD AFFIRMATIVE DEFENSE**

6    (Failure to State Grounds for Punitive Damages)

7    Plaintiff has failed to state facts sufficient to constitute a claim for punitive damages.

8    **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

9    (Alternative Concurrent Sources of Emotional Distress)

10   To the extent Plaintiff suffered any symptoms of mental or emotional distress or

11   injury, it was the result of a pre-existing psychological disorder or alternative concurrent cause(s),

12   and not the result of any act or omission by Applera.

13   **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

14   (Failure to State Grounds for Attorneys' Fees and Costs)

15   Plaintiff has failed to state facts sufficient to constitute a claim for which attorneys'

16   fees and costs may be granted.

17   **TWENTY-SIXTH AFFIRMATIVE DEFENSE**

18   (Unconstitutionality of Punitive Damages)

19   The United States and California Constitutions bar any claim by Plaintiffs for

20   punitive damages.

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

WHEREFORE, Applera prays:

1.    That Plaintiff takes nothing by her Complaint and that the Complaint be dismissed in its entirety, with prejudice;

2.    That Applera be awarded full judgment in this action;

3.    That Applera be awarded costs of suit and attorneys' fees incurred herein; and

4.    That Applera be awarded such other and further relief as the Court deems just and proper.

Dated: June 7, 2007

/s/ [signature]

JOHN M. SKONBERG
TYLER M. PAETKAU
MICHAEL G. PEDHIRNEY
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
APPLERA CORPORATION

Firmwide:82561145.1 008292.1051

7.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

*Exhibit 2-8*

Jun-07-2007 12:87 PM LITTLER MENDELSON P.C. 4153998490    3/4

JOHN M. SKONBERG, Bar No. 069409
TYLER M. PAETKAU, Bar No. 146305
MICHAEL G. PEDHIREY, Bar No. 233164
LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
Telephone: 415.433.1940

Attorneys for Defendant
APPLERA CORPORATION

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ALAMEDA

MEGAN KELLY,

                      Plaintiff,

          v.

APPLERA CORPORATION and DOES 1-20, inclusive,

                      Defendants.

Case No. RG07-322056

PROOF OF SERVICE

**BY FAX**

Complaint Filed: April 23, 2007

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 650 California Street, 20th Floor, San Francisco, California 94108.2693. On June 7, 2007, I served the within document(s):

➤ **ANSWER BY DEFENDANT APPLERA CORPORATION TO PLAINTIFF'S UNVERIFIED COMPLAINT**

☐ by facsimile transmission on that date. This document was transmitted by using a facsimile machine that complies with California Rules of Court Rule 2003(3), telephone number 415.399.8490. The transmission was reported as complete and without error. The names and facsimile numbers of the person(s) served are as set forth below.

ENDORSED
FILED
ALAMEDA COUNTY

JUN 0 7 2007

CLERK OF THE SUPERIOR COURT
By Esther Golemann, Deputy

PROOF OF SERVICE CASE RG07322056

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

Exhibit 2-9

1   ☒   by placing a true copy of the document(s) listed above for collection and mailing

2 following the firm's ordinary business practice in a sealed envelope with postage

3 thereon fully prepaid for deposit in the United States mail at San Francisco,

     California addressed as set forth below.

4   ☐   by depositing a true copy of the same enclosed in a sealed envelope, with delivery

5 fees provided for, in an overnight delivery service pick up box or office designated

     for overnight delivery, and addressed as set forth below.

6   ☐   by personally delivering a copy of the document(s) listed above to the person(s) at

7      the address(es) set forth below.

8         Maureen E. McFadden, Esq.

9         Law Offices of Maureen E. McFadden

         819 Bancroft Way

10        Berkeley, CA 94710

         Fax: (510) 868-0976

11        I am readily familiar with the firm's practice of collection and processing

12 correspondence for mailing and for shipping via overnight delivery service. Under that practice it

13 would be deposited with the U.S. Postal Service or if an overnight delivery service shipment,

14 deposited in an overnight delivery service pick-up box or office on the same day with postage or fees

15 thereon fully prepaid in the ordinary course of business.

16        I declare under penalty of perjury under the laws of the State of California that the

17 above is true and correct. Executed on June 7, 2007, at San Francisco, California.

18

19

20              Nora L. Torres

21        Firmwide:82421970.1 008292.1051

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

2.

PROOF OF SERVICE  CASE RG07322056

EXHIBIT 3

Exhibit 3-1

**Applera**
Corporation

850 Lincoln Centre Drive
Foster City, CA
94404 USA

October 30, 2006

Megan Kelly
2009 McGee, No. 2
Berkeley, CA 94703

Dear Ms. Kelly,

Our records indicate that your last day at work with Applied Biosystems was September 21, 2004. On September 22, 2004 you were placed on a Leave of Absence.

