# EXHIBIT 26

Maureen E. McFadden, SBN 203781
LAW OFFICES OF MAUREEN E. McFADDEN
819 Bancroft Way
Berkeley, CA 94710
Ph (510) 845-5203
Fax (510) 868-0976

Attorney for Plaintiff
MEGAN KELLY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MEGAN KELLY,<br><br>Plaintiff,<br><br>vs.<br><br>APPLERA CORPORATION and DOES 1-20, inclusive,<br><br>Defendants. | Case No. C-07-3002 MMC<br><br>NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF MAUREEN E. McFADDEN IN SUPPORT THEREOF<br><br>Date: April 4, 2008<br>Time: 9:00 a.m.<br>Courtroom 7, 19th Floor<br>The Honorable Maxine M. Chesney |

TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on April 4, 2008 at 9:00 a.m. in Courtroom 7 of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA, plaintiff Megan Kelly will move for an order granting her leave to file a first amended complaint.

This motion is based on the grounds that a plaintiff may amend a complaint to set forth newly ascertained allegations, and is supported by the attached memorandum of points and authorities, the declaration of Maureen E. McFadden and all pleadings filed in this matter. A

proposed First Amended Complaint is lodged concurrently with plaintiff's moving papers and is attached hereto as Exhibit A.

DATED: February 29, 2008

LAW OFFICES OF MAUREEN E. MCFADDEN

By: ______________________
Maureen E. McFadden

Attorney for Plaintiff
MEGAN KELLY

MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT

# MEMORANDUM OF POINTS AND AUTHORITIES

## A. Introduction

Plaintiff Megan Kelly initially sued employer Applera Corporation for three claims:
Failure to Engage in the Interactive Process; (2) Failure to Accommodate; and (3) Disability
Discrimination, all relating to Ms. Kelly's ankle condition. These initial three claims related to
Applera's conduct from January 2006 through April 2007, when the complaint was filed.
An amended complaint is now necessary, to add additional allegations to the first three claims
based on developments during the course of discovery in the case, and to add new claims for
retaliation and disability discrimination, based on Applera's conduct since Ms. Kelly returned to
work at Applera. Based on the federal policy of liberally granting leave to amend, this motion
should be granted.

## B. Leave to Amend Should Be Granted

Pursuant to Fed. R. Civ. Pro. Rule 15(a), once a responsive pleading has been served, "A
party may amend his pleading only by leave of court or by written consent of the adverse party."
Rule 15(a) further provides that "leave shall be freely given when justice so requires." As was
stated by the United States Supreme Court in Foman v. Davis 371 U.S. 178, 182 (1962):

Rule 15(a) declares that leave to amend shall be freely given when justice
requires, this mandate is to be heeded. If the underlying facts or circumstances
relied upon by plaintiff may be a proper subject of relief, he ought to be afforded
an opportunity to test his claim on the merits. In the absence of any apparent or
declared reason – such as undue delay, bad faith or dilatory motive on the part of
the movant, repeated failure to cure deficiencies by amendments previously
allowed, undue prejudice to the opposing party by virtue of the allowance of the
amendment, futility of amendment, etc. – the leave sought should, as the rules
require, be "freely given." Of course, the grant or denial of an opportunity to
amend is within the discretion of the District Court, but outright refusal to grant
the leave without any justifying reason appearing for the denial is not an exercise
of discretion; it is merely abuse of that discretion and inconsistent with the spirit
of the federal rules.

Here, plaintiff only recently learned that Applera is claiming that she was not disabled at
all, necessitating the addition of the other protected categories, "regarded as" having a disability,
and having a history of having a disability, to the pleadings. Also, since the time of the filing of

*Exhibit 31-A*

this complaint, Applera continued to fail to engage in the interactive process in good faith, and plaintiff wishes to supplement these allegations. Additionally, after plaintiff finally returned to work in June 2007, she was subject to additional disability discrimination and retaliation by Applera. This conduct began occurring in early Fall of 2007. Plaintiff has been diligent in pursuing these additional claims, in that a timely amended complaint of discrimination was filed with the DFEH in November 2007. Despite the November filing, the DFEH failed to close this complaint and allow plaintiff to pursue it in court until February 20, 2008. (See McFadden Declaration ¶ 3) Immediately thereafter, plaintiff sought to amend her pleadings with this Court. Because the amended and new allegations are related to plaintiff's original claims, judicial efficiency and the interests of justice favor allowing plaintiff to amend as requested.

## CONCLUSION

Based on the foregoing argument and authority, plaintiff Megan Kelly respectfully requests that the Court grant this motion for leave to file an amended complaint.

DATED: February 29, 2008

LAW OFFICES OF MAUREEN E. MCFADDEN

By: _____
Maureen E. McFadden
Attorney for Plaintiff
MEGAN KELLY

MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT

*Exhibit 9 of B*

## DECLARATION OF MAUREEN E. MCFADDEN

1.    I am an attorney duly admitted to practice before this Court, and the attorney of record for plaintiff Megan Kelly in this action. I have personal knowledge of the facts set forth herein, and if called as a witness, could and would testify thereto.

2.    Attached hereto as Exhibit A is a true and correct copy of plaintiff's proposed first amended complaint.

3.    In November 2007, plaintiff submitted an amended charge of discrimination to the DFEH, pertaining to discriminatory and retaliatory conduct defendant has engaged in since August 2007. True and correct copies of the amended DFEH charge, and the DFEH's February 20, 2008 Notice of Case Closure, are attached hereto as Exhibit B.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on February 29, 2008 at Berkeley, California.

_____
Maureen E. McFadden

Exhibit Ac-b

# EXHIBIT A

Maureen E. McFadden, SBN 203781
LAW OFFICES OF MAUREEN E. MCFADDEN
819 Bancroft Way
Berkeley, CA 94710
Ph (510) 845-5203
Fax (510) 868-0976

Attorney for Plaintiff
MEGAN KELLY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MEGAN KELLY, | Case No.: C-07-3002 MMC |
| Plaintiff, | FIRST AMENDED COMPLAINT |
| vs. | 1. Failure to Engage in the Interactive Process in Good Faith (Jan. 2006) |
| APPLERA CORPORATION and DOES 1-20, inclusive, | 2. Failure to Accommodate |
| | 3. Failure to Engage in the Interactive Process in Good Faith (2007) |
| Defendants. | 4. Employment Discrimination – Disability |
| | 5. Retaliation |

JURY TRIAL DEMANDED

Plaintiff Megan Kelly alleges as follows:

## GENERAL ALLEGATIONS

1. Plaintiff Megan Kelly is an individual who resides in Alameda County.

2. From on or about February 2002 and continuing to the present, plaintiff has been employed as an Associate Production Chemist at Applied Biosystems, which is part of Applera Corporation. At all times relevant hereto, plaintiff worked at Applera Corporation's Pleasanton location, which is in Alameda County. Plaintiff was at all times relevant to this action an "employee" of defendant Applera Corporation as that term is defined in California Govt. Code § 12926(c), part of the California Fair Employment and Housing Act ("FEHA," Govt. Code § § 12900 et seq.)

FIRST AMENDED COMPLAINT FOR DAMAGES - 1

1.     3.    Defendant Applera Corporation was a corporation doing business in Alameda

2. County, California at all times relevant hereto. Applera Corporation is and at all times relevant

3. hereto has been plaintiff's "employer" as that term is defined in California Govt. Code § §

4. 12926(d), 12940(a), and 12940(j)(4)(a).

5.     4.    The acts and omissions described herein all occurred in Alameda County.

6.     5.    The true names and capacities, whether individual, corporate, associate, or

7. otherwise of the defendants named herein as DOES 1-20, inclusive, are unknown to plaintiff at

8. this time and therefore said defendants are sued by such fictitious names. Plaintiff will seek

9. leave to amend this complaint to insert the true names and capacities of said defendants when the

10. same becomes known to her. Plaintiff is informed and believes and based thereon alleges that

11. each of the fictitiously named defendants is responsible for the wrongful acts alleged herein, and

12. are therefore liable to her as alleged hereinafter.

13.     6.    Each of the defendants was the agent of the remaining defendants, and in doing

14. the acts alleged, was acting both individually and within the course and scope of such

15. agency/employment, with the knowledge/consent of the remaining defendants.

