Maureen E. McFadden, SBN 203781
LAW OFFICES OF MAUREEN E. MCFADDEN
819 Bancroft Way
Berkeley, CA 94710
Ph (510) 845-5203
Fax (510) 868-0976

Attorney for Plaintiff
MEGAN KELLY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MEGAN KELLY,<br><br>    Plaintiff,<br><br>vs.<br><br>APPLERA CORPORATION and DOES 1-20, inclusive,<br><br>    Defendants. | Case No.: C-07-3002 MMC<br><br>**REPLY BRIEF IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**<br><br>Date: April 4, 2008<br>Time: 9:00 a.m.<br>Courtroom 7, 19th Floor<br>The Honorable Maxine M. Chesney |

### LEAVE TO FILE AN AMENDED COMPLAINT SHOULD BE GRANTED

Applera's opposition brief suggests plaintiff's motion for leave to file a first amended complaint violated this Court's scheduling order, and that therefore "good cause" must be demonstrated. This is not accurate. The scheduling order did not contain a deadline for filing amendments to the pleadings. The liberal federal policy favoring amendment of pleadings [FRCP 15(a)], as set forth in plaintiff's moving papers, governs this motion.

Contrary to Applera's representations, plaintiff's request for leave to amend was quite prompt. Plaintiff's complaint was filed in April 2008. Since that time, Applera engaged in further conduct violative of its obligation to engage in the interactive process in good faith. Plaintiff should be permitted to add these new allegations. Plaintiff also wishes to amend the pleadings to reflect that Applera both regarding her as having a disability and had a record of her

REPLY BRIEF ISO MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT

having a disability, in conformance with discovery in the case to date. Finally, Applera engaged in new disability discrimination and retaliation against plaintiff from August 2007 – November 2007. Plaintiff filed an amended charge of discrimination with the Department of Fair Employment and Housing that same month – November 2007 – and requested an immediate right to sue. Plaintiff cannot be blamed for the DFEH's failure to issue the requested right to sue letter until February 20, 2008, particularly given that the motion for leave to amend was filed within 10 days of receipt of the right to sue letter.

The new allegations are related to the original claims and allegations, and the interests of justice and the availability of judicial resources weigh in favor of having all plaintiff's claims heard at the same time. Based on the foregoing, plaintiff respectfully requests that the Court grant her motion for leave to amend, and amend the scheduling order to allow discovery on the new claims.

DATED: March 21, 2008

LAW OFFICES OF MAUREEN E. MCFADDEN

By: _____
Maureen E. McFadden

Attorney for Plaintiff
MEGAN KELLY