United States District Court
For the Northern District of California

1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   MEGAN KELLY,                          No. C-07-3002 MMC

12              Plaintiff,                 **ORDER DENYING PLAINTIFF'S MOTION**
                                           **FOR LEAVE TO FILE FIRST AMENDED**
13      v.                                 **COMPLAINT; VACATING HEARING**

14   APPLERA CORPORATION,

15              Defendant
     _____/

16

17         Before the Court is plaintiff Megan Kelly's "Motion for Leave to File a First Amended

18   Complaint," filed February 29, 2008.  Defendant Applera Corporation has filed opposition,

19   to which plaintiff has replied.  Having read and considered the papers filed in support of and

20   in opposition to the motion, the Court deems the matter suitable for decision thereon,

21   VACATES the hearing scheduled for April 4, 2008, and rules as follows.

22         In her complaint, plaintiff alleges violations of the California Fair Housing and

23   Employment Act, specifically, that defendant failed to engage in an interactive process and

24   failed to accommodate her disability,[1] and, as a result, discriminated against her by reason

25   of her disability.  Plaintiff seeks leave to file a First Amended Complaint ("FAC") for two

26   purposes: (1) to include allegations that defendant "regarded" plaintiff as disabled and

27

28         [1]In her complaint, as well as in the proposed FAC, plaintiff identifies her disability as
     an "ankle condition."  (See Compl. ¶ 10; proposed FAC ¶ 10.)

knew plaintiff had a "history" of being disabled, (see proposed FAC ¶¶ 11-12);[2] and (2) to add claims based on events occurring after plaintiff filed her initial complaint, (see, e.g., id. ¶¶ 31, 39).

"Whether leave to amend should be granted is generally determined by considering the following factors: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party." Texaco, Inc. v. Ponsoldt, 939 F. 2d 794, 798 (9th Cir. 1991) (internal citation and quotation omitted).

**A. Regarded As Having Disability/Having History of Disability**

Plaintiff asserts she "only recently learned that [defendant] is claiming she was not disabled at all, necessitating the addition of other protected categories, 'regarded as' having a disability, and having a history of having a disability, to the pleadings." (See Pl.'s Mot., third page, lines 26-27.) Defendant argues that plaintiff unduly delayed in seeking to make such amendment, and that it would be prejudiced thereby.

Plaintiff did not "recently" learn that defendant is claiming plaintiff is not disabled. Rather, plaintiff necessarily learned of such defense no later than June 7, 2007, when defendant alleged such defense in its answer. (See Answer at 3:16-19.) Plaintiff offers no explanation for her delay in moving to add "other protected categories" to the pleadings. Consequently, the Court finds the delay was undue.

The non-expert discovery cut-off date in this case is April 11, 2008. (See Pretrial Preparation Order, filed September 17, 2007.) If the Court were to grant plaintiff leave to amend today, and plaintiff were to immediately thereafter file her proposed FAC, the remaining time to conduct factual discovery on plaintiff's new claims would only be nine court days. Defendant asserts, and plaintiff does not dispute, that adding "regarded as"/ "history of having a disability" allegations would necessitate the parties' having to engage in a substantial amount of additional discovery. Indeed, plaintiff, in her reply, requests the Court extend the deadlines in the Court's Pretrial Preparation Order. In so requesting,

---

[2]The proposed FAC is Exhibit A to the Declaration of Maureen E. McFadden, which declaration is attached to the instant motion.

