1  TYLER M. PAETKAU, Bar No. 146305
   LAURA E. HAYWARD, Bar No. 204014
2  MOLLY AGARWAL, Bar No. 247545
   LITTLER MENDELSON
3  A Professional Corporation
   650 California Street, 20th Floor
4  San Francisco, CA 94108.2693
   Telephone: 415.433.1940
5
   Attorneys for Defendant
6  APPLERA CORPORATION

7  MAUREEN E. MCFADDEN, Bar No. 203781
   LAW OFFICES OF MAUREEN E. MCFADDEN
8  819 Bancroft Way
   Berkeley, CA 94710
9  Telephone: 510.845.5203

10 Attorney for Plaintiff
   MEGAN KELLY
11
                    UNITED STATES DISTRICT COURT
12
                   NORTHERN DISTRICT OF CALIFORNIA
13
                       SAN FRANCISCO DIVISION
14

15 MEGAN KELLY,                              Case No. C-07-3002 MMC (EMC)

16              Plaintiff,                   **JOINT CASE MANAGEMENT
                                             CONFERENCE STATEMENT**
17         v.
                                             Date:      June 13, 2008
18 APPLERA CORPORATION,                      Time:      10:30 a.m.
                                             Courtroom: 7, 19th Floor
                Defendants.                  Judge:     Hon. Maxine M. Chesney
19                                           Trial Date: September 22, 2008

20                                           Complaint Filed: April 23, 2007

21

22

23

24

25

26

27

28

**JOINT CASE MANAGEMENT STATEMENT**
FIRMWIDE:85468040.1 008292.1051                    **CASE NO. C07-3002-MMC**

Defendant Applera Corporation ("Applera") and Plaintiff Megan Kelly ("Plaintiff") hereby submit their Joint Case Management Statement pursuant to Local Rule 16-9(a) and the Standing Order of this Court.

1. **Jurisdiction and Service**

Applera: Applera contends that this Court has subject matter jurisdiction pursuant to the provisions of 28 U.S.C. § 1441(b) because complete diversity exists between Plaintiff and Defendant and the amount in controversy exceeds the jurisdictional minimum of this Court. Plaintiff has served Defendant with the Summons and Complaint.

Plaintiff:

2. **Facts – Applera's View**

Plaintiff is currently employed and has been employed by Applera as an Associate Production Chemist since February 11, 2002. According to Plaintiff's Complaint, on July 6, 2004, Plaintiff tripped and sprained her ankle. Plaintiff went on an extended medical leave until September 2004. (Complaint, ¶¶ 8-9.)

Plaintiff alleges that "[a]s part of her return to work, [she] was supposed to be able to sit down whenever she needed to," and that Applera "pressured [her] to get orders done quickly, and [she] was seldom able to sit down." (Id., ¶ 8.) Plaintiff also alleges in her Complaint that "[o]n or about September 21, 2004, while moving about extensively and attending to multiple tasks at the same time, [she] re-injured her right ankle." (Id., ¶ 9.) Plaintiff alleges that "[t]he re-injury was quite serious, in that [her] ankle did not heal well, and she continued experiencing serious instability in her right ankle." (Id.) Plaintiff also alleges that "[t]ests performed by [her] disability insurer in or about January 2005 to evaluate [her] readiness to return to work seriously injured [her] left wrist, requiring a visit to the emergency room." (Id.)

Plaintiff contends that her "ankle condition is a physical impairment that limited her ability to perform the major life activity of work." (Id., ¶ 10.) She further alleges that "[t]he severity of [her alleged] disability required her to remain off of work for a period of time." (Id., ¶ 11.)

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

JOINT CASE MANAGEMENT STATEMENT
FIRMWIDE:85468040.1 008292.1051                    1                    CASE NO. C07-3002-MMC

Plaintiff went on leave, during which time, she contends that she presented Applera with physicians' notes in support of her requests for time off of work and regularly left telephone messages with her immediate supervisor regarding her status and the progress of her recovery. (*Id.*)

According to Plaintiff, in January 2006, her "physicians determined that she was well enough to return to work, with restrictions on the number of hours she could work, a restriction on lifting any more than 20 lbs, and a requirement that she sit down every hour for at least 10 minutes." (*Id.*, ¶ 12.) Plaintiff also alleges that she "provided defendants [sic] with a physician's note authorizing her return to work, and specifying these restrictions." (*Id.*)

Plaintiff alleges that she telephoned her supervisor, Jonathon Laosiri, to discuss her return to work, but that he did not return her calls. Plaintiff also contends that she approached Applera's Human Resources Department directly to "explain[] that she was authorized to return to work, and specifying [her] restrictions." (*Id.*, ¶ 13.)

Plaintiff contends that Applera made no effort to return Plaintiff to work until in or around May 2007 and that Applera "summarily informed Plaintiff that she could not return to work unless she either had no restrictions at all and/or could work twenty hours per week." (*Id.*, ¶ 14.) Plaintiff also alleges that she sought accommodations from Applera beginning in January 2006, but Applera refused to offer her "reasonable accommodations that that would allow her to return to work."

