Maureen E. McFadden, SBN 203781
LAW OFFICES OF MAUREEN E. MCFADDEN
819 Bancroft Way
Berkeley, CA 94710
Ph (510) 845-5203
Fax (510) 868-0976

Attorney for Plaintiff
MEGAN KELLY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MEGAN KELLY,<br><br>        Plaintiff,<br><br>    vs.<br><br>APPLERA CORPORATION and DOES 1-20,<br>inclusive,<br><br>        Defendants. | Case No.: C-07-3002 MMC<br><br>**SUPPLEMENTAL DECLARATION OF<br>MAUREEN E. MCFADDEN IN SUPPORT<br>OF PLAINTIFF'S MOTION FOR<br>PARTIAL SUMMARY JUDGMENT**<br><br>Date: July 28, 2008<br>Time: 9:00 a.m.<br>Courtroom 7, 19th Floor<br>The Honorable Maxine M. Chesney |

I, Maureen E. McFadden, declare:

1.     I have personal knowledge of the facts contained within this declaration and verify that the matters alleged herein are true and correct. If called as a witness in this case, I could and would testify competently to the facts contained herein.

2.     I am an attorney licensed to practice law in the State of California, and in the Ninth Circuit Court of Appeal, and the Eastern, Northern and Central District Courts in California. I am the owner of Law Offices of Maureen E. McFadden.

3.     I am counsel for plaintiff Megan Kelly in this matter.

4.     The Table of Contents and Table of Authorities were inadvertently omitted from the memorandum of points and authorities in support of plaintiff's motion for partial summary judgment filed on June 20, 2008, and are attached hereto as Exhibit A.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct, and that this declaration was executed on this 22rd day of June, 2008, at Berkeley, California.

By: _____

Maureen E. McFadden

# EXHIBIT A

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................. ii

INTRODUCTION ...........................................................................1

STATEMENT OF ISSUES ...............................................................2

STATEMENT OF FACTS ...............................................................2

I.     Plaintiff's Ankle Condition ..................................................... 2

II.    Plaintiff's January 2006 Request for Accommodation ........................3

III.   Applera's Failure to Engage in the Interactive Process as to Plaintiff's
       January 2006 Request for Accommodation of her Disability .................4

ARGUMENT ...............................................................................6

I.     During January-February 2006, Plaintiff had a "Known Physical Disability
       Or Known Medical Condition" within the meaning of Government Code
       § 12940(n) ....................................................................7

II.    During the Time-frame January 20, 2006-February 1, 2006, Plaintiff Made
       A Request for Reasonable Accommodation, and was Willing to Participate
       in an Interactive Process with Applera .......................................9

III.   Applera Failed to Engage in a Timely, Good Faith Interactive Process in
       Response to Plaintiff's January 2006 Request for Accommodation ........9

CONCLUSION ............................................................................11

# TABLE OF AUTHORITIES

## FEDERAL CASES

Barnett v. U.S. Air, Inc.,
    228 F.3d 1105 (en banc) (vacated on other grounds) ..............................10

Beck v. University of Wis. Bd. of Regents,
    75 F.3d 1130, 1135 ................................................................10

EEOC v. E.I. Du Point de Nemours & Co.,
    480 F.3d 724,728-30 (5th Cir. 2007) ...............................................7

Taylor v. Phoenixville School District,
    184 F.3d 296 (3rd Cir. 1999) ....................................................7,10

U.S. Airways, Inc. v. Barnett,
    535 U.S. 391 (2002) ................................................................10

## STATE CASES

Faust v. California Portland Cement Co.,
    150 Cal.App.4th 864, 887 (2007) ................................................7,8

Gelfo v. Lockheed Martin Corp.,
    140 Cal.App.4th 34 (2007) ........................................................7

Jensen v. Wells Fargo Bank,
    85 Cal.App.4th 245, 266 (2000) ...................................................9

## STATE STATUTES

Cal. Govt. Code § 12926(k) .........................................................8,9

Cal. Govt. Code § 12940(n) .......................................................2,7,8,9

## FEDERAL REGULATIONS

2 C.F.C. Pt. 1630, App. § 1630.9 ...................................................10

ii

**FEDERAL RULES**

Fed. R. Civ. P. 56(d) ………………………………………………………………7

**STATE REGULATIONS**

2 Cal. Code Regs. § 7293.6(e)(1)(A)(2)(a) ……………………………………………..8

**OTHER AUTHORITIES**

CACI No. 2546 ………………………………………………………………………7