Maureen E. McFadden, SBN 203781
LAW OFFICES OF MAUREEN E. MCFADDEN
819 Bancroft Way
Berkeley, CA 94710
Ph (510) 845-5203
Fax (510) 868-0976

Attorney for Plaintiff
MEGAN KELLY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MEGAN KELLY,<br><br>Plaintiff,<br><br>vs.<br><br>APPLERA CORPORATION and DOES 1-20, inclusive,<br><br>Defendants. | Case No.: C-07-3002 MMC<br><br>**DECLARATION OF MAUREEN E. MCFADDEN IN SUPPORT OF REPLY BRIEF ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date: July 25, 2008<br>Time: 9:00 a.m.<br>Courtroom 7, 19th Floor<br>The Honorable Maxine M. Chesney |

I, Maureen E. McFadden, declare:

1. I have personal knowledge of the facts contained within this declaration and verify that the matters alleged herein are true and correct. If called as a witness in this case, I could and would testify competently to the facts contained herein.

2. I am an attorney licensed to practice law in the State of California, and in the Ninth Circuit Court of Appeal, and the Eastern, Northern and Central District Courts in California. I am the owner of Law Offices of Maureen E. McFadden.

3. I am counsel for plaintiff Megan Kelly in this matter.

4. Attached hereto as Exhibit A is a true and correct copy of the Stipulation filed in this case on April 1, 2008.

5. Attached hereto as Exhibit B is a true and correct copy of <u>Jacques v. Allstate</u> (E.D. Ca 2007) WL 3046029.

6. Plaintiff's motion for partial summary judgment was mistakenly filed with a Monday July 28. 2008 hearing date, although Judge Chesney only hears motions of this type on Fridays. The Court's clerk called me on June 23, 2008 to advise of this error, and suggested that the motion be rescheduled for Friday, June 25, 2008.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct, and that this declaration was executed on this 15th day of July, 2008, at Berkeley, California.

By: _____
Maureen E. McFadden

# EXHIBIT A

1  TYLER M. PAETKAU, Bar No. 146305
   MICHAEL G. PEDHIRNEY, Bar No. 233164
2  LITTLER MENDELSON
   A Professional Corporation
3  650 California Street, 20th Floor
   San Francisco, CA  94108.2693
4  Telephone:   415.433.1940
   tpaetkau@littler.com, mpedhirney@littler.com
5
   Attorneys for Defendant
6  APPLERA CORPORATION

7

8                   UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                      SAN FRANCISCO DIVISION

11

12 MEGAN KELLY,                        Case No.  C-07-3002 MMC (EMC)

13              Plaintiff,             STIPULATION REGARDING MEET AND
                                       CONFER ON MARCH 20, 2008 RE
14         v.                          DEFENDANT'S MOTION TO COMPEL
                                       DEPOSITION OF MAUREEN MCFADDEN
15 APPLERA CORPORATION,
                                       Date:       March 20, 2008
16              Defendant.             Time:       1:30 p.m.
                                       Courtroom:  A, 15th Floor
17                                     Judge:      Hon. Joseph A. Spero

18

19         The Court previously ordered lead counsel for the parties to this action to "meet and

20 confer" in person at the Court for the purpose of attempting to resolve the issues raised by Defendant

21 Applera Corporation's motion to compel the deposition of Plaintiff Megan Kelly's attorney,

22 Maureen McFadden. The parties' lead counsel, Maureen McFadden and Tyler M. Paetkau, met and

23 conferred in person on March 20, 2008 at the Court, and following that session reached and reported

24 to the Court (Hon. Joseph A. Spero) the following Stipulation:

25         1.    Plaintiff's pending Complaint against Defendant is deemed to allege a failure

26 by Defendant to engage in the interactive process with Plaintiff only prior to Plaintiff's counsel's

27

28

1  involvement on or about December 22, 2006, and not thereafter;

2.  In the event that the Court grants Plaintiff's pending motion to amend her Complaint on April 4, 2008, Plaintiff's counsel, Maureen McFadden, will submit a verified statement regarding all non-privileged communications she had with Defendant Applera Corporation and its agents and employees from 2006 through the end of 2007 pertaining to the interactive process or Megan Kelly's work restrictions; and

3.  Defendant Applera Corporation expressly reserves its right to move to compel the deposition of Maureen McFadden after reviewing her verified statement, and the parties expressly reserve all of their respective rights, objections and remedies with respect to Defendant's previously-filed motion to compel the deposition of Ms. McFadden.

