Maureen E. McFadden, SBN 203781
LAW OFFICES OF MAUREEN E. MCFADDEN
819 Bancroft Way
Berkeley, CA 94710
Ph (510) 845-5203
Fax (510) 868-0976

Attorney for Plaintiff
MEGAN KELLY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MEGAN KELLY,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>APPLERA CORPORATION and DOES 1-20, inclusive,<br><br>　　　　Defendants. | Case No.: C-07-3002 MMC<br><br>**ERRATA TO REPLY BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date: July 25, 2008<br>Time: 9:00 a.m.<br>Courtroom 7, 19th Floor<br>The Honorable Maxine M. Chesney<br><br>**ORAL ARGUMENT REQUESTED** |

Page 4 of the reply brief in support of plaintiff's motion for partial summary judgment does not appear in the version of this document appearing on the Court's website. Accordingly, a complete copy of the reply brief previously filed (with page 4 included) is attached hereto.

DATED: July 18, 2008              LAW OFFICES OF MAUREEN E. MCFADDEN

　　　　　　　　　　　　　　　　　　By: _____
　　　　　　　　　　　　　　　　　　　　Maureen E. McFadden

　　　　　　　　　　　　　　　　　　Attorney for Plaintiff
　　　　　　　　　　　　　　　　　　MEGAN KELLY

Maureen E. McFadden, SBN 203781
LAW OFFICES OF MAUREEN E. MCFADDEN
819 Bancroft Way
Berkeley, CA 94710
Ph (510) 845-5203
Fax (510) 868-0976

Attorney for Plaintiff
MEGAN KELLY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MEGAN KELLY,<br><br>    Plaintiff,<br><br>vs.<br><br>APPLERA CORPORATION and DOES 1-20, inclusive,<br><br>    Defendants. | Case No.: C-07-3002 MMC<br><br>**REPLY BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date: July 25, 2008<br>Time: 9:00 a.m.<br>Courtroom 7, 19th Floor<br>The Honorable Maxine M. Chesney<br><br>**ORAL ARGUMENT REQUESTED** |

## I. INTRODUCTION

Applera's opposition focuses on issues that are irrelevant to this motion. By way of example, the majority of Applera's motion is focused on Megan Kelly's condition in late 2006 and throughout 2007, when this motion is specifically limited to Applera's failure to engage in the interactive process in good faith in response to plaintiff's January 2006 request for accommodation, AND counsel have stipulated that Megan Kelly's interactive process claim in this lawsuit is limited to the period prior to plaintiff's counsel's involvement. By way of further example, Applera claims that plaintiff was not a qualified injured worker, which is irrelevant to a failure to engage in the interactive process in good faith claim under FEHA. Applera also raises several other "red herring" issues, each of which will be specifically addressed herein.

Because Applera failed to raise any triable issues of material fact, Plaintiff Megan Kelly is entitled to partial summary judgment on each of the following issues:

(1) That plaintiff had a "known physical disability or known medical condition" within the meaning of Govt. Code § 12940(n), during January 2006;

(2) That plaintiff made a request for reasonable accommodation, and was willing to participate in an interactive process with Applera, in January 2006;

(3) That Applera failed to engage in a timely, good faith interactive process in response to plaintiff's January 2006 request for accommodation.

## II. APPLERA'S FACTS PERTAINING TO LATE 2006-2007 ARE IRRELEVANT TO THIS MOTION

Plaintiff's motion for partial summary judgment is specifically directed at Applera's failure to engage in the interactive process in good faith <u>as to plaintiff's January 2006 request for accommodation</u>. Applera spends many pages and attaches countless exhibits pertaining to plaintiff's purported medical condition in late 2006-2007, and Applera's alleged attempts to engage in the interactive process in late 2006-2007. Even assuming arguendo plaintiff's medical condition was an issue in late 2006, and that Applera had actually made some effort to engage in the interactive process with plaintiff in late 2006-2007, neither of these supposed "facts" has any bearing on Applera's liability for failing to engage in the interactive process in response to plaintiff's January 2006 request for accommodation. The undisputed facts show that on or about January 30, 2006, Applera (through Lazar) refused to accommodate the work restrictions from plaintiff's physician, and that no interactive process of any kind took place prior to Applera's rejection of those work restrictions. Applera's next communication to plaintiff was an October 30, 2006 letter from Mr. Lazar telling her that the company was going to terminate her!

