IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEGAN KELLY, | No. C-07-3002 MMC |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT; VACATING HEARING** |
| v. | |
| APPLERA CORPORATION, | |
| Defendant / | |

Before the Court is plaintiff Megan Kelly's Motion for Partial Summary Judgment, filed June 20, 2008. Defendant Applera Corporation has filed opposition, to which plaintiff has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision on the papers, VACATES the hearing scheduled for July 25, 2008, and rules as follows.

By the instant motion, plaintiff seeks a ruling from the Court that she is entitled to judgment in her favor on the following three issues: (1) "whether plaintiff had a 'known physical disability or known medical condition' within the meaning of [California] Govt. Code § 12940(n), during January 2006"; (2) "whether plaintiff made a request for reasonable accommodation, and was willing to participate in an interactive process with [defendant], in January 2006"; and (3) "whether [defendant] failed to engage in a timely, good faith interactive process in response to plaintiff's January 2006 request for

accommodation." (See Pl.'s Mot. at 2:2-9.)[1]

Under § 12940(n) of the California Government Code ("FEHA"), "[i]t shall be an unlawful employment practice, unless based on a bona fide occupational qualification, . . . [f]or an employer . . . to fail to engage in a timely, good faith, interactive process with an employee or applicant to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee or applicant with a known physical or mental disability or known medical condition." See Cal. Gov't Code § 12940(n).

**A. Known Physical Disability**

Plaintiff asserts it is undisputed that defendant, in January 2006, knew plaintiff had a physical disability. Under FEHA, a "physical disability" includes a "physiological" condition that "affects" the "musculoskeletal system" and "makes achievement of a major life activity difficult." See Cal. Gov't Code § 12926(k). "Working" in a "particular employment" is a "major life activity." See Cal. Gov't Code § 12926.1(c).

Plaintiff offers evidence that, in September 2004, she "re-injured [her] ankle," and that, as a result, she was "taken off work." (See Kelly Decl. ¶ 2.)[2] Plaintiff also offers evidence that defendant was aware of such injury. (See McFadden Decl. Ex. L at D00077.) Plaintiff further offers evidence that "[f]rom September 21, 2004 through mid-January 2006," her physicians required her "to remain off of work due to [her] ankle condition," (see Kelly Decl. ¶ 3), that she received "disability" payments from Unum Provident ("Unum") during such period, (see id. ¶ 3), and that Unum advised defendant as to the period of time for which plaintiff was to be "off work" and of plaintiff's eligibility for benefits under a "salary continuance program," (see McFadden Decl. Ex. D at 185-86.) The above evidence, if undisputed, is sufficient to support a finding that defendant knew, in

---

[1] To the extent defendant argues the motion is procedurally deficient and untimely, the Court disagrees.

[2] In her complaint, plaintiff describes the ankle injury as a sprain. (See Compl. ¶ 9.) Defendant does not dispute that, under the circumstances presented, a sprain is a disability.

2

January 2006, that plaintiff had a "physiological" condition that "affected" her "muscoloskeletal" system and that such condition made performance of her "particular employment" with defendant "difficult."

In opposition, defendant offers no evidence to support a finding it was not aware, in January 2006, that plaintiff had a physical disability. Rather, defendant argues, plaintiff has not shown it is undisputed that plaintiff could, in January 2006, perform, with or without reasonable accommodation, each essential duty of her position with defendant. Although defendant is correct that plaintiff has not made such a showing, plaintiff does not seek a finding that the issue identified by defendant is undisputed.

Accordingly, plaintiff's motion will be granted to the extent plaintiff seeks summary adjudication in her favor on the first issue identified in plaintiff's motion.

**B.  Request for Accommodation**

Plaintiff argues it is undisputed that, in January 2006, she made a request to defendant for an accommodation for her disability and that she was willing to participate in an interactive process.

The obligation of an employer to engage in an interactive process is "triggered by an employee or the employee's representative giving notice of the employee's disability and the desire for accommodation." See Jensen v. Wells Fargo Bank, 85 Cal. App. 4th 245, 261 (2001).[3] Here, it is undisputed that plaintiff, in January 2006, advised defendant's Human Resources department ("HR") by telephone that, according to her physician, she could work a "modified schedule" of three days a week, four hours each day, with requirements that she sit every hour for ten minutes and not lift over twenty pounds. (See Kelly Decl. ¶ 6; Al-Shaikh Decl. Ex. A; McFadden Decl. Ex. F at 187:6-13, Ex. 2 thereto; Agarwal Decl. Ex 3 at 91:20-25, 194:18-195:1.) A "reasonable accommodation" can include a "part-time or modified work schedule." See Cal. Gov't Code § 12926(n)(2).

---

[3] At the time plaintiff made her request in January 2006, she had been on leave for approximately sixteen months, and, consequently, there is no dispute that defendant had notice of plaintiff's claimed disability.