On January 3, 2007 you will have exhausted all available leave of absence time and it is our intention to process a termination effective that date.

Beginning February 1, 2007, you will be eligible to continue insurance coverage under COBRA. You will receive a packet in the mail explaining your continuation options along with COBRA enrollment instructions and forms.

Please contact HR Direct at (866) 654-3411 if you have any questions.

Sincerely,

Stefan Lazar
Employee Relations Mgr.
Applera Corporation

KELLY 0185

# EXHIBIT 4

Exhibit 4-1

KELLY 0190

# LAW OFFICES OF MAUREEN E. MCFADDEN

819 Bancroft Way
Berkeley, CA 94710
www.mcfaddenlaw.net

December 22, 2006

Ph (510) 845-5203
Fax (510) 868-0976
maureen@mcfaddenlaw.net

**VIA FEDERAL EXPRESS**

Administrator/HR Client Services
Applied Biosystems/Applera Corporation
850 Lincoln Centre Drive
Foster City, CA 94404

Re:     *Megan Kelly/Applied Biosystems*

To Whom It May Concern:

Please be advised that this office represents Megan Kelly as to her employment-related claims against Applied Biosystems, and direct all future communications to my attention. Enclosed is a request for Ms. Kelly's personnel file and related documents. Please forward these documents to me at your earliest opportunity.

Our demand letter will follow shortly.

Very Truly Yours,

LAW OFFICES OF MAUREEN E. MCFADDEN

Maureen E. McFadden

Encl.

cc:     Client

Exhibit 4-2

KELLY 0191

Pursuant to Labor Code § § 432 and 1198.5, I hereby request a copy of the following documents:

- **My personnel file**
- Any other documents pertaining to my performance
- *Any other documents I signed at any time relating to my employment with Applied Biosystems.*

Please direct these documents to the attention of my attorney:

MAUREEN E. McFADDEN
LAW OFFICES OF MAUREEN E. McFADDEN
819 Bancroft Way
Berkeley, CA 94710
Ph (510) 845-5203
Fax (510) 868-0976

_____     _____
Megan Kelly                 Date  12/21/06

EXHIBIT 5

**Applera**
Corporation

850 Lincoln Centre Drive
Foster City, CA
94404 USA

January 3, 2007

Maureen E. McFadden
Law Offices of Maureen E. McFadden
819 Bancroft Way
Berkeley, CA 94710

Re:    Megan Kelly

Dear Ms. McFadden:

Please find enclosed the contents of Megan Kelly's personnel file; all documents pertaining to her performance, if any; and any other documents she signed at any time relating to her employment with Applied Biosystems.

If you have any questions, please do not hesitate to contact me at 650.638.5426.

Kind regards,

*Veronica Jones*
Veronica Jones
Senior Manager, Employee Relations

KELLY 0166

Exhibit S-1



**Applera**
Corporation

850 Lincoln Centre Drive
Foster City, CA
94404 USA

January 10, 2007

Maureen E. McFadden
Law Offices of Maureen E. McFadden
819 Bancroft Way
Berkeley, CA 94710

Re:    Megan Kelly

Dear Ms. McFadden:

Please find enclosed copies of additional documents pertaining to Megan Kelly's employment at Applied Biosystems.

If you have further questions, please do not hesitate to contact me at 650.638.5426.

Kind regards,

*Veronica Jones*
Senior Manager, Employee Relations

KELLY 0156

*Exhibit 5.2*

EXHIBIT 9

KELLY 0150

*Applera*
Corporation
301 Merritt 7
Norwalk, CT 06851

March 6, 2007

***VIA E-MAIL AND U.S. MAIL***

Maureen E. McFadden, Esq.
819 Bancroft Way
Berkeley, CA 94710

**Re:    *Megan Kelly***

Dear Ms. McFadden:

Please direct any further correspondence regarding Ms. Kelly to my attention.
We are open to discussing this matter in order to reach a solution.

Sincerely,

Charles J. Heinzer
Senior Director, Attorney

cc: V. Jones

AB Applied
Biosystems

✕ CELERA

www.applera.com
T (203) 840-2000

D:\WD 021 - 0101\2007L-0331\2007L-McFadden-Kelly.doc

Exhibit 6-1

EXHIBIT 7

**Applera**
Corporation
301 Merritt 7
Norwalk, CT 06851

March 28, 2007

**VIA E-MAIL AND U.S. MAIL**

Maureen E. McFadden, Esq.
819 Bancroft Way
Berkeley, CA 94710

Re:  *Megan Kelly*

Dear Ms. McFadden:

Applera's Human Resources Department recently attempted to contact Ms. Kelly to set up a meeting regarding her return to work. The Company has not heard from her. May I ask you to contact your client and let us know when she desires to discuss her return.