16. **FIRST CLAIM FOR RELIEF**

17. **Failure to Engage in the Interactive Process in Good Faith (January 2006)**

18. **(Against all Defendants)**

19.     7.    Plaintiff incorporates by reference paragraphs 1-6 above, as though fully set forth

20. herein.

21.     8.    On or about July 6, 2004, plaintiff tripped and sprained her ankle. In September

22. 2004, after a short medical leave and physical therapy, plaintiff was released to return to work.

23. As part of her return to work, plaintiff was supposed to be able to sit down whenever she needed

24. to. However, defendants were extraordinarily busy during this timeframe, and short-handed.

25. Plaintiff was pressured to get orders done quickly, and was seldom able to sit down.

26.     9.    On or about September 21, 2004, while moving about extensively and attending

27. to multiple tasks at the same time, plaintiff re-injured her right ankle. Emergency room

28. physicians diagnosed plaintiff with another ankle sprain, and she was again taken off of work.

FIRST AMENDED COMPLAINT FOR DAMAGES - 2

FIRST AMENDED COMPLAINT FOR DAMAGES - 3

1    The re-injury was quite serious, in that plaintiff's ankle did not heal well, and she continued
2    experiencing serious instability in her right ankle. Tests performed by plaintiff's disability
3    insurer in or about January 2005 to evaluate plaintiff's readiness to return to work seriously
4    injured plaintiff's left wrist, requiring a visit to the emergency room. Several subsequent falls
5    further aggravated the ankle injury, and plaintiff also sustained wrist injuries in some of those
6    falls.

7        10.    Plaintiff's ankle condition is a physical impairment that limited her ability to
8    perform major life activities, including the major life activity of work. Plaintiff's ankle condition
9    constituted a physical disability within the meaning of Govt. Code § 12926(K).

10       11.    As to her ankle condition, plaintiff was also regarded and treated by defendant as
11   having, or having had, a physical disability that makes the achievement of a major life activity
12   more difficult, within the meaning of the Fair Employment and Housing Act.

13       12.    From July 2004 and continuing to the present, Defendant has been aware of
14   plaintiff's ankle condition, such that plaintiff had a record or history of having a physical
15   disability known to defendant, within the meaning of the Fair Employment and Housing Act.

16       13.    The severity of plaintiff's disability required her to remain off of work for a
17   period of time.   Plaintiff presented defendants with physicians' notes in support of her requests
18   for time off of work.  Plaintiff also regularly left telephone messages with her immediate
19   supervisor, Jonathon Lacsöit, regarding her status and the progress of her recovery.

20       14.    In January 2006, plaintiff's physicians determined that she was well enough to
21   return to work, with restrictions on the number of hours she could work, a restriction on lifting
22   any more than 20 lbs, and a requirement that she sit down every hour for at least 10 minutes.
23   Plaintiff provided defendants with a physician's note authorizing her to return to work, and
24   specifying these restrictions.

25       15.    Plaintiff's immediate supervisor failed to return plaintiff's calls with regard to
26   getting back to work.  She then approached defendant's HR department directly, and against
27   explained that she was authorized to return to work, and the nature of her work restrictions.

28

FIRST AMENDED COMPLAINT FOR DAMAGES - 4

1    16.    Defendant made no effort to get plaintiff back to work. Instead, the company

2    summarily informed plaintiff that she could not return to work at least 20 hours a week without

3    restrictions, or 40 hours with restrictions.

4    17.    Govt. Code § 12940(n) makes it illegal "for an employer . . . to fail to engage in a

5    timely, good faith interactive process with the employee or applicant to determine effective

6    reasonable accommodation by an employee or applicant with a known physical or mental

7    disability or known medical condition."

8    18.    By refusing to given any consideration whatsoever to plaintiff's request for

9    accommodation, defendants violated their obligation to engage in the interactive process,

10    contrary to Govt. Code § 12940(n).

11    19.    Plaintiff filed a timely charge of disability discrimination with the California

12    Department of Fair Employment and Housing (DFEH), naming Applied Biosystems as a

13    respondent in the body of said complaint. Plaintiff has received a right to sue notice for this

14    charge pursuant to Govt. Code § 12965(b). Plaintiff filed this action within one year from the

15    date she received her "right to sue" letter from the DFEH, and has therefore properly exhausted

16    her administrative remedies.

17    20.    As a direct and proximate result of the wrongful acts of defendants, and each of

18    them, plaintiff has suffered and continues to suffer physical pain, severe emotional distress,

19    including without limitation, depression, hopelessness, embarrassment, humiliation, degradation,

20    loss of self-esteem, and mental anguish. As a result, plaintiff is entitled to general and

21    compensatory damages according to proof.

22    21.    As a further direct and proximate result of the wrongful acts of defendants

23    described herein, plaintiff has been forced to hire an attorney to prosecute her claims, and has

24    incurred and will continue to incur attorneys' fees and costs. Plaintiff is entitled to recover such

25    attorneys' fees and costs under Govt. Code § 12965(b).

26    22.    The outrageous conduct of defendants described herein was done with malice,

27    fraud, and oppression, with conscious disregard for plaintiff's rights, and with the intent, design

28    and purpose of injuring her. Defendants, through their officers, managing agents and/or

1  supervisors, authorized, condoned, and/or ratified the unlawful conduct alleged herein. By reason

2  thereof, plaintiff is entitled to punitive or exemplary damages from all defendants in a sum

3  according to proof at trial.

4  **SECOND CLAIM FOR RELIEF**

5  **Failure to Accommodate**

6  **(Against all Defendants)**

7      23.    Plaintiff incorporates by reference paragraphs 1-22 above, as though fully set

8  forth herein.

9      24.    Pursuant to Govt. Code § 12940(m), defendants had a duty to accommodate

10  Plaintiff's ankle condition. Despite actual knowledge of plaintiff's disability, and multiple

11  requests for accommodation, defendants refused to offer any reasonable accommodations to

12  allow plaintiff to return to work. In doing the foregoing acts, defendants failed to accommodate

13  plaintiff's disability, in violation of Govt. Code § 12940(m).

14      25.    Plaintiff filed a timely charge of disability discrimination with the California

15  Department of Fair Employment and Housing (DFEH), naming Applied Biosystems (a name

16  under which Applera does business) as a respondent in the body of said complaint. Plaintiff has

17  received a right to sue notice for this charge pursuant to Govt. Code § 12965(b). Plaintiff filed

18  this action within one year from the date she received her "right to sue" letter from the DFEH,

19  and has therefore properly exhausted her administrative remedies.

20      26.    As a direct and proximate result of the wrongful acts of defendants, and each of

21  them, plaintiff has suffered and continues to suffer physical pain, severe emotional distress,

22  including without limitation, depression, hopelessness, embarrassment, humiliation, degradation,

23  loss of self-esteem, and mental anguish. As a result, plaintiff is entitled to general and

24  compensatory damages according to proof.

25      27.    As a further direct and proximate result of the wrongful acts of defendants

26  described herein, plaintiff has been forced to hire an attorney to prosecute her claims, and has

27  incurred and will continue to incur attorneys' fees and costs. Plaintiff is entitled to recover such

28  attorneys' fees and costs under Govt. Code § 12965(b).

28. The outrageous conduct of defendants described herein was done with malice, fraud, and oppression, with conscious disregard for plaintiff's rights, and with the intent, design and purpose of injuring her. Defendants, through their officers, managing agents and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct alleged herein. By reason thereof, plaintiff is entitled to punitive or exemplary damages from all defendants in a sum according to proof at trial.

## THIRD CLAIM FOR RELIEF

**Failure to Engage in the Interactive Process in Good Faith (2007)**

**(Against all Defendants)**

29. Plaintiff incorporates by reference paragraphs 1-28 above, as though fully set forth herein.

30. In February 2007, after Applera told plaintiff it was going to terminate her, plaintiff again advised the company of her work restrictions, and requested accommodations that would allow her to return to work. Plaintiff kept defendants advised of her work restrictions at all times thereafter.

31. Despite plaintiff's requests, defendant delayed having an interactive meeting with plaintiff, and then further delayed her return to work until June 2007.