1   plaintiff implicitly argues that defendant would not be prejudiced, at least if the discovery

2   and trial dates are extended.  In addition to discounting the Court's interest in managing its

3   docket, plaintiff's argument ignores the prejudice to the opposing party inherent in any

4   significant change in the trial schedule.  <u>See</u> <u>Solomon v. North American Life & Cas. Ins.</u>

5   <u>Co.</u>, 151 F. 3d 1132, 1139 (9th Cir. 1998) (affirming denial of motion to amend made "on the

6   eve of the discovery deadline" based, <u>inter alia</u>, on prejudice resulting from "re-opening

7   discovery, thus delaying the proceedings"); <u>Texaco</u>, 939 F. 2d at 798-99 (holding, although

8   motion to amend was filed 4 ½ months before trial, motion properly denied because

9   discovery had closed and, as a result, defendant would be "unreasonably prejudiced" by

10  addition of new claims); <u>cf</u>. <u>DCD Programs, Ltd. v. Leighton</u>, 833 F. 2d 183, 187-88 (9th Cir.

11  1987) (holding new party named in amended complaint not prejudiced where case "still at

12  the discovery stage with no trial date pending, nor ha[d] a pretrial conference been

13  scheduled").  Consequently, the Court finds defendant would be prejudiced by the

14  proposed amendment.  <u>See</u> <u>Wong v. Regents of the University of California</u>, 410 F. 3d

15  1052, 1062 (9th Cir. 2005) (holding "disruption to the schedule of the court and other

16  parties" is "not harmless").

17          Accordingly, the motion will be denied to the extent plaintiff seeks to amend to add

18  "regarded as"/"history of having a disability" allegations.

19  **B.  Conduct Occurring After Filing of Initial Complaint**

20          Plaintiff also seeks leave to add claims based on conduct occurring after she filed

21  her initial complaint.[3]  <u>See</u> Fed. R. Civ. P. 15(d) (providing party may move to "serve a

22  supplemental pleading setting out any . . . event that happened after the date of the

23  pleading to be supplemented").  Specifically, according to the proposed FAC, defendant

24  "delayed" until June 2007 before allowing plaintiff to return to work, (<u>see</u> proposed FAC

25  ¶ 31), after which time defendant engaged in "discrimination" and "retaliation," (<u>see</u> <u>id.</u> ¶¶

26  39, 48).  Plaintiff provides the following "examples":  (1) plaintiff has "repeatedly been given

27

28          [3]Plaintiff filed her initial complaint in April 2007.

1  paychecks which inaccurately reflect the hours she worked"; (2) plaintiff was "not notified of

2  an all-hands employee meeting," and, when she "accidentally" learned of the meeting, she

3  could not attend because the location was accessible only by "unsafe stairs"; (3) plaintiff

4  was "not notified of an official company sponsored barbecue event"; and (4) plaintiff has

5  "not received notice of numerous other events, including birthday parties." (See id. ¶ 39.)

6      Because plaintiff received a right-to-sue notice pertaining to such conduct on

7  February 20, 2008, (see McFadden Decl. Ex. B), plaintiff has not been dilatory in seeking

8  leave to amend to add such events to the pleadings.  Plaintiff does not dispute, however,

9  defendant's assertion that inclusion of such new claims would necessitate lengthy

10  discovery; rather, plaintiff requests a continuance of all dates.  For the reasons stated

11  above, the Court finds defendant would be prejudiced by the inclusion of new claims

12  shortly before the close of non-expert discovery, and that plaintiff's proposed remedy of

13  ignoring the existing deadlines is insufficient.  See, e.g., Otis Clapp & Son, Inc. v. Filmore

14  Vitamin Co., 754 F. 2d 738, 743 (7th Cir. 1985) (holding district court did not err in denying

15  motion to supplement complaint to allege claim based on "post-complaint" activity, where

16  new claim would "of necessity require new and further discovery, and postpone the

17  impending trial").

18      Accordingly, the motion will be denied to the extent plaintiff seeks to amend to add

19  claims pertaining to conduct occurring after the filing of the initial complaint.

**CONCLUSION**

21      For the reasons stated above, plaintiff's motion for leave to file a First Amended

22  Complaint is hereby DENIED.

23      **IT IS SO ORDERED.**

24

25  Dated:  March 31, 2008

MAXINE M. CHESNEY
United States District Judge

4