After Plaintiff provided additional information from her health care providers regarding her restrictions, Applera allowed Plaintiff to return to work on June 18, 2007.

Applera denies Plaintiff's material allegations. In addition, Applera contends that Plaintiff and her counsel failed to engage in the interactive process in good faith and that Plaintiff and her counsel interfered with and obstructed the interactive process. Furthermore, Applera contends that Plaintiff did not suffer any damages as a result of Applera's alleged conduct.

Plaintiff was unable to perform the essential functions of her job, and posed a significant risk of harm to herself and others in a laboratory environment where she was admittedly handling "hazardous" chemicals. Plaintiff reported to her own doctors that her ankle felt like it would give out on her even when she was standing still, and that it was too unstable to stand or walk. Plaintiff's own medical records demonstrate that she could not have performed the essential functions of her

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

JOINT CASE MANAGEMENT STATEMENT
FIRMWIDE:85468040.1 008292.1051        2.        CASE NO. C07-3002-MMC

job in a chemical laboratory environment during the period of time in which she claims Applera failed to accommodate her.

In summarizing the above, the principal facts in dispute are:

Whether Plaintiff was or is disabled, had a record of being disabled, or was regarded/perceived as disabled, within the meaning of the Fair Employment and Housing Act ("FEHA");

Whether Plaintiff made a request for accommodation in January 2006;

Whether Applera engaged in the interactive process at all in response to Plaintiff's January 2006 request for accommodation;

Whether Applera responded to any of Plaintiff's communications to it between September 2004 and January 2006;

Whether Applera engaged in the interactive process in good faith;

Whether Plaintiff engaged in the interactive process in good faith;

Whether Plaintiff interfered with and/or obstructed the interactive process;

Whether Plaintiff made a request for a reasonable accommodation;

Whether Plaintiff's alleged request for an accommodation was reasonable.;

Whether Plaintiff's alleged request for an accommodation constituted an undue hardship under the FEHA;

Whether Plaintiff requested to return to work prior to December 2006;

Whether Applera denied Plaintiff a reasonable accommodation;

Whether Applera's conduct was malicious and oppressive thereby qualifying Plaintiff for punitive damages.

Whether and to what extent Plaintiff suffered economic damages as a result of Applera's alleged conduct.

Whether Plaintiff suffered emotional injuries, and if so, whether they were because of Applera's alleged conduct, or rather, due to preexisting or concurrent causes.

### Facts – Plaintiff's View

The facts have been addressed at length in previous filings, and will therefore not be

repeated herein.

**3. Legal Issues**

Applera:

Whether Plaintiff was a qualified individual with a disability. *Green v. State of Cal.*, __ Cal. 4th __, S137770 (August 23, 2007);

Whether Plaintiff could perform the essential functions of her job, with or without reasonable accommodation. *Id.*;

Whether Defendant refused to offer Plaintiff a reasonable accommodation in violation of the FEHA. California Gov't Code § 12940(m);

Whether Defendant reasonably accommodated Plaintiff's alleged disability by granting her extended leaves of absence to recuperate instead of terminating her employment. *Id.*;

Whether Defendant or Plaintiff engaged in good faith in the interactive process. California Gov't Code § 12940(n);

Whether Plaintiff or Defendant interfered with and/or obstructed the interactive process. *Id.*;

Whether Plaintiff or Defendant's alleged interference in the interactive process legally excused or prevented the other party from engaging in the interactive process;

Whether Plaintiff's alleged proposed reasonable accommodation available constituted an undue hardship under the FEHA;

Whether Plaintiff mitigated her alleged damages;

Whether Plaintiff is entitled to recover punitive damages against Defendant. California Civil Code § 3294;

Whether Plaintiff is entitled to recover prejudgment interest against Defendant. California Civil Code §§ 3287, 3288;

Whether Plaintiff or Defendant is entitled to recover attorneys' fees. California Gov't Code § 12965(b).

Plaintiff: The facts have been addressed at length in previous filings, and will therefore not be repeated herein.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

JOINT CASE MANAGEMENT STATEMENT
FIRMWIDE:85468040.1 008292.1051            4.            CASE NO. C07-3002-MMC

**4. Motions:**

Applera: There are no pending motions before this Court. Applera intends to file a motion for summary judgment with regard to Plaintiff's claims.

Plaintiff: Plaintiff may file a motion for summary adjudication.

**5. Amendment of Pleadings**

Applera: Applera does not intend to amend any of its pleadings.

Plaintiff: This court denied plaintiff's request to file a first amended complaint.

**6. Evidence Preservation**

Applera: Defendant has suspended all document-destruction policies that could have potentially resulted in the destruction of any discoverable information pertinent to this dispute.

Plaintiff: N.A.

**7. Disclosures**

The parties have exchanged disclosures.