SO STIPULATED.

Dated: March __, 2008

Please see attached
_____
Maureen McFadden
Law Offices Of Maureen E. McFadden
Attorney for Plaintiff
Megan Kelly

Dated: March 28, 2008

_____
Tyler M. Paetkau
Michael Pedhirney
Littler Mendelson, P.C.
Attorneys for Defendant
Applera Corporation

Based on the foregoing Stipulation by the parties to this action, and for good cause shown, the Court hereby adopts the parties' Stipulation as its Order.

IT IS SO ORDERED.

Dated: April 1, 2008



The Hon. Joseph A. Spero
United States Magistrate Judge

2.

STIPULATION REGARDING MEET AND CONFER ON MARCH 20, 2008 RE DEFENDANT'S MOTION TO COMPEL DEPOSITION OF MAUREEN MCFADDEN

## Chatham, Annette

**From:** maureen@mcfaddenlaw.net
**Sent:** Saturday, March 29, 2008 12:34 PM
**To:** Paetkau, Tyler M.
**Subject:** RE: Kelly v. Applera - draft Stip following meet and confer on 3/20/08

I agree to this revised version.

----- Original Message -----
From: "Paetkau, Tyler M."
To: maureen@mcfaddenlaw.net
Subject: RE: Kelly v. Applera - draft Stip following meet and confer on 3/20/08
Date: Fri, 28 Mar 2008 13:27:30 -0700

Maureen,

I've added this language and the revised Stipulation is attached. Please PDF or fax your signature page and we can take care of the e-filing.

Thanks, Tyler

**From:** maureen@mcfaddenlaw.net [mailto:maureen@mcfaddenlaw.net]
**Sent:** Friday, March 28, 2008 11:36 AM
**To:** Paetkau, Tyler M.
**Subject:** Re: Kelly v. Applera - draft Stip following meet and confer on 3/20/08

Tyler - can you please add to para 2, at end "pertaining to the interactive process or Megan Kelly's work restrictions."

----- Original Message -----
From: "Paetkau, Tyler M."
To: maureen@mcfaddenlaw.net
Subject: Kelly v. Applera - draft Stip following meet and confer on 3/20/08
Date: Tue, 25 Mar 2008 07:10:02 -0700

Maureen,

Attached for your review and edit is the draft Stipulation. Please let me or Mike Pedhirney know if you have any requested edits, or if you would like to discuss further.

Thank you for your cooperation.

Regards, Tyler


**Tyler Paetkau | Littler Mendelson, P.C.**
  The National Employment & Labor Law Firm®

3/31/2008

650 California St. | 20th Floor
San Francisco, California 94108
Direct Dial: (415) 677-3197 | Mobile: (415) 385-4972
Fax: (415) 743-6577
tpaetkau@littler.com | www.littler.com

----

To ensure compliance with requirements imposed by the IRS, we inform you that
any U.S. federal tax advice contained in this document (including any attachments
is not intended or written to be used, and cannot be used, for the purpose of (i)
avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing
or recommending to another party any transaction or matter addressed herein.

This email may contain confidential and privileged material for the sole use of t
intended recipient(s).  Any review, use, distribution or disclosure by others is
prohibited.  If you are not the intended recipient (or authorized to receive for
recipient), please contact the sender by reply email and delete all copies of thi
message.

To reply to our email administrator directly, send an email to postmaster@littler

Littler Mendelson, P.C.
http://www.littler.com

<< Stipulation Regarding Meet & Confer on March 20, 2008.doc >>


Maureen E. McFadden
Law Offices of Maureen E. McFadden
819 Bancroft Way
Berkeley, CA 94710
Ph (510)845-5203



----

To ensure compliance with requirements imposed by the IRS, we inform you that
any U.S. federal tax advice contained in this document (including any attachments)
is not intended or written to be used, and cannot be used, for the purpose of (i)
avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing
or recommending to another party any transaction or matter addressed herein.