Applera's post October 2006 conduct in no way cures its wrongful and discriminatory conduct in responding to plaintiff's January 2006 request for accommodation.

Moreover, the parties in this case have stipulated that plaintiff's failure to engage in the interactive process in good faith claim is limited to the January 2006 request for accommodation, and specifically does not include any events subsequent to the involvement of plaintiff's counsel. (See April 1, 2008 Stipulation, a copy of which is attached as Exhibit A to the accompanying declaration of Maureen E. McFadden) The Court should simply ignore as irrelevant to this motion any references in Applera's opposition to either plaintiff's medical condition, or any conduct on Applera's part, from the late 2006-2007 time-frame.

### III. PLAINTIFF DOES NOT NEED TO PROVE SHE WAS A "QUALIFIED INDIVIDUAL WITH A DISABILITY" TO PREVAIL ON HER INTERACTIVE PROCESS CLAIM

Applera's opposition cites almost exclusively federal law, including numerous references to the ADA, in support of its claim that plaintiff must prove she was a "qualified individual with a disability." Plaintiff sued for Applera's failure to engage in the interactive process in good faith ONLY pursuant to FEHA, Govt. Code § 12940(n), and not under the ADA. As the ADA and FEHA have different standards on this issue, only FEHA and interpretive authority of FEHA should be considered on this point.

California's Supreme Court made crystal clear in Green v. State of California (2007) 42 Cal.4th 254 that as to disability discrimination claims under Govt. Code 12940(a), the plaintiff must prove that she was a qualified individual able to perform the essential functions of the job as part of her prima facie case. However, Green v. State of California does not require the plaintiff to prove she was a qualified individual with a disability for failure to engage in the interactive process claims under Govt. Code § 12940(n). A recent case interpreting Green v.

State of California thoroughly analyzes this issue. In Jacques v. Allstate (E.D. CA Oct. 18, 2007) WL 3046029[1], an employer brought a motion for reconsideration as to the denial of its motion for summary judgment on failure to accommodate and failure to engage in the interactive process claims under FEHA, based on a purported change in intervening law pursuant to the Green v. State of California case. The Jacques court had ruled in connection with the summary judgment motion that "unlike the ADA, the FEHA does not require that reasonable accommodation for disability only be made where the person is 'a qualified individual' able to perform the essential functions of the job" Id. at *2.

After exhaustively analyzing the issue, the Jacques court determined that the California Supreme Court in Green v. State of California DID NOT INTEND to "impose a qualified individual requirement on actions brought under subdivisions (m) and (n) of section 12940," and that "It does not follow that an employer may successfully defend its failure to comply with subdivisions (m) and (n) of section 12940 by asserting, long after the required bilateral dialogue should have occurred, that the employee was not a qualified individual." Id. at *3. Based on the sound analysis in Jacques v. Allstate, this Court should reject Applera's claim that plaintiff must prove she was a qualified individual with a disability in connection with her failure to engage in the interactive process in good faith claim.

IV.   **PLAINTIFF'S MOTION IS NOT PROCEDURALLY DEFECTIVE**

Applera absurdly claims that because plaintiff filed a re-notice of motion for partial summary judgment on June 23, 2008, for a July 25, 2008 hearing date, the entire motion is untimely in that it was not filed by the Court's June 20, 2008 MSJ deadline, and it gave Applera less than 35 days notice of the July 25, 2008 hearing. First, it was the Court that suggested

---

[1] A copy of this case is attached as Exhibit B to the accompanying declaration of Maureen E. McFadden

moving the hearing to July 25, 2008. (Declaration of Maureen E. McFadden ¶ 6) Second, Applera ignores the fact that the motion was filed in its entirety on June 20, 2008, and mistakenly noticed for June 28, 2008 rather than June 25, 2008. Applera had the entire motion on the Court's June 20, 2008 deadline, which was within the 35 day notice period. The fact that the hearing date changed from a Monday to the previous Friday does not render the entire motion procedurally defective. Moreover, Applera has made no showing of how this slight change in date made any difference whatsoever to it. Applera's claim that plaintiff's motion was procedurally defective should be denied.

## V. APPLERA HAS NOT CONTESTED ANY OF THE MATERIAL FACTS ENTITLING PLAINTIFF TO AN AWARD OF PARTIAL SUMMARY JUDGMENT

A party opposing summary judgment must demonstrate a genuine issue of material fact on all matters as to which it has the burden of proof. Lake Nacimiento Ranch Co. v. San Luis Obispo (9th Cir. 1987) 841 F.2d 872, 876. Simply arguing that the moving party's declarations are "self-serving" will not avoid summary judgment. Asserting "mere allegations or denials" will also not prevent summary judgment. Gasaway v. Northwestern Mut. Life Ins. Co. (9th Cir. 1994) 26 F.3d 957. Applera has not met its burden of proof in opposition plaintiff's motion for partial summary judgment.