1  Consequently, plaintiff's request for a modified schedule was sufficient to give notice to
2  defendant of her desire for accommodation.[4]  See Jensen, 85 Cal. App. 4th at 261.
3         Standing alone, however, a request for a particular accommodation does not as a
4  matter of law demonstrate a willingness to engage in an "interactive" process, which
5  requires more than a unilateral demand.  See id. (describing interactive process as
6  requiring, inter alia, "good faith exploration of possible accommodations") (internal
7  quotation and citation omitted); see also CACI No. 2546 (listing as separate elements
8  request for accommodation and willingness to participate in interactive process).[5]
9         Accordingly, with respect to the second issue identified in plaintiff's motion, summary
10 adjudication will be granted in plaintiff's favor to the extent such issue is described as
11 "whether plaintiff made a request for reasonable accommodation."
12 **C. Failure to Engage In Interactive Process In Good Faith**
13         Plaintiff argues it is undisputed that after she notified defendant, in January 2006, of
14 her request for reasonable accommodation, "there was no interactive process at all."  (See
15 Pl.'s Mot. at 10:23-24.)  Accordingly, plaintiff argues, she is entitled to a finding that, as a
16 matter of law, defendant failed to participate in the interactive process in good faith.
17         After an employee with a known disability requests a reasonable accommodation,
18 "[e]ach party must participate in good faith, undertake reasonable efforts to communicate
19 its concerns, and make available to the other information which is available, or more
20 accessible, to one party."  See Gelfo v. Lockheed Martin Corp., 140 Cal. App. 4th 34, 62 n.
21 22 (2006).
22         In support of her motion, plaintiff relies on her declaration, in which she states that

---

[4] By such finding, the Court makes no determination as to whether the specific accommodation requested by plaintiff was reasonable or that defendant was obligated to provide such accommodation.  Although, as defendant points out, plaintiff has not established that, as a matter of law, defendant was obligated to provide plaintiff with the specific accommodation requested in January 2006, plaintiff does not seek such a finding by the instant motion.

[5] Additionally, it is not clear that such willingness is an element of plaintiff's cause of action.  Compare CACI No. 2546 with BAJI No. 12.12.6.)

4

1  after she made her January 2006 request, the only response she received was a telephone
2  call from Stefan Lazar ("Lazar"), defendant's Leave of Absence Coordinator, advising
3  plaintiff she could not return to work unless she could work 20 hours without restrictions or
4  40 hours with restrictions.  (<u>See</u> Kelly Decl. ¶ 8.)  Plaintiff denies having any other contact
5  with defendant concerning her January 2006 request.  (<u>See</u> <u>id.</u>)

6        In opposition, defendant relies on the following evidence, which the Court finds is
7  sufficient to create a triable issue of fact as to whether defendant engaged in a good faith
8  interactive process in January 2006.

9        First, defendant offers evidence that plaintiff interacted with a person other than
10  Lazar.  Specifically, defendant offers evidence that plaintiff and Jonathan Laosiri ("Laosiri"),
11  plaintiff's supervisor, had a telephone conversation about her limitations.  According to
12  Laosiri, plaintiff advised him of restrictions differing from those she identified to HR; in
13  particular, plaintiff stated she "could not walk or drive on her own," to which Laosiri
14  responded that he would need to talk to defendant's "safety people" about whether such
15  limitations could be accommodated.  (<u>See</u> Agarwal Decl. Ex. 4 at 90:22-91:14; 92:6-9.)

16        Second, defendant relies on evidence that, upon receipt of plaintiff's request,
17  defendant undertook an internal analysis to determine if it could provide the specific
18  accommodations requested.  (<u>See</u>, <u>e.g.</u>, <u>id.</u> Ex. 4 at 93-94 (Laosiri's testimony that he
19  contacted defendant's "safety" personnel, because of his concern that plaintiff's inability to
20  walk on her own presented "safety issue," as plaintiff's position involved "dealing with
21  flammable materials"); <u>id.</u> Ex. 5 (Lazar's testimony that he and Laosiri discussed topics of
22  "safety, the physical restrictions, the time factor" with respect to plaintiff's request);
23  McFadden Decl. Ex. L at D00077 (email from employee in defendant's "Environmental
24  Health & Safety" department, noting plaintiff "needs to be able to walk" because "the work
25  is time dependent (certain things have to be done at certain times, [e.g.], when an
26  instrument is done with a run it must be unloaded)").)

27        Third, defendant offers evidence that, after it determined plaintiff's proposed
28  accommodations would pose "safety" concerns, it decided to offer, and did offer, plaintiff a

1 different accommodation, specifically, allowing her to remain on leave, under which leave
2 plaintiff could continue "receiving her benefits from Unum and receiving her full benefit
3 package at no cost to her." (See Agarwal Decl. Ex. 5 at 214:24-215:7, 229:24-230:5.)
4 "Holding a job open for a disabled employee who needs time to recuperate or heal" may
5 itself constitute "a form of reasonable accommodation." See Jensen, 85 Cal. App. 3d at
6 264.

Accordingly, plaintiff's motion will be denied to the extent plaintiff seeks summary adjudication in her favor on the third issue identified in plaintiff's motion.

## CONCLUSION

For the reasons stated above, plaintiff's motion is hereby GRANTED in part and DENIED in part, as follows:

1. The motion is GRANTED to the extent plaintiff seeks adjudication in her favor on the following issues:

   a. Whether plaintiff had a known physical disability or known medical condition within the meaning of § 12940(n) during January 2006; and

   b. Whether plaintiff made a request for reasonable accommodation in January 2006.

2. In all other respects, the motion is DENIED.

**IT IS SO ORDERED.**

Dated: July 23, 2008

MAXINE M. CHESNEY
United States District Judge