Sincerely,

Charles J. Heinzer
Senior Director, Attorney

cc: V. Jones

KELLY 0147

Exhibit T-1

T (203) 840-2000
www.applera.com

D:\WD 021 - 0101\2007-0331\2007\L-McFadden-Kelly-3-28-2007.doc

EXHIBIT 8

Exhibit 8-1

[Print]

# KELLY 0148

Maureen E. McFadden
Law Offices of Maureen E. McFadden
819 Bancroft Way
Berkeley, CA 94710
Ph (510) 845-5203

<<032819l539.pdf>>

The following document has been scanned and attached to this Email:
032819l539.pdf

To: lambertjb@applera.com

cc

Subject

Legal_Scanner@applera.com                                      03/28/2007 05:07 PM

——— Forwarded by Jane B Lambert/CTO/PEC on 03/28/2007 05:09 PM ———

Jane B. Lambert
Executive Assistant
Legal Department
Applera Corporation
Phone: 203.840.2908
Fax:   203.840.2922

Regards,

Jane

Please find attached a letter from Charles Heinzer regarding Megan Kelly. The original will be sent to you via U.S. Mail.

Ms. McFadden:

Date: Wed, 28 Mar 2007 17:11:55 -0400
Subject: Megan Kelly
To: maureen@mcfaddenlaw.net
From: "Jane B Lambert"
----- Original Message -----

As we have advised repeatedly, Ms. Kelly has been available and able to return to work for well over a year now.

I returned the message from Ms. Jones on behalf of my client, and have not heard back from her.

Date: Thursday, March 29, 2007 10:36:04 AM
Subject: Re: Megan Kelly
CC:
To: heinzec@applera.com
From: maureen@mcfaddenlaw.net

# EXHIBIT 9

# LAW OFFICES OF MAUREEN E. MCFADDEN
## 819 Bancroft Way, Berkeley, CA 94710

| | | | |
|---|---|---|---|
| To: | Veronica Jones | From: | Maureen E. McFadden |
| Fax: | (650) 638-6705 | Fax: | (510) 868-0976 |
| Phone: | | Phone: | (510) 845-5203 |

Date: 5/18/2007

Subject: Kelly/Applied Biosystems

Please see attached note with work restrictions for Megan Kelly.

KELLY 0142

Exhibit 9-1

*Exhibit 9-2*

KELLY 0143

✚ **Palo Alto Medical**
*Foundation*
A Sutter Health Affiliate

**Fremont Center**

3200 Kearney Street
Fremont, CA 94538
(510) 490-1222
www.pamf.org

Megan Kelly
2009 Mcgee Ave
Apt 2
Berkeley, CA 94703

May 9, 2007

MRN# 15221641

To Whom It May Concern:

My patient, Megan Kelly, is currently under my care for her wrists. She was seen and evaluated in the office today, May 9, 2007. She may return to work with restrictions. She should not lift more than 2 lbs with either hand. She should avoid repetitive movements with either hand/wrist for prolonged periods, no longer than 15 minutes at a time. She may file and pour liquids with these limitations.

If you have any questions, please feel free to call my office at (510) 490-1222.

Sincerely,

Barry Rose, MD
Orthopedic Surgeon
Fremont Clinic

EXHIBIT 10

# LAW OFFICES OF MAUREEN E. MCFADDEN
## 819 Bancroft Way, Berkeley, CA 94710

| | | | |
|---|---|---|---|
| To: | Veronica Jones | From: | Maureen E. McFadden |
| Fax: | (650) 638-6705 | Fax: | (510) 868-0976 |
| Phone: | | Phone: | (510) 845-5203 |

Date: 5/3/2007

Subject: Kelly/Applied Biosystems

Please see attached note with work restrictions for Megan Kelly.

KELLY 0145

Exhibit 10-1

Exhibit 10-2

KELLY 0146

**Palo Alto Medical**
*Foundation*
A Sutter Health Affiliate

**Fremont Center**    3200 Kearney Street
Fremont, CA 94538
(510) 490-1222
www.pamf.org

Megan Kelly
2009 Mcgee Ave
Apt 2
Berkeley, CA 94703

April 25, 2007

MRN# 15221641

To Whom It May Concern:

My patient, Megan Kelly, is currently under my care for her wrists. She may return to work with restrictions. She should not lift more than 2 lbs with either hand. She should avoid repetitive movements with either hand/wrist for prolonged periods, no longer than 15 minutes at a time. She may file and pour liquids with these limitations.

If you have any questions, please feel free to call my office at (510) 490-1222.

Sincerely,

Barry Rose, MD
Orthopedic Surgeon
Fremont Clinic

EXHIBIT 11

# LAW OFFICES OF MAUREEN E. MCFADDEN
## 819 Bancroft Way, Berkeley, CA 94710

| | | | |
|---|---|---|---|
| To: | Veronica Jones | From: | Maureen E. McFadden |
| Fax: | (650) 638-6705 | Fax: | (510) 868-0976 |
| Phone: | | Phone: | (510) 845-5203 |

Date: 5/29/2007

Subject: Kelly/Applied Biosystems

Please see attached note with work restrictions for Megan Kelly.