32. Govt. Code § 12940(n) makes it illegal "for an employer. . . to fail to engage in a timely, good faith interactive process with the employee or applicant to determine effective reasonable accommodation by an employee or applicant with a known physical or mental disability or known medical condition."

33. By engaging in the above-referenced conduct during 2007, defendants violated their obligation to engage in the interactive process in good faith, contrary to Govt. Code § 12940(n).

34. As a direct and proximate result of the wrongful acts of defendants, and each of them, plaintiff has suffered and continues to suffer severe physical pain, severe emotional distress, including without limitation, depression, hopelessness, embarrassment, humiliation, degradation,

Exhibit 26-13

1    loss of self-esteem, and mental anguish.  As a result, plaintiff is entitled to general and

2    compensatory damages according to proof.

3    35.    As a further direct and proximate result of the wrongful acts of defendants

4    described herein, plaintiff has been forced to hire an attorney to prosecute her claims, and has

5    incurred and will continue to incur attorneys' fees and costs.  Plaintiff is entitled to recover such

6    attorneys' fees and costs under Govt. Code § 12965(b).

7    36.    The outrageous conduct of defendants described herein was done with malice,

8    fraud, and oppression, with conscious disregard for plaintiff's rights, and with the intent, design

9    and purpose of injuring her.  Defendants, through their officers, managing agents and/or

10    supervisors, authorized, condoned, and/or ratified the unlawful conduct alleged herein.  By reason

11    thereof, plaintiff is entitled to punitive or exemplary damages from all defendants in a sum

12    according to proof at trial.

13    **FOURTH CLAIM FOR RELIEF**

14    **Employment Discrimination – Disability**

15    **(Against all Defendants)**

16    37.    Plaintiff incorporates by reference paragraphs 1-36 above, as though fully set

17    forth herein.

18    38.    The above-described conduct, including but not limited to defendant's refusal to

19    allow plaintiff to return to work, were adverse and discriminatory actions taken based on

20    plaintiff's physical disabilities.

21    39.    After plaintiff returned to work in June 2007, defendant engaged in further

22    disability discrimination, including the following examples:

23    a.    Plaintiff has repeatedly been given paychecks which inaccurately reflect

24    the hours she worked.  In August 2007, Applera shorted plaintiff 20 hours on her paycheck, and

25    failed to timely rectify this error.  Despite plaintiff's complaints, the errors in her paychecks

26    continue to occur, to plaintiff's detriment.

27    b.    In or about September 2007, plaintiff was not notified of an all-hands

28    employee meeting.  She found out about the meeting accidentally, shortly before it was

FIRST AMENDED COMPLAINT FOR DAMAGES - 7

FIRST AMENDED COMPLAINT FOR DAMAGES - 8

1  scheduled to begin. Plaintiff tried to attend the meeting, but found out that it had been scheduled

2  in a second floor location that was inaccessible to her because of her disability, in that it had

3  unsafe stairs and no elevator. Before the meeting took place, plaintiff had asked her supervisor

4  to provide with her notes about what happened at the meeting. Plaintiff still had to make

5  multiple requests for this information before it was provided. The information plaintiff's

6  supervisor finally provided about the meeting contained various acronyms unknown to plaintiff.

7  Plaintiff's supervisor refused to clarify what the acronyms mean.

8         c.    In or about September 2007, plaintiff was not notified of an official

9  company sponsored barbecue event which the other employees and the leaders of the company

10  attended. If defendant had provided plaintiff with notice of this event, she would have

11  rearranged her schedule to ensure her attendance at the barbecue.

12         d.    Since returning to work in June 2007, plaintiff has not received notice of

13  numerous other events, including birthday parties. Plaintiff has also failed to receive notification

14  of important company changes in methods of production/packaging.

15  40.    The above-described conduct constitutes discriminatory changes in the terms and

16  conditions of plaintiff's employment, based on her disability.

17  41.    Plaintiff filed a timely charge of disability discrimination with the California

18  Department of Fair Employment and Housing (DFEH), naming Applied Biosystems as a

19  respondent in the body of said complaint. Plaintiff received a right to sue notice for this charge

20  pursuant to Govt. Code § 12965(b). Plaintiff filed an amended charge of discrimination against

21  Applied Biosystems/Applera with the DFEH, alleging disability discrimination and retaliation

22  based on Applera's above-described conduct since plaintiff returned to work in June 2007.

23  Plaintiff filed this action within one year from the date she received her "right to sue" letter from

24  the DFEH, and has therefore properly exhausted her administrative remedies.

25  42.    As a direct and proximate result of the wrongful actions of defendants, plaintiff

26  has been harmed in that she has suffered actual, consequential and incidental financial losses,

27  including without limitation, loss of earnings and other employment benefits and the intangible

28  loss of employment-related opportunities for growth in her field and damage to her professional

reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as
damages together with prejudgment interest pursuant to Civil Code § 3287 and or Civil Code §
3288 and/or any other provision of law providing for prejudgment interest.

43. As a direct and proximate result of the wrongful acts of defendants, and each of
them, plaintiff has suffered and continues to suffer physical pain, severe emotional distress,
including without limitation, depression, hopelessness, embarrassment, humiliation, degradation,
loss of self-esteem, and mental anguish. As a result, plaintiff is entitled to general and
compensatory damages according to proof.

44. As a further direct and proximate result of the wrongful acts of defendants
described herein, plaintiff has been forced to hire an attorney to prosecute her claims, and has
incurred and will continue to incur attorneys' fees and costs. Plaintiff is entitled to recover such
attorneys' fees and costs under Govt. Code § 12965(b).

45. The outrageous conduct of defendants described herein was done with malice,
fraud, and oppression, with conscious disregard for plaintiff's rights, and with the intent, design
and purpose of injuring her. Defendants, through their officers, managing agents and/or
supervisors, authorized, condoned, and/or ratified the unlawful conduct alleged herein. By reason
thereof, plaintiff is entitled to punitive or exemplary damages from all defendants in a sum
according to proof at trial.

# FIFTH CLAIM FOR RELIEF

## Retaliation

**(Against all Defendants)**

46. Plaintiff incorporates by reference paragraphs 1-45 above, as though fully set
forth herein.

47. Plaintiff engaged in protected activity by complaining about and opposing the
discrimination against her, by filing charges with the DFEH, by filing a lawsuit against Applera,
and by otherwise exercising her rights under FEHA, including but not limited to making requests
for accommodation for her disability.

FIRST AMENDED COMPLAINT FOR DAMAGES - 9

FIRST AMENDED COMPLAINT FOR DAMAGES - 10

48.    Adverse employment actions taken against PLAINTIFF, with reference to the

totality of Applera's conduct towards PLAINTIFF, include the conduct described above, and: (1)

refusing to allow plaintiff to return to work; (2) incorrectly paying plaintiff; (3) not inviting

plaintiff to company meetings and events; and (4) holding meetings in areas inaccessible to

plaintiff because of her disability. A causal connection exists between plaintiff's protected

activities and these adverse employment actions.

49.    Plaintiff filed a timely charge of retaliation with the California Department of Fair

Employment and Housing (DFEH), naming Applied Biosystems/Applera as a respondent in the

body of said complaint. Plaintiff received a right to sue notice for this charge pursuant to Govt.

Code § 12965(b). Plaintiff filed this action within one year from the date she received her "right

to sue" letter from the DFEH, and has therefore properly exhausted her administrative remedies.

50.    As a direct and proximate result of the wrongful actions of defendants, plaintiff

has been harmed in that she has suffered actual, consequential and incidental financial losses,

including without limitation, loss of earnings and other employment benefits and the intangible

loss of employment-related opportunities for growth in her field and damage to her professional

reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as

damages together with prejudgment interest pursuant to Civil Code § 3287 and or Civil Code §

3288 and/or any other provision of law providing for prejudgment interest.

51.    As a direct and proximate result of the wrongful acts of defendants, and each of

them, plaintiff has suffered and continues to suffer physical pain, severe emotional distress,

including without limitation, depression, hopelessness, embarrassment, humiliation, degradation,

loss of self-esteem, and mental anguish. As a result, plaintiff is entitled to general and

compensatory damages according to proof.

52.    As a further direct and proximate result of the wrongful acts of defendants

described herein, plaintiff has been forced to hire an attorney to prosecute her claims, and has

incurred and will continue to incur attorneys' fees and costs. Plaintiff is entitled to recover such

attorneys' fees and costs under Govt. Code § 12965(b).

53.    The outrageous conduct of defendants described herein was done with malice,
fraud, and oppression, with conscious disregard for plaintiff's rights, and with the intent, design
and purpose of injuring her. Defendants, through their officers, managing agents and/or
supervisors, authorized, condoned, and/or ratified the unlawful conduct alleged herein. By reason
thereof, plaintiff is entitled to punitive or exemplary damages from all defendants in a sum
according to proof at trial.

WHEREFORE, Plaintiff requests the following judgment and relief:

1.    For compensatory and general damages in an amount according to proof;

2.    For emotional distress;

3.    For punitive damages;

4.    For statutory attorneys' fees and costs;

5.    For pre-judgment and post-judgment interest according to any applicable
provision of law, according to proof;

6.    For costs of suit; and

7.    For such other and further relief as the court deems proper.

**JURY TRIAL DEMANDED**

DATED:  February 29, 2008                    LAW OFFICES OF MAUREEN E. McFADDEN

                                             By: _____
                                             Maureen E. McFadden

                                             Attorney for Plaintiff
                                             MEGAN KELLY

Exhibit 26-18

# EXHIBIT B

*Exhibit 26-19*

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY                    ARNOLD SCHWARZENEGGER, Governor

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
1515 Clay Street, Suite 701, Oakland, CA 94612
(510) 622-2973 TTY (800) 700-2320 Fax (510) 622-2952
www.dfeh.ca.gov



February 20, 2008

MAUREEN E. MCFADDEN
ATTORNEY AT LAW
LAW OFFICE OF MAUREEN E. MCFADDEN
819 BANCROFT WAY
BERKELEY, CA 94710

RE:    E200607A0570-01-pc
       MEGAN/APPLERA CORPORATION (AKA) APPLIED BIOSYSTEMS

Dear MAUREEN E. MCFADDEN:

## NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective January 9, 2007 because an immediate right-to-sue notice was requested. DFEH will take no further action on the complaint.

This letter is also the Right-To-Sue Notice.  According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint.  The civil action must be filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment Opportunity Commission (EEOC) must be visited to file a complaint within 30 days of receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged discriminatory act, whichever is earlier.

Notice of Case Closure
Page Two

DFEH does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,

Herbert Yarbrough
District Administrator

cc: Case File

HUMAN RESOURCE DIRECTOR
APPLERA CORPORATION
AKA APPLIED BIOSYSTEMS
850 LINCOLN CENTRE DR.
FOSTER CITY, CA 94508

DFEH-200-43 (06/06)

Exhibit 26-20

Exhibit 26-31

**\* \* \* EMPLOYMENT \* \* \***
**COMPLAINT OF DISCRIMINATION UNDER**
**THE PROVISIONS OF THE CALIFORNIA**
**FAIR EMPLOYMENT AND HOUSING ACT**

DFEH # E200607A-0570-01-prc

DFEH USE ONLY    *This is Related to DFEH Case E200607A0570~*

**CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**

YOUR NAME (indicate Mr. or Ms.)
Megan Kelly

| TELEPHONE NUMBER (INCLUDE AREA CODE) |
| 510-845-7636 |

ADDRESS
2009 McGee, No. 2

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
| Berkeley, CA 94703 | | |

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE,
OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME.

NAME
Applera Corporation (aka Applied Biosystems)

ADDRESS
850 Lincoln Centre Drive

| CITY/STATE/ZIP | COUNTY | DFEH USE ONLY |
| Foster City, CA | | |

| NO. OF EMPLOYEES/MEMBERS (if known) | DATE MOST RECENT OR CONTINUING DISCRIMINATION | RESPONDENT CODE |
| | TOOK PLACE (month, day, and year) | |
| | October 2007 | |

THE PARTICULARS ARE:
On June 18, 2007 to the present, I was

| I was | | |
| pay | | |
| laid off | | |
| denied | | |
| denied promotion | | |
| denied transfer | | |
| denied employment | denied reasonable accommodation | forced to quit |
| denied family or medical leave | denied reasonable accommodation | constructive discharge |
| denied pregnancy leave | other (specify) | genetic characteristics testing |
| denied right to wear pants | harassment non-job-related inquiry | impermissible non-job-related inquiry |
| other (specify) | | denied pregnancy accommodation |

by See Attachment A.  *Terms and conditions of employment*

Name of Person

Job Title (supervisor/manager/personnel director/etc.)

because of my:

| race/color | sex | age |
| religion | marital status | association |
| national origin/ancestry | physical disability | (Circle one) filing |
| | cancer | Protesting, participating in |
| | genetic characteristics | investigation (retaliation for) |
| medical condition | other (specify) | |

the reason given by See Attachment A

Name of Person and Job Title

Was because      See Attachment A

of (please
state what
you believe to
be reason(s))

RECEIVED

NOV 20 2007

SAN FRANCISCO DISTRICT OFFICE

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue. I understand that if I want a federal notice of right-to-sue, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated  11/9/07

At  Berkeley
    City

COMPLAINANT'S SIGNATURE

DATE FILED:

DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
STATE OF CALIFORNIA
DFEH-300-03 (01/05)

*Exhibit 26-33*

Attachment A

*Megan Kelly/Applera Corporation*

After a leave of absence due to my disability (ankle injury and complications stemming from that injury) I returned to work at Applied Biosystems on or about June 18, 2007. Since my return, the following has occurred:

(1)    In or about August 2007, I was shorted 20 hours on my paycheck. I immediately notified Applera, but it failed to timely rectify the non-payment of all wages I had earned for that time period. Further issues with incorrect pay have continued to occur.

(2)    In or about September 2007, I was not notified of an all-hands employee meeting. I found out about the meeting accidentally, shortly before it was scheduled to begin. I tried to attend the meeting, but found out it had been scheduled for a location that was not accessible to me given my disability, in that it had unsafe stairs, and no elevator.

(3)    In or about October 2007, Applera failed to notify me about an official company sponsored barbecue event, which the other employees and the leaders of the company attended. If Applera had given me notice of this event, I would have re-arranged my schedule to ensure my attendance at the barbecue.

Applera's constitutes disability discrimination (including as to the terms and conditions of employment) and a failure to accommodate. Applera's conduct is also retaliatory, based on my having protested the company's discriminatory practices, and for having filed an earlier DFEH charge and lawsuit alleging disability discrimination.

Exhibit 26-23

Maureen E. McFadden, SBN 203781
LAW OFFICES OF MAUREEN E. McFADDEN
819 Bancroft Way
Berkeley, CA 94710
Ph (510) 845-5203
Fax (510) 868-0976

Attorney for Plaintiff
MEGAN KELLY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MEGAN KELLY, | Case No.: C-07-3002 MMC |
| Plaintiff, | NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF MAUREEN E. McFADDEN IN SUPPORT THEREOF |
| vs. | |
| APPLERA CORPORATION and DOES 1-20, inclusive, | |
| Defendants. | Date: April 4, 2008 Time: 9:00 a.m. Courtroom 7, 19th Floor The Honorable Maxine M. Chesney |

TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on April 4, 2008 at 9:00 a.m. in Courtroom 7 of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA, plaintiff Megan Kelly will move for an order granting her leave to file a first amended complaint.

This motion is based on the grounds that a plaintiff may amend a complaint to set forth newly ascertained allegations, and is supported by the attached memorandum of points and authorities, the declaration of Maureen E. McFadden and all pleadings filed in this matter. A

MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT

proposed First Amended Complaint is lodged concurrently with plaintiff's moving papers and is attached hereto as Exhibit A.

DATED: February 29, 2008

LAW OFFICES OF MAUREEN E. MCFADDEN

By: Maureen E. McFadden

Attorney for Plaintiff
MEGAN KELLY

Exhibit 26-24

# MEMORANDUM OF POINTS AND AUTHORITIES

**A.    Introduction**

Plaintiff Megan Kelly initially sued employer Applera Corporation for three claims:

Failure to Engage in the Interactive Process; (2) Failure to Accommodate; and (3) Disability

Discrimination, all relating to Ms. Kelly's ankle condition. These initial three claims related to

Applera's conduct from January 2006 through April 2007, when the complaint was filed.

An amended complaint is now necessary, to add additional allegations to the first three claims

based on developments during the course of discovery in the case, and to add new claims for

retaliation and disability discrimination, based on Applera's conduct since Ms. Kelly returned to

work at Applera. Based on the federal policy of liberally granting leave to amend, this motion

should be granted.

**B.    Leave to Amend Should Be Granted**

Pursuant to Fed. R. Civ. Pro. Rule 15(a), once a responsive pleading has been served, "A

party may amend his pleading only by leave of court or by written consent of the adverse party."

Rule 15(a) further provides that "leave shall be freely given when justice so requires." As was

stated by the United States Supreme Court in Foman v. Davis 371 U.S. 178, 182 (1962):

Rule 15(a) declares that leave to amend shall be freely given when justice
requires; this mandate is to be heeded. If the underlying facts or circumstances
relied upon by plaintiff may be a proper subject of relief, he ought to be afforded
an opportunity to test his claim on the merits. In the absence of any apparent or
declared reason – such as undue delay, bad faith or dilatory motive on the part of
the movant, repeated failure to cure deficiencies by amendments previously
allowed, undue prejudice to the opposing party by virtue of the allowance of the
amendment, futility of amendment, etc. – the leave sought should, as the rules
require, be "freely given." Of course, the grant or denial of an opportunity to
amend is within the discretion of the District Court, but outright refusal to grant
the leave without any justifying reason appearing for the denial is not an exercise
of discretion; it is merely abuse of that discretion and inconsistent with the spirit
of the federal rules.

Here, plaintiff only recently learned that Applera is claiming that she was not disabled at

all, necessitating the addition of the other protected categories, "regarded as" having a disability,

and having a history of having a disability, to the pleadings. Also, since the time of the filing of

Exhibit 26-26

this complaint, Applera continued to fail to engage in the interactive process in good faith, and plaintiff wishes to supplement these allegations. Additionally, after plaintiff finally returned to work in June 2007, she was subject to additional disability discrimination and retaliation by Applera. This conduct began occurring in early Fall of 2007. Plaintiff has been diligent in pursuing these additional claims, in that a timely amended complaint of discrimination was filed with the DFEH in November 2007. Despite the November filing, the DFEH failed to close this complaint and allow plaintiff to pursue it in court until February 20, 2008. (See McFadden Declaration ¶ 3) Immediately thereafter, plaintiff sought to amend her pleadings with this Court. Because the amended and new allegations are related to plaintiff's original claims, judicial efficiency and the interests of justice favor allowing plaintiff to amend as requested.

## CONCLUSION

Based on the foregoing argument and authority, plaintiff Megan Kelly respectfully requests that the Court grant this motion for leave to file an amended complaint.

DATED: February 29, 2008          LAW OFFICES OF MAUREEN E. MCFADDEN

By: _____
Maureen E. McFadden
Attorney for Plaintiff
MEGAN KELLY

MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT

Exhibit 26-27

# DECLARATION OF MAUREEN E. MCFADDEN

1.    I am an attorney duly admitted to practice before this Court, and the attorney of record for plaintiff Megan Kelly in this action. I have personal knowledge of the facts set forth herein, and if called as a witness, could and would testify thereto.

2.    Attached hereto as Exhibit A is a true and correct copy of plaintiff's proposed first amended complaint.

3.    In November 2007, plaintiff submitted an amended charge of discrimination to the DFEH, pertaining to discriminatory and retaliatory conduct defendant has engaged in since August 2007. True and correct copies of the amended DFEH charge, and the DFEH's February 20, 2008 Notice of Case Closure, are attached hereto as Exhibit B.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on February 29, 2008 at Berkeley, California.

_____
Maureen E. McFadden

MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT

Exhibit 26-38

# EXHIBIT A

1  Maureen E. McFadden, SBN 203781
   LAW OFFICES OF MAUREEN E. MCFADDEN
2  819 Bancroft Way
   Berkeley, CA 94710
3  Ph (510) 845-5203
   Fax (510) 868-0976
4  Attorney for Plaintiff
   MEGAN KELLY
5
6              UNITED STATES DISTRICT COURT
7              NORTHERN DISTRICT OF CALIFORNIA
8              SAN FRANCISCO DIVISION
9
10  MEGAN KELLY,                          ) Case No.: C-07-3002 MMC
11                    Plaintiff,          )
                                          )  FIRST AMENDED COMPLAINT
12       vs.                              )
                                          )  1. Failure to Engage in the Interactive
13  APPLERA CORPORATION and DOES 1-20,    )     Process in Good Faith (Jan. 2006)
                                          )  2. Failure to Accommodate
14       inclusive,                       )  3. Failure to Engage in the Interactive
                                          )     Process in Good Faith (2007)
15                    Defendants.         )  4. Employment Discrimination – Disability
                                          )  5. Retaliation
16                                        )
17
                     JURY TRIAL DEMANDED
18
    Plaintiff Megan Kelly alleges as follows:
19
                     GENERAL ALLEGATIONS
20
21       1.    Plaintiff Megan Kelly is an individual who resides in Alameda County.
22       2.    From on or about February 2002 and continuing to the present, plaintiff has been
23  employed as an Associate Production Chemist at Applied Biosystems, which is part of Applera
24  Corporation. At all times relevant hereto, plaintiff worked at Applera Corporation's Pleasanton
25  location, which is in Alameda County. Plaintiff was at all times relevant to this action an
26  "employee" of defendant Applera Corporation as that term is defined in California Govt. Code §
27  1296(c), part of the California Fair Employment and Housing Act ("FEHA," Govt. Code § §
28  12900 et seq.)

FIRST AMENDED COMPLAINT FOR DAMAGES - 1

Exhibit 26-36

1  Defendant Applera Corporation was a corporation doing business in Alameda

2  County, California at all times relevant hereto. Applera Corporation is and at all times relevant

3  hereto has been plaintiff's "employer" as that term is defined in California Govt. Code § §

4  12926(d), 12940(a), and 12940(j)(4)(a).

5  4. The acts and omissions described herein all occurred in Alameda County.

6  5. The true names and capacities, whether individual, corporate, associate, or

7  otherwise of the defendants named herein as DOES 1-20, inclusive, are unknown to plaintiff at

8  this time and therefore said defendants are sued by such fictitious names. Plaintiff will seek

9  leave to amend this complaint to insert the true names and capacities of said defendants when the

10  same becomes known to her. Plaintiff is informed and believes and based thereon alleges that

11  each of the fictitiously named defendants is responsible for the wrongful acts alleged herein, and

12  are therefore liable to her as alleged hereinafter.

13  6. Each of the defendants was the agent of the remaining defendants, and in doing

14  the acts alleged, was acting both individually and within the course and scope of such

15  agency/employment, with the knowledge/consent of the remaining defendants.

16  ## FIRST CLAIM FOR RELIEF

17  **Failure to Engage in the Interactive Process in Good Faith (January 2006)**

18  (Against all Defendants)

19  7. Plaintiff incorporates by reference paragraphs 1-6 above, as though fully set forth

20  herein.

21  8. On or about July 6, 2004, plaintiff tripped and sprained her ankle. In September

22  2004, after a short medical leave and physical therapy, plaintiff was released to return to work.

23  As part of her return to work, plaintiff was supposed to be able to sit down whenever she needed

24  to. However, defendants were extraordinarily busy during this timeframe, and short-handed.

25  Plaintiff was pressured to get orders done quickly, and was seldom able to sit down.

26  9. On or about September 21, 2004, while moving about extensively and attending

27  to multiple tasks at the same time, plaintiff re-injured her right ankle. Emergency room

28  physicians diagnosed plaintiff with another ankle sprain, and she was again taken off of work.

FIRST AMENDED COMPLAINT FOR DAMAGES - 2

*Exhibit 24*

1   The re-injury was quite serious, in that plaintiff's ankle did not heal well, and she continued

2   experiencing serious instability in her right ankle. Tests performed by plaintiff's disability

3   insurer in or about January 2005 to evaluate plaintiff's readiness to return to work seriously

4   injured plaintiff's left wrist, requiring a visit to the emergency room. Several subsequent falls

5   further aggravated the ankle injury, and plaintiff also sustained wrist injuries in some of those

6   falls.

7        10.    Plaintiff's ankle condition is a physical impairment that limited her ability to

8   perform major life activities, including the major life activity of work. Plaintiff's ankle condition

9   constituted a physical disability within the meaning of Govt. Code § 12926(K).

10        11.    As to her ankle condition, plaintiff was also regarded and treated by defendant as

11   having, or having had, a physical disability that makes the achievement of a major life activity

12   more difficult, within the meaning of the Fair Employment and Housing Act.

13        12.    From July 2004 and continuing to the present, Defendant has been aware of

14   plaintiff's ankle condition, such that plaintiff had a record or history of having a physical

15   disability known to defendant, within the meaning of the Fair Employment and Housing Act.

16        13.    The severity of plaintiff's disability required her to remain off of work for a

17   period of time. Plaintiff presented defendants with physicians' notes in support of her requests

18   for time off of work. Plaintiff also regularly left telephone messages with her immediate

19   supervisor, Jonathon Laosiri, regarding her status and the progress of her recovery.

20        14.    In January 2006, plaintiff's physicians determined that she was well enough to

21   return to work, with restrictions on the number of hours she could work, a restriction on lifting

22   any more than 20 lbs, and a requirement that she sit down every hour for at least 10 minutes.

23   Plaintiff provided defendants with a physician's note authorizing her to return to work, and

24   specifying these restrictions.

25        15.    Plaintiff's immediate supervisor failed to return plaintiff's calls with regard to

26   getting back to work. She then approached defendant's HR department directly, and against

27   explained that she was authorized to return to work, and the nature of her work restrictions.

28

FIRST AMENDED COMPLAINT FOR DAMAGES - 3

FIRST AMENDED COMPLAINT FOR DAMAGES - 4

1    16.    Defendant made no effort to get plaintiff back to work. Instead, the company

2    summarily informed plaintiff that she could not return to work at least 20 hours a week without

3    restrictions, or 40 hours with restrictions.

4    17.    Govt. Code § 12940(n) makes it illegal "for an employer . . . to fail to engage in a

5    timely, good faith interactive process with the employee or applicant to determine effective

6    reasonable accommodation by an employee or applicant with a known physical or mental

7    disability or known medical condition."

8    18.    By refusing to given any consideration whatsoever to plaintiff's request for

9    accommodation, defendants violated their obligation to engage in the interactive process,

10    contrary to Govt. Code § 12940(n).

11    19.    Plaintiff filed a timely charge of disability discrimination with the California

12    Department of Fair Employment and Housing (DFEH), naming Applied Biosystems as a

13    respondent in the body of said complaint. Plaintiff has received a right to sue notice for this

14    charge pursuant to Govt. Code § 12965(b). Plaintiff filed this action within one year from the

15    date she received her "right to sue" letter from the DFEH, and has therefore properly exhausted

16    her administrative remedies.

17    20.    As a direct and proximate result of defendants' wrongful acts, and each of

18    them, plaintiff has suffered and continues to suffer physical pain, severe emotional distress,

19    including without limitation, depression, hopelessness, embarrassment, humiliation, degradation,

20    loss of self-esteem, and mental anguish. As a result, plaintiff is entitled to general and

21    compensatory damages according to proof.

22    21.    As a further direct and proximate result of the wrongful acts of defendants

23    described herein, plaintiff has been forced to hire an attorney to prosecute her claims, and has

24    incurred and will continue to incur attorneys' fees and costs. Plaintiff is entitled to recover such

25    attorneys' fees and costs under Govt. Code § 12965(b).

26    22.    The outrageous conduct of defendants described herein was done with malice,

27    fraud, and oppression, with conscious disregard for plaintiff's rights, and with the intent, design

28    and purpose of injuring her. Defendants, through their officers, managing agents and/or

1   supervisors, authorized, condoned, and/or ratified the unlawful conduct alleged herein. By reason

2   thereof, plaintiff is entitled to punitive or exemplary damages from all defendants in a sum

3   according to proof at trial.

4   SECOND CLAIM FOR RELIEF

5   Failure to Accommodate

6   (Against all Defendants)

7        23.    Plaintiff incorporates by reference paragraphs 1-22 above, as though fully set

8   forth herein.

9        24.    Pursuant to Govt. Code § 12940(m), defendants had a duty to accommodate

10  Plaintiff's ankle condition. Despite actual knowledge of plaintiff's disability, and multiple

11  requests for accommodation, defendants refused to offer any reasonable accommodations to

12  allow plaintiff to return to work. In doing the foregoing acts, defendants failed to accommodate

13  plaintiff's disability, in violation of Govt. Code § 12940(m).

14       25.    Plaintiff filed a timely charge of disability discrimination with the California

15  Department of Fair Employment and Housing (DFEH), naming Applied Biosystems (a name

16  under which Applera does business) as a respondent in the body of said complaint. Plaintiff has

17  received a right to sue notice for this charge pursuant to Govt. Code § 12965(b). Plaintiff filed

18  this action within one year from the date she received her "right to sue" letter from the DFEH,

19  and has therefore properly exhausted her administrative remedies.

20       26.    As a direct and proximate result of defendants, and each of

21  them, plaintiff has suffered and continues to suffer physical pain, severe emotional distress,

22  including without limitation, depression, hopelessness, embarrassment, humiliation, degradation,

23  loss of self-esteem, and mental anguish. As a result, plaintiff is entitled to general and

24  compensatory damages according to proof.

25       27.    As a further direct and proximate result of the wrongful acts of defendants

26  described herein, plaintiff has been forced to hire an attorney to prosecute her claims, and has

27  incurred and will continue to incur attorneys' fees and costs. Plaintiff is entitled to recover such

28  attorneys' fees and costs under Govt. Code § 12965(b).

FIRST AMENDED COMPLAINT FOR DAMAGES - 5

*Exhibit 26-36*

1   28.   The outrageous conduct of defendants described herein was done with malice,

2   fraud, and oppression, with conscious disregard for plaintiff's rights, and with the intent, design

3   and purpose of injuring her. Defendants, through their officers, managing agents and/or

4   supervisors, authorized, condoned, and/or ratified the unlawful conduct alleged herein. By reason

5   thereof, plaintiff is entitled to punitive or exemplary damages from all defendants in a sum

6   according to proof at trial.

7   **THIRD CLAIM FOR RELIEF**

8   **Failure to Engage in the Interactive Process in Good Faith (2007)**

9   **(Against all Defendants)**

10   29.   Plaintiff incorporates by reference paragraphs 1-28 above, as though fully set

11   forth herein.

12   30.   In February 2007, after Applera told plaintiff it was going to terminate her,

13   plaintiff again advised the company of her work restrictions, and requested accommodations that

14   would allow her to return to work.  Plaintiff kept defendants advised of her work restrictions at

15   all times thereafter.

16   31.   Despite plaintiff's requests, defendant delayed having an interactive meeting with

17   plaintiff, and then further delayed her return to work until June 2007.

18   32.   Govt. Code § 12940(n) makes it illegal "for an employer. . . to fail to engage in a

19   timely, good faith interactive process with the employee or applicant to determine effective

20   reasonable accommodation by an employee or applicant with a known physical or mental

21   disability or known medical condition."

22   33.   By engaging in the above-referenced conduct during 2007, defendants violated

23   their obligation to engage in the interactive process in good faith, contrary to Govt. Code §

24   12940(n).

25   34.   As a direct and proximate result of the wrongful acts of defendants, and each of

26   them, plaintiff has suffered and continues to suffer physical pain, severe emotional distress,

27   including without limitation, depression, hopelessness, embarrassment, humiliation, degradation,

28

FIRST AMENDED COMPLAINT FOR DAMAGES - 6

loss of self-esteem, and mental anguish.  As a result, plaintiff is entitled to general and

compensatory damages according to proof.

35.     As a further direct and proximate result of the wrongful acts of defendants

described herein, plaintiff has been forced to hire an attorney to prosecute her claims, and has

incurred and will continue to incur attorneys' fees and costs. Plaintiff is entitled to recover such

attorneys' fees and costs under Govt. Code § 12965(b).

36.     The outrageous conduct of defendants described herein was done with malice,

fraud, and oppression, with conscious disregard for plaintiff's rights, and with the intent, design

and purpose of injuring her. Defendants, through their officers, managing agents and/or

supervisors, authorized, condoned, and/or ratified the unlawful conduct alleged herein. By reason

thereof, plaintiff is entitled to punitive or exemplary damages from all defendants in a sum

according to proof at trial.

## FOURTH CLAIM FOR RELIEF

### Employment Discrimination – Disability

### (Against all Defendants)

37.     Plaintiff incorporates by reference paragraphs 1-36 above, as though fully set

forth herein.

38.     The above-described conduct, including but not limited to defendant's refusal to

allow plaintiff to return to work, were adverse and discriminatory actions taken based on

plaintiff's physical disabilities.

39.     After plaintiff returned to work in June 2007, defendant engaged in further

disability discrimination, including the following examples:

a.      Plaintiff has repeatedly been given paychecks which inaccurately reflect

the hours she worked. In August 2007, Appiera shorted plaintiff 20 hours on her paycheck, and

failed to timely rectify this error. Despite plaintiff's complaints, the errors in her paychecks

continue to occur, to plaintiff's detriment.

b.      In or about September 2007, plaintiff was not notified of an all-hands

employee meeting.  She found out about the meeting accidentally, shortly before it was

Exhibit 2a-36

FIRST AMENDED COMPLAINT FOR DAMAGES - 8

1 scheduled to begin. Plaintiff tried to attend the meeting, but found out that it had been scheduled

2 in a second floor location that was inaccessible to her because of her disability, in that it had

3 unsafe stairs and no elevator. Before the meeting took place, plaintiff had asked her supervisor

4 to provide with her notes about what happened at the meeting. Plaintiff still had to make

5 multiple requests for this information before it was provided. The information plaintiff's

6 supervisor finally provided about the meeting contained various acronyms unknown to plaintiff.

7 Plaintiff's supervisor refused to clarify what the acronyms mean.

8      c.     In or about September 2007, plaintiff was not notified of an official

9 company sponsored barbecue event which the other employees and the leaders of the company

10 attended. If defendant had provided plaintiff with notice of this event, she would have

11 rearranged her schedule to ensure her attendance at the barbecue.

12      d.     Since returning to work in June 2007, plaintiff has not received notice of

13 numerous other events, including birthday parties. Plaintiff has also failed to receive notification

14 of important company changes in methods of production/packaging.

15      40.     The above-described conduct constitutes discriminatory changes in the terms and

16 conditions of plaintiff's employment, based on her disability.

17      41.     Plaintiff filed a timely charge of disability discrimination with the California

18 Department of Fair Employment and Housing (DFEH), naming Applied Biosystems as a

19 respondent in the body of said complaint. Plaintiff received a right to sue notice for this charge

20 pursuant to Govt. Code § 12965(b). Plaintiff filed an amended charge of discrimination against

21 Applied Biosystems/Applera with the DFEH, alleging disability discrimination and retaliation

22 based on Applera's above-described conduct since plaintiff returned to work in June 2007.

23 Plaintiff filed this action within one year from the date she received her "right to sue" letter from

24 the DFEH, and has therefore properly exhausted her administrative remedies.

25      42.     As a direct and proximate result of the wrongful actions of defendants, plaintiff

26 has been harmed in that she has suffered actual, consequential and incidental financial losses,

27 including without limitation, loss of earnings and other employment benefits and the intangible

28 loss of employment-related opportunities for growth in her field and damage to her professional

1   reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as
2   damages together with prejudgment interest pursuant to Civil Code § 3287 and/or Civil Code §
3   3288 and/or any other provision of law providing for prejudgment interest.
4       43.    As a direct and proximate result of the wrongful acts of defendants, and each of
5   them, plaintiff has suffered and continues to suffer physical pain, severe emotional distress,
6   including without limitation, depression, hopelessness, embarrassment, humiliation, degradation,
7   loss of self-esteem, and mental anguish. As a result, plaintiff is entitled to general and
8   compensatory damages according to proof.
9       44.    As a further direct and proximate result of the wrongful acts of defendants
10  described herein, plaintiff has been forced to hire an attorney to prosecute her claims, and has
11  incurred and will continue to incur attorneys' fees and costs. Plaintiff is entitled to recover such
12  attorneys' fees and costs under Govt. Code § 12965(b).
13      45.    The outrageous conduct of defendants described herein was done with malice,
14  fraud, and oppression, with conscious disregard for plaintiff's rights, and with the intent, design
15  and purpose of injuring her. Defendants, through their officers, managing agents and/or
16  supervisors, authorized, condoned, and/or ratified the unlawful conduct alleged herein. By reason
17  thereof, plaintiff is entitled to punitive or exemplary damages from all defendants in a sum
18  according to proof at trial.

19                              FIFTH CLAIM FOR RELIEF

20                                      Retaliation

21                                (Against all Defendants)

22      46.    Plaintiff incorporates by reference paragraphs 1-45 above, as though fully set
23  forth herein.
24      47.    Plaintiff engaged in protected activity by complaining about and opposing the
25  discrimination against her, by filing charges with the DFEH, by filing a lawsuit against Applera,
26  and by otherwise exercising her rights under FEHA, including but not limited to making requests
27  for accommodation for her disability.
28

FIRST AMENDED COMPLAINT FOR DAMAGES - 9

1    48.    Adverse employment actions taken against PLAINTIFF, with reference to the

2    totality of Applera's conduct towards PLAINTIFF, include the conduct described above, and: (1)

3    refusing to allow plaintiff to return to work; (2) incorrectly paying plaintiff; (3) not inviting

4    plaintiff to company meetings and events; and (4) holding meetings in areas inaccessible to

5    plaintiff because of her disability.    A causal connection exists between plaintiff's protected

6    activities and these adverse employment actions.

7    49.    Plaintiff filed a timely charge of retaliation with the California Department of Fair

8    Employment and Housing (DFEH), naming Applied Biosystems/Applera as a respondent in the

9    body of said complaint.    Plaintiff received a right to sue notice for this charge pursuant to Govt.

10   Code § 12965(b).    Plaintiff filed this action within one year from the date she received her "right

11   to sue" letter from the DFEH, and has therefore properly exhausted her administrative remedies.

12   50.    As a direct and proximate result of the wrongful actions of defendants, plaintiff

13   has been harmed in that she has suffered actual, consequential and incidental financial losses,

14   including without limitation, loss of earnings and other employment benefits and the intangible

15   loss of employment-related opportunities for growth in her field and damage to her professional

16   reputation, all in an amount subject to proof at the time of trial.    Plaintiff claims such amounts as

17   damages together with prejudgment interest pursuant to Civil Code § 3287 and or Civil Code §

18   3288 and/or any other provision of law providing for prejudgment interest.

19   51.    As a direct and proximate result of the wrongful acts of defendants, and each of

20   them, plaintiff has suffered and continues to suffer physical pain, severe emotional distress,

21   including without limitation, depression, hopelessness, embarrassment, humiliation, degradation,

22   loss of self-esteem, and mental anguish.    As a result, plaintiff is entitled to general and

23   compensatory damages according to proof.

24   52.    As a further direct and proximate result of the wrongful acts of defendants

25   described herein, plaintiff has been forced to hire an attorney to prosecute her claims, and has

26   incurred and will continue to incur attorneys' fees and costs.    Plaintiff is entitled to recover such

27   attorneys' fees and costs under Govt. Code § 12965(b).

28

FIRST AMENDED COMPLAINT FOR DAMAGES - 10

53.    The outrageous conduct of defendants described herein was done with malice, fraud, and oppression, with conscious disregard for plaintiff's rights, and with the intent, design and purpose of injuring her. Defendants, through their officers, managing agents and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct alleged herein. By reason thereof, plaintiff is entitled to punitive or exemplary damages from all defendants in a sum according to proof at trial.

WHEREFORE, Plaintiff requests the following judgment and relief:

1.    For compensatory and general damages in an amount according to proof;

2.    For emotional distress;

3.    For punitive damages;

4.    For statutory attorneys' fees and costs;

5.    For pre-judgment and post-judgment interest according to any applicable provision of law, according to proof;

6.    For costs of suit; and

7.    For such other and further relief as the court deems proper.

JURY TRIAL DEMANDED

DATED: February 29, 2008                LAW OFFICES OF MAUREEN E. MCFADDEN

By: _____
Maureen E. McFadden
Attorney for Plaintiff
MEGAN KELLY

Exhibit No. 46

# EXHIBIT B

*Exhibit 26-41*

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY                    ARNOLD SCHWARZENEGGER, Governor

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
1515 Clay Street, Suite 701, Oakland, CA 94612
(510) 622-2973 TTY (800) 700-2320 Fax (510) 622-2952
www.dfeh.ca.gov



February 20, 2008

MAUREEN E. McFADDEN
ATTORNEY AT LAW
LAW OFFICE OF MAUREEN E. McFADDEN
819 BANCROFT WAY
BERKELEY, CA 94710

RE:    E200607A0570-01-pc
       MEGAN/APPLERA CORPORATION (AKA) APPLIED BIOSYSTEMS

Dear MAUREEN E. McFADDEN:

## NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective January 9, 2007 because an immediate right-to-sue notice was requested. DFEH will take no further action on the complaint.

This letter is also the Right-To-Sue Notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment Opportunity Commission (EEOC) must be visited to file a complaint within 30 days of receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged discriminatory act, whichever is earlier.

Notice of Case Closure
Page Two

DFEH does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,

Herbert Yarbrough
District Administrator

cc: Case File

HUMAN RESOURCE DIRECTOR
APPLERA CORPORATION
AKA APPLIED BIOSYSTEMS
850 LINCOLN CENTRE DR.
FOSTER CITY, CA 94508

Exhibit 26-42

Exhibit 34-43

* * * **EMPLOYMENT** * * *

**COMPLAINT OF DISCRIMINATION UNDER**
**THE PROVISIONS OF THE CALIFORNIA**
**FAIR EMPLOYMENT AND HOUSING ACT**

DFEH # E200607A-0570-01-pre

DFEH USE ONLY    This is Related to DFEH CASE# E200607A0570-r

**CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**

| YOUR NAME (indicate Mr. or Ms.) | | | |
|---|---|---|---|
| Megan Kelly | | | |

| TELEPHONE NUMBER (INCLUDE AREA CODE) | | | |
|---|---|---|---|
| 510-845-7636 | | | |

| ADDRESS | | | |
|---|---|---|---|
| 2009 McGee, No. 2 | | | |

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| Berkeley, CA 94703 | | |

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE,
OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME.

| NAME | | | |
|---|---|---|---|
| Applera Corporation (aka Applied Biosystems) | | | |

| ADDRESS | | | |
|---|---|---|---|
| 850 Lincoln Centre Drive | | | |

| TELEPHONE NUMBER (Include Area Code) | | | |
|---|---|---|---|

| CITY/STATE/ZIP | | COUNTY CODE |
|---|---|---|
| Foster City, CA | | |

| NO. OF EMPLOYEES/MEMBERS (if known) | COUNTY | COUNTY CODE |
|---|---|---|

| DATE MOST RECENT OR CONTINUING DISCRIMINATION | RESPONDENT CODE |
|---|---|
| TOOK PLACE (month, day, and year) October 2007 | |

THE PARTICULARS ARE:

On June 18, 2007 to the present I was     ☐ fired

| ☐ laid off | ☐ denied family or medical leave |
| ☐ demoted | ☐ denied pregnancy leave |
| ☐ denied promotion | ☐ denied equal pay |
| ☐ denied transfer | ☐ denied reasonable accommodation |
| ☐ harassed | ☐ denied pregnancy-related (request) |
| ☐ genetic characteristics testing | ☐ impermissible non-job-related inquiry |
| ☐ forced to quit | ☐ denied right to wear pants |
| ☐ other (specify) | ☐ denied emergency accommodation |

by    See Attachment A

Terms and conditions of employment as at the

| Name of Person | Job Title (supervisor/manager/personnel director/etc.): |
|---|---|

because of my:

| ☐ race/color | ☐ sex | ☐ age | ☐ religion | ☐ national origin/ancestry | ☐ marital status | ☐ association | ☐ physical disability | ☐ mental disability | ☐ medical condition | ☐ cancer | ☐ genetic characteristics | ☐ other (specify) | (Circle one) filing, Protesting, participating in INVESTIGATION (retaliation for) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

the reason given by    See Attachment A

| Name of Person and Job Title |
|---|

Was because    See Attachment A

RECEIVED
NOV 2 6 2007
SAN FRANCISCO DISTRICT OFFICE

of [please
state what
you believe to
be reason(s)]

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue notice. I understand that if I want a federal notice of right-to-sue, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated    11/9/07

At    Berkeley

City

COMPLAINANT'S SIGNATURE

DATE FILED:

DFEH-300-03 (01/05)
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING    STATE OF CALIFORNIA

Exhibit 24-44

p. 4

Attachment A

Megan Kelly/Applera Corporation

After a leave of absence due to my disability (ankle injury and complications stemming from that injury) I returned to work at Applied Biosystems on or about June 18, 2007. Since my return, the following has occurred:

(1)   In or about August 2007, I was shorted 20 hours on my paycheck. I immediately notified Applera, but it failed to timely rectify the non-payment of all wages I had earned for that time period. Further issues with incorrect pay have continued to occur.

(2)   In or about September 2007, I was not notified of an all-hands employee meeting. I found out about the meeting accidentally, shortly before it was scheduled to begin. I tried to attend the meeting, but found out it had been scheduled for a location that was not accessible to me given my disability, in that it had unsafe stairs, and no elevator.

(3)   In or about October 2007, Applera failed to notify me about an official company sponsored barbecue event which the other employees and the leaders of the company attended. If Applera had given me notice of this event, I would have re-arranged my schedule to ensure my attendance at the barbecue.

Applera's constitutes disability discrimination (including as to the terms and conditions of employment) and a failure to accommodate. Applera's conduct is also retaliatory, based on my having protested the company's discriminatory practices, and for having filed an earlier DFEH charge and lawsuit alleging disability discrimination.

# EXHIBIT 27

Exhibit 27-1

* * * EMPLOYMENT * * *

**COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT**

DFEH # E200607A0570-00-pc
DFEH USE ONLY

**CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**

YOUR NAME (indicate Mr. or Ms.): Megan Kelly
TELEPHONE NUMBER (INCLUDE AREA CODE): (510) 845-7636
ADDRESS: 2009 McGee Avenue, # 2
CITY/STATE/ZIP: Berkeley, CA 94703 COUNTY: Alameda COUNTY CODE:

**NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:**

NAME: Applied Biosystems TELEPHONE NUMBER (Include Area Code):
ADDRESS: 850 Lincoln Centre Drive DFEH USE ONLY
CITY/STATE/ZIP: Foster City, CA 94404 COUNTY: COUNTY CODE:
NO. OF EMPLOYEES/MEMBERS (if known): DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month, day, and year): January 2006 to present RESPONDENT CODE:

THE PARTICULARS ARE:

On January 30, 2006 I was: [illegible]

by Stephen Lazar, HR
Name of Person / Job Title [illegible]

because of my: ✓ physical disability [illegible]

the reason given by Stephen Lazar
Name of Person and Job Title

Was because of (please state what you believe to be reason(s)): On or about January 30, 2006 (and continuing to the present), Applied Biosystems failed to engage in the interactive process and failed to accommodate my physical disability (ankle injury). Applied Biosystems refused to consider my doctor's work restrictions, and told me the company did not want me back unless I could work at least 30 hours a week, or without any restrictions at all.

[illegible]

[illegible]

[illegible]

Dated January 6, 2007

At Berkeley
City

COMPLAINANT'S SIGNATURE

RECEIVED
JAN 09 2007
BY: SAN FRANCISCO DISTRICT OFFICE

DATE FILED:

DFEH-300-03 (07/01)
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
STATE OF CALIFORNIA

p.2