**8. Discovery**

Applera: Discovery is ongoing. Due to Plaintiff's counsel's unavailability for depositions of Plaintiff's sixteen medical providers that Applera has attempted to schedule for several weeks, the parties will stipulate to extend the discovery cut-off past June 6, 2008. The parties have scheduled a continued deposition of Dr. Andrew Haskell on June 16, 2008, and are in the process of rescheduling the deposition of Dr. Barry Rose, which was set for June 4, 2008 but cancelled by Plaintiff's counsel on June 3, 2008.

Plaintiff: Plaintiff's counsel has been readily available for expert depositions. Defense counsel unilaterally set the deposition of Dr. Rose (with 2 days notice) for 7:30 a.m., a time that plaintiff's counsel was not available, and in conflict with the deposition of defendant's expert, set for 10:00 a.m. on that same day. The parties have agreed to extent the expert discovery cutoff, so that both parties can complete further expert depositions.

**9. Class Actions**

Not applicable.

**10. Related Cases**

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

JOINT CASE MANAGEMENT STATEMENT
FIRMWIDE:85468040.1 008292.1051    5.    CASE NO. C07-3002-MMC

Plaintiff filed a related case in Alameda Superior Court, also naming Applera Corporation as a defendant, Alameda County Superior Court Case No. RG0838011.

**11. Relief**

Applera: According to Plaintiff's Complaint, Plaintiff seeks compensatory and general damages in an amount according to proof; punitive damages; attorneys' fees and costs; pre-judgment and post-judgment interest; and costs of suit. Defendant seeks costs of suit and attorneys' fees.

**12. Settlement and ADR**

Applera: The parties mediated this case on September 4, 2007, but were unable to reach a resolution of the dispute.

Plaintiff: In addition to mediation, the parties had two settlement conferences before Magistrate Judge Edward Chen. Defense counsel has never negotiated good faith, and has belittled and been extraordinarily rude to the plaintiff in this case.

**13. Consent to Magistrate Judge for all Purposes**

Applera: Defendant does not consent to assignment of this case to a Magistrate Judge for trial.

**14. Other References**

Applera: Defendant believes that this case is not suitable for reference to binding arbitration, a special master or the Judicial Panel on Multidistrict Litigation.

Plaintiff: N.A.

**15. Narrowing of Issues**

Applera: Defendant requests that the trial be bifurcated with respect to the issue of punitive damages.

Plaintiff: None at this time.

**16. Expedited Schedule**

This case cannot be handled on an expedited basis with streamlined procedures.

**17. Scheduling**

Applera: Trial is set to begin on September 22, 2008. Applera intends to file its Motion for Summary Judgment on June 20, 2008. Also in June 2008, Applera intends to complete its

1  deposition of Plaintiff's doctors and other medical providers. Prior to trial Applera intends to file
2  motions in limine as needed.

3    Plaintiff: Discovery is ongoing, with trial set to commence on September 22, 2008.

4  **18.  Trial**

5    Applera: Defendant contends that Plaintiff has waived her right to a jury trial. Based on the
6  information presently available to counsel for Defendant, Defendant estimates that the trial will take
7  approximately 2-4 days.

8    Plaintiff: Plaintiff's counsel estimate the trial length as 3-5 days.

9  **19.  Disclosure of Non-party Interested Entities or Persons**

10   Applera: Defendant filed its Disclosure of Non-Party Interested Entities or Persons on
11  September 7, 2007.

12  **20.  Other Matters**

13   Applera: Defendant is not aware of any other matter as may facilitate the just, speedy and
14  inexpensive disposition of this matter.

15   Plaintiff: N.A.

16

17  Dated: June 6, 2008

18

19                    /s/
                      Molly Agarwal
20                    LITTLER MENDELSON
                      A Professional Corporation
21                    Attorneys for Defendant
                      APPLERA CORPORATION
22
    Dated: June 6, 2008
23

24                    /s/
                      Maureen E. McFadden
25                    LAW OFFICES OF MAUREEN E.
                      MCFADDEN
26                    Attorney for Plaintiff
                      MEGAN KELLY
27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

JOINT CASE MANAGEMENT STATEMENT
FIRMWIDE:85468040.1 008292.1051          7.              CASE NO. C07-3002-MMC

## PROOF OF SERVICE VIA FACSIMILE & U.S. MAIL

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 650 California Street, 20th Floor, San Francisco, California 94108.2693. On June 6, 2008, I served the within document(s):

**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**

☒ by facsimile transmission on that date. This document was transmitted by using a facsimile machine that complies with California Rules of Court Rule 2003(3). The transmission was reported as complete and without error. The names and facsimile numbers of the person(s) served are as set forth below.

☒ by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at San Francisco, California addressed as set forth below.

Maureen E. McFadden
Law Offices of Maureen E. McFadden
819 Bancroft Way
Berkeley, CA 94710
Fax: 510.868.0976

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service. Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on June 6, 2008 at San Francisco, California.



Diane Jarest

Firmwide:85301873.1 008292.1051

PROOF OF SERVICE                                          Case No. C-07-03002 MMC