This email may contain confidential and privileged material for the sole use of the
intended recipient(s).  Any review, use, distribution or disclosure by others is st
prohibited.  If you are not the intended recipient (or authorized to receive for th
recipient), please contact the sender by reply email and delete all copies of this
message.

To reply to our email administrator directly, send an email to postmaster@littler.c

Littler Mendelson, P.C.
http://www.littler.com

<< Stipulation Regarding Meet & Confer on March 20, 2008.doc >>


3/31/2008

Maureen E. McFadden
Law Offices of Maureen E. McFadden
819 Bancroft Way
Berkeley, CA 94710
Ph (510)845-5203

3/31/2008

# EXHIBIT B

Slip Copy, 2007 WL 3046029 (E.D.Cal.), 19 A.D. Cases 1738

Motions, Pleadings and Filings

United States District Court,
E.D. California.
Thomas **JACQUES**, Plaintiff,
v.
**ALLSTATE** INSURANCE COMPANY, et al., Defendants.
No. 2:05-cv-01994-MCE-DAD.
Oct. 18, 2007.

Stephen G. Pongratz, Beyer Pongratz and Rosen, Sacramento, CA, for Plaintiff.

Min Ho Lee, Seyfarth Shaw LLP, Los Angeles, CA, William M. Brown, Seyfarth Shaw, Sacramento, CA, for Defendants.

*MEMORANDUM AND ORDER*

MORRISON C. ENGLAND, JR., United States District Judge.

\*1 Defendant **Allstate** Insurance Company's ("**Allstate**") previous Motion for Summary Judgment was granted in part as to certain claims, but denied as to Plaintiff's claims for retaliation, failure to accommodate, and punitive damages. **Allstate** now moves this Court to reconsider its previous order, entered February 12, 2007, pursuant to Fed.R.Civ.P. 60(b) [FN1] on the grounds of an intervening change in controlling law, citing the recent California Supreme Court decision in *Green v. State*, 42 Cal.4th 254, 64 Cal.Rptr.3d 390, 165 P.3d 118, decided August 23, 2007. More specifically, Defendant moves for reconsideration of the partial denial of summary judgment on Plaintiff's claims for retaliation, failure to accommodate, and punitive damages.

FN1. Although Defendant's moving papers cite to Fed.R.Civ.P. 16(b), the Court presumes Defendant intended to move for reconsideration under Fed.R.Civ.P. 60(b).

## STANDARD

A court should be loathe to revisit its own decisions unless extraordinary circumstances show that its prior decision was clearly erroneous. *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988). This principle is generally embodied in the law of the case doctrine. That doctrine counsels against reopening questions once resolved in ongoing litigation. *Pyramid Lake Paiute Tribe of Indians v. Hodel*, 882 F.2d 364, 369 (9th Cir.1989). Nonetheless, under certain limited circumstances, the court has discretion to reconsider its prior decisions.

Fed.R.Civ.P. 60(b) enumerates the grounds upon which a motion for relief from an order or judgment may be made. It specifies that:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise

vacated, or it is no longer equitable that the judgement should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Mere dissatisfaction with the court's order, or belief that the court is wrong in its decision, are not grounds for relief under Rule 60(b).

Although not expressly provided for in the Federal Rules of Civil Procedure, a court has the inherent authority to reconsider its own orders. A motion for reconsideration is appropriate if the court (1) is presented with newly discovered evidence; (2) committed clear error or the initial decision was manifestly unjust or (3) decides that an intervening change in the controlling law occurred.

School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir.1993)

Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir.1987). To succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the Court to reverse its prior decision. See, e.g., Kern-Tulare Water District v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal.1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir.1987).

## ANALYSIS

*2 **Allstate** contends the recent Green ruling requires Plaintiff to prove he was a "qualified individual" in order to claim that Defendant has in some way violated FEHA. Because **Allstate** argues that an intervening change in the controlling law renders the prior order incorrect, their Motion to Reconsider will be treated as having been brought under Rule 60(b)(6).

This Court's previous order stated that "[u]nlike the ADA, the FEHA does not require that reasonable accommodation for disability be made only where the person is 'a qualified individual' able to perform the essential functions of the job." Order at 19, n. 2.

In Green, the court repeatedly cites California Government Code section 12940(a), countering the plaintiff's contention in that case "that the employer bears the burden to prove that a plaintiff employee is not qualified to sue under the FEHA." 42 Cal.4th at 257, 262, 264, 64 Cal.Rptr.3d 390, 165 P.3d 118. This Court's prior order, however, addresses claims made under sections 12940(m) and (n). Subdivision (m) "defines a separate and distinct unfair employment practice independent of subdivision (a). Bagatti v. Dep't of Rehabilitation, 97 Cal.App.4th 344, 361, 118 Cal.Rptr.2d 443 (2002); Order at 19, n. 2. Subdivision (n) "provides an independent basis for liability," distinct from subdivision (a). Gelfo, 140 Cal.App.4th at 61, 43 Cal.Rptr.3d 874; Order at 19.

Subdivision (a) prohibits an employer from discharging or refusing to hire any person due to reasons of physical disability (among others), except where the employee is unable to perform the essential duties even with reasonable accommodations. This provision carries the implicit requirement that an employee must show that he is a "qualified individual" capable of performing his essential duties in order to avoid the permitted employer action of termination or hiring refusal. In addition to placing the burden of proof as to the qualification on the plaintiff, this is the essential holding of Green. See Green, 42 Cal.4th at 267, 64 Cal.Rptr.3d 390, 165 P.3d 118.

Subdivision (m) of section 12940 mandates that the employer make reasonable accommodations for the employee. Subdivision (n) requires an employer to "engage in a timely, good faith, interactive process with the employee or applicant to determine effective reasonable accommodations, if any," upon the request of an employee with a known physical condition. An employer's duty under subdivision (m) "is inextricably linked" to its duty under subdivision (n). Gelfo, 140 Cal.App.4th at 61, 43 Cal.Rptr.3d 874. An employer must therefore "determine the extent of the individual's limitations, before an individual may be deemed unable to work." Id. Requiring a plaintiff to show that they are a qualified individual in order to seek relief for the employer's failure to engage in the interactive process runs counter to the demand of subdivision (n), which dictates a proactive interchange between employer and employee. Before a discharge or refusal to hire occurs, and thus before the basis for a potential claim arises, the employer must earnestly communicate with the employee to determine qualification. Id.

*3 It does not follow that an employer may successfully defend its failure to comply with subdivisions (m) and (n) of section 12940 by asserting, long after the required bilateral dialogue should have occurred, that the employee was not a qualified individual.

Indeed, in Gelfo, the defendant's argument, that "an employer owes no duty to engage in a 'futile' discussion" with an employee "to whom no duty of reasonable accommodation is or will be owed," was expressly rejected because of the essential nature of the interactive process in accomplishing the goals underlying FEHA.[FN2] Id. As a matter of policy, it is difficult to contemplate that the California Legislature would have valued sparing employers the relatively low cost of engaging in a "discussion" over the much more substantial costs of potentially denying an entire class of employees job opportunities for a lack of otherwise reasonable accommodations. Therefore, it is not likely that the holding in Green was intended to impose a "qualified individual" requirement on actions brought under subdivisions (m) and (n) of section 12940.

FN2. The distinction between an employee that is "known" to be disabled per section 12940(m)-(n) and one that is "merely 'regarded as' " disabled per the discussion in Gelfo is not at issue in this case.

Further, in contrast to the numerous citations to subdivision (a), the Green court discusses subdivision (m) of section 12940 in only one paragraph of the entire opinion, and then only to state that the Bagatti holding (which this Court previously relied on) "provide[s] little guidance on the qualification issue because it involved a cause of action for the failure to accommodate under section 12940 subdivision (m)." Green, 42 Cal.4th at 265, 64 Cal.Rptr.3d 390, 165 P.3d 118. Indeed, the appellate court decision reviewed in Green commented that "the parties focused solely on the discrimination claim" pursuant to subdivision (a).

Green v. State, 33 Cal.Rptr.3d 254, 264 (2005), rev'd, 42 Cal.4th 254, 64 Cal.Rptr.3d 390, 165 P.3d 118 (2007). Subdivision (n) of section 12940 is not specifically addressed by the Supreme Court's opinion.

Finally, Green makes no express effort to overrule, disapprove, or otherwise negate the above cited precedents, nor those cited in the prior Order. In fact, the court begins its analysis by claiming that "California cases ... [have] nearly unanimously presumed plaintiffs must prove ... that they are qualified individuals under the FEHA in order to prevail." Green, 42 Cal.4th at 260, 64 Cal.Rptr.3d 390, 165 P.3d 118. The contrasting opinions of Bagatti and Gelfo regarding subdivisions (m) and (n) of section 12940 provide further indication that the Supreme Court did not intend to address failure to accommodate claims in Green.

Therefore, although the holding in Green contains generalizations such as "we conclude that under the FEHA, a plaintiff must demonstrate that he or she was qualified

for the position sought or held," *Id.* at 267, 64 Cal.Rptr.3d 390, 165 P.3d 118, given the court's exclusive treatment of subdivision (a) of section 12940, with no mention of any other part save the one paragraph dismissing the relevance of subdivision (m), it is far from clear that the ruling extends to the entire section. Accordingly, this Court finds that it did not commit clear error in its previous ruling, that no intervening change in the controlling law occurred, and that the reasons presented do not justify relief from the operation of its judgment.

## CONCLUSION

**\*4** Based on the foregoing, **Allstate's** Motion for Reconsideration is DENIED.

IT IS SO ORDERED.

E.D.Cal.,2007.
**Jacques** v. **Allstate** Ins. Co.
Slip Copy, 2007 WL 3046029 (E.D.Cal.), 19 A.D. Cases 1738

Motions, Pleadings and Filings (Back to top)

• 2007 WL 4439050 (Verdict, Agreement and Settlement) Stipulated Dismissal With Prejudice (Oct. 29, 2007)
• 2007 WL 4439047 (Trial Motion, Memorandum and Affidavit) Plaintiff's Trial Brief (Oct. 22, 2007)
• 2007 WL 4439049 (Trial Motion, Memorandum and Affidavit) Defendant Allstate Insurance Company's Trial Brief (Oct. 22, 2007)
• 2007 WL 4439046 (Trial Motion, Memorandum and Affidavit) Allstate Insurance Company's Reply In Support of Its Motions In Limine to Exclude Evidence (Oct. 15, 2007)
• 2007 WL 4439042 (Trial Motion, Memorandum and Affidavit) Plaintiff's Opposition to Defendant Allstate's Motion In Limine to Exclude Evidence (Oct. 9, 2007)
• 2007 WL 4439043 (Trial Motion, Memorandum and Affidavit) Defendant Allstate Insurance Company's Opposition to Plaintiff's Motion In Limine to Exclude the Amount of Short-term and Long-term Disability Benefits Paid to Plaintiff (Oct. 9, 2007)
• 2007 WL 4439044 (Trial Motion, Memorandum and Affidavit) Defendant Allstate Insurance Company's Opposition to Plaintiff's Motion In Limine to Exclude the Amount of Social Security Disability Benefits Paid to Plaintiff (Oct. 9, 2007)
• 2007 WL 4439045 (Trial Motion, Memorandum and Affidavit) Defendant Allstate Insurance Company's Opposition to Plaintiff's Motion In Limine to Exclude the Amount of State Disability Benefits Paid to Plaintiff (Oct. 9, 2007)
• 2007 WL 4439039 (Trial Motion, Memorandum and Affidavit) Motion In Limine to Exclude Evidence of Amount of State Disability Payments Paid to Plaintiff (Oct. 1, 2007)
• 2007 WL 4439040 (Trial Motion, Memorandum and Affidavit) Motion In Limine to Exclude Evidence of Amount of Social Security Disability Payments Paid to Plaintiff (Oct. 1, 2007)
• 2007 WL 4439041 (Trial Motion, Memorandum and Affidavit) Motion In Limine to Exclude Evidence of Amount of Private Short-term and Long-term Disability Payments Paid to Plaintiff (Oct. 1, 2007)
• 2007 WL 4439038 (Trial Motion, Memorandum and Affidavit) Plaintiff's Request for Oral Argument and Sur-reply to Defendant Allstate's Motion for Reconsideration of the Court's Order Following Motion for Summary Judgment (Sep. 26, 2007)
• 2007 WL 4439037 (Trial Motion, Memorandum and Affidavit) Defendant Allstate Insurance Company's Reply to Plaintiff Thomas Jacques' Opposition to Motion for Reconsideration (Sep. 25, 2007)

- 2007 WL 4439036 (Trial Motion, Memorandum and Affidavit) Plaintiff's Opposition to Defendant Allstate's Motion for Reconsideration of the Court's Order Following Motion for Summary Judgment (Sep. 19, 2007)
- 2007 WL 4439035 (Trial Motion, Memorandum and Affidavit) Defendant Allstate Insurance Company's Notice of Motion and Motion for Reconsideration of the Court's Order Following Motion for Summary Judgment (Sep. 10, 2007)
- 2007 WL 3325789 (Expert Report and Affidavit) Declaration of George Mclaughlin in Support of Plaintiff's Opposition to Allstate's Motion in Limine to Preclude Evidence Relating to Plaintiff's Alleged Lost Earnings (May 8, 2007)
- 2007 WL 1591397 (Trial Motion, Memorandum and Affidavit) Motion in Limine to Exclude Evidence of Amount of Social Security Disability Payments Paid to Plaintiff (Apr. 23, 2007) Original Image of this Document (PDF)
- 2007 WL 1591398 (Trial Motion, Memorandum and Affidavit) Motion in Limine to Exclude Evidence of Amount of State Disability Payments Paid to Plaintiff (Apr. 23, 2007) Original Image of this Document (PDF)
- 2007 WL 1591399 (Trial Motion, Memorandum and Affidavit) Motion in Limine to Exclude Evidence of Amount of Private Short-Term and Long-Term Disability Payments Paid to Plaintiff (Apr. 23, 2007) Original Image of this Document (PDF)
- 2007 WL 1591400 (Trial Motion, Memorandum and Affidavit) Defendant Allstate Insurance Company's Motion in Limine to Exclude Evidence (Apr. 23, 2007)
- 2007 WL 669694 (Trial Motion, Memorandum and Affidavit) Plaintiff Thomas Jacques' Memorandum of Points and Authorities in Surreply to Reply of Defendant Re: Motion for Summary Judgment; Response to Defendant's Objections to Evidence (Jan. 5, 2007)
- 2006 WL 4008058 (Partial Expert Testimony) Deposition of Julie K. Baur, D.O. Wednesday, December 6, 2006 (Dec. 6, 2006)
- 2006 WL 4008057 (Expert Report and Affidavit) Expert Witness Report (Nov. 27, 2006)
- 2006 WL 4757046 (Trial Filing) Plaintiff Thomas Jacques' Second Amended Expert Witness Disclosure Statement (Fed.R.Civ.P. 26(a)(2)) (Nov. 10, 2006)
- 2006 WL 3861437 (Expert Report and Affidavit) Expert Witness Report of George McLaughlin, MBA / CEA (Nov. 8, 2006)
- 2006 WL 4008055 (Expert Report and Affidavit) Expert Witness Report of George McLaughlin, MBA / CEA November 8, 2006 (Nov. 8, 2006)
- 2006 WL 4008056 (Expert Report and Affidavit) Expert Witness Report of George McLaughlin, Mba /Cea November 8, 2006 (Nov. 8, 2006)
- 2006 WL 4757044 (Trial Filing) Defendant Allstate Insurance Company's Disclosure of Expert Witnesses Pursuant to Fed.R.Civ.P. Rule 26(a)(2) (Oct. 10, 2006)
- 2006 WL 4757045 (Trial Filing) Plaintiff Thomas Jacques's Expert Witness Disclosures (Oct. 10, 2006)
- 2:05cv01994 (Docket) (Sep. 30, 2005)
- 2005 WL 5176677 (Expert Report and Affidavit) (Report or Affidavit of James S. Stoody, M.D.) (Jan. 10, 2005)
- 2004 WL 5203221 (Expert Report and Affidavit) (Report or Affidavit of James S. Stoody, M.D.) (Dec. 13, 2004)

END OF DOCUMENT