### A. Applera Failed to Contest that Plaintiff had a "known physical disability of known medical condition" within the meaning of Govt. Code § 12940(n) during January 2006

Applera did not and cannot contest this issue. The facts presented by plaintiff, including that she had been out on an extended leave of absence from Applera for her ankle condition for several years, and that in January 2006 she told both HR Direct and her supervisor, Jonathon Laosori, of her doctor's precise work restrictions for returning to work, are well supported by

deposition testimony and legal authority. Because Applera failed to introduce any triable issues of material fact on this issue, it should be adjudicated in plaintiff's favor.

### B. Applera Failed to Contest that Plaintiff made a Request for Reasonable Accommodation, and was Willing to Participate in an Interactive Process with Applera, in January 2006

Applera's bald claims ( pg 6 of opposition brief) that Megan Kelly had no desire to return to work in January 2006, and that Applera has no record of Ms. Kelly advising of her status and that she wanted to work muse be disregarded as without any factual or evidentiary support. Specifically, plaintiff's moving papers provided evidence that (according to Lazar) HR Direct received a phone call from plaintiff in late January 2006, in which she read her restrictions into the voice mail, and indicated her desire to return to work. Plaintiff also produced HR's "ticket", which documented plaintiff's January 2006 call to the company. Plaintiff also provided deposition testimony as to Jonathon Laosiri's receipt of a phone call from plaintiff, and his knowledge of plaintiff's January 2006 work restrictions. None of these facts were contested by Applera. While Applera goes on and on about the fact that it may not have had a copy of the actual January 2006 doctor's note from Ms. Kelly's physician, since Applera admits that it knew plaintiff's exact work restrictions as specified in the doctor's note, and further admits that no one from Applera ever asked her for the actual note, this is completely irrelevant. Because Applera has failed to identify any triable issues of material fact as the fact that plaintiff requested a reasonable accommodation in January 2006, and was willing to engage in an interactive process, this issue should be adjudicated in plaintiff's favor.

### C. Applera Didn't Identify any Triable Issue of Material Fact as to its Failure to Engage in a Timely, Good Faith Interactive Process in Response to Plaintiff's January 2006 Request for Accommodation

Applera unbelievably claims that it engaged in the interactive process in response to

plaintiff's January 2006 request for accommodation by <u>allowing her to stay out on leave</u>. Because there is no legal support for this position, this issue must be adjudicated in plaintiff's favor. Plaintiff's moving papers set forth in some detail the requirements of an interactive process. Among other things, there must be communication between the employer and employee, and a genuine and specific consideration of potential accommodations for the employee. In this case, that never happened. The uncontested evidence presented by plaintiff shows that she communicated her January 2006 work restrictions to both Laosiri and HR Direct, and that the next communication she received from the company was the call from Lazar, telling her the company could not accommodate her work restrictions. In or around January 2006, the company's own doctor opined that a fitness for duty exam should be performed on plaintiff, to evaluate her ability to return to work. The company's failure to have this exam performed is simply inexcusable, regardless of whether or not plaintiff had filed a workers' compensation claim. As a matter of law, Applera did not engage in an timely good faith interactive process with plaintiff in response to her January 2006 request for accommodation. This issue must be adjudicated in plaintiff's favor.

## VI. **CONCLUSION**

Based on the foregoing argument and authority, and on such further argument and authority as may be presented at the time of the hearing of this matter, plaintiff respectfully requests that the Court issue partial summary judgment in her favor as follows:

- During January 2006, plaintiff Megan Kelly had a "known physical disability or known medical condition" within the meaning of Govt. Code § 12940(n);
- During January 2006, plaintiff Megan Kelly made a request for reasonable accommodation, and was willing to participate in an interactive process with Applera;

- Applera failed to engage in a timely, good faith interactive process in response to plaintiff's January 2006 request for accommodation.

DATED: July 15, 2008

LAW OFFICES OF MAUREEN E. MCFADDEN

By: _____
Maureen E. McFadden

Attorney for Plaintiff
MEGAN KELLY

REPLY BRIEF IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT    8