KELLY 0139

Exhibit 11-1

Exhibit 11-2

KELLY 0140

![Palo Alto Medical Foundation logo]

## Palo Alto Medical Foundation

· A Sutter Health Affiliate

**Fremont Center**

3200 Kearney Street
Fremont, CA 94538
(510) 490-1222
www.pamf.org

May 24, 2007

Megan Kelly
2009 Mcgee Ave
Apt 2
Berkeley, CA 94703

To Whom It May Concern:

Megan Kelly was seen and evaluated in clinic today. She may return to part-time work with limited repetitive activities.

If you have any questions, please do not hesitate to call my office at (510) 490-1222.

Sincerely,

Berry A. Rose, M.D.
Palo Alto Medical Foundation
Fremont Center
3200 Kearney Street
Fremont, CA 94538

# EXHIBIT 12

# LAW OFFICES OF MAUREEN E. MCFADDEN

819 Bancroft Way, Berkeley, CA 94710

| | | | |
|---|---|---|---|
| To: | Veronica Jones | From: | Maureen E. McFadden |
| Fax: | (650) 638-6705 | Fax: | (510) 868-0976 |
| Phone: | | Phone: | (510) 845-5203 |

Date: 5/30/2007

Subject: Kelly/Applied Biosystems

Please see attached note with work restrictions for Megan Kelly.

KELLY 0137

Exhibit 12-1

Exhibit 12-2

# PACIFIC
Orthopaedic & Sports Rehabilitation

5/25/07

To Whom It May Concern:

Megan Kelly is currently receiving physical therapy care s/p arthroscopic surgery for right wrist TFCC tear. She presents with pain, weakness, decreased ROM and decreased functional use of her right hand as a result. Megan wears a wrist splint during the day for activities of daily living to preserve her recovery and prevent injury. We recommend the following work restrictions to continue promoting her full recovery.

Regarding her job description:

1.  Regularly, and as needed, assemble MicroRNA boxes, requiring bending, stooping, and lifting.

    *Megan is limited to only 5 pounds of weight maximally at this time and must take breaks to rest the right wrist/hand every 20 minutes.*

2.  Regularly inspect CORE packaging, including reconstitution of vibrating plates.

    *Megan may not subject the wrist and hand to repeated pressure and vibration; should avoid reconstituting the vibration plates.*

3.  Redline SOPs using standard writing implements and or personal computer.

    *Megan must take a 10 minute break from typing, after 20 minutes, for rest or change of task.*

4.  Regularly assist operators with total preventive maintenance, which requires wiping down instruments and workbenches with wipes; returning tools to their designated location; and performing visual checks on instruments.

    *Megan needs to wear her wrist brace at all times while working and must avoid extreme positions of wrist flexion or extension during this task.*

5.  Routinely perform data collection for OEE, which requires manipulating Excel spreadsheets and performing simple calculation using standard keyboard and mouse.

    *Megan must take a 10 minute break from typing, after 20 minutes, for rest or change of task.*

6.  Coordinate training for operators, which may involve any or all of the activities listed above.

    *See above.*

Sincerely,

Azuka Nwigwe, DPT

KELLY 0138

5915 Bldg. A Hollis Street • Emeryville, California 94608 • Tel: 510.923.0700 • Fax: 510.923.0500

# EXHIBIT 13

# LAW OFFICES OF MAUREEN E. MCFADDEN

## 819 Bancroft Way, Berkeley, CA 94710

| | | | |
|---|---|---|---|
| To: | Veronica Jones | From: | Maureen E. McFadden |
| Fax: | (650) 638-6705 | Fax: | (510) 868-0976 |
| Phone: | | Phone: | (510) 845-5203 |

Date: 6/1/2007

Subject: Kelly/Applied Biosystems

Please see attached note with work restrictions for Megan Kelly.

KELLY 0133

Exhibit 13-1

Exhibit 13-2

KELLY 0134

Palo Alto Medical
Foundation
A Sutter Health Affiliate

Fremont Center

3200 Kearney Street
Fremont, CA 94538
(510) 490-1222
www.pamf.org

Megan Kelly
2009 McGee Ave
Apt 2
Berkeley, CA 94703

May 31, 2007

MRN# 15221641

To Whom It May Concern:

Megan Kelly was seen and evaluated in clinic today. She may return to part-time work, which is 20 hours a week, with limited repetitive activities.

If you have any questions, please do not hesitate to call my office at (510) 490-1222.

Sincerely,

Barry A. Rose, M.D.
Palo Alto Medical Foundation
